## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Hearing Date: March 26, 2020, at 10:00 am. (ET)** |
|  | ) | **Objection Deadline:  March 19, 2020, at 4:00 p.m. (ET)** |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING FILING THE COMPLAINT UNDER SEAL

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to file the *Complaint*, filed concurrently herewith, in its entirety, under seal (the "Complaint"), pursuant to (i) sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Court's *Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "Settlement Order"), entered on May 21, 2018 [Docket No.

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

266], and (v) the Settlement Agreement (as defined in the Settlement Order) [Docket No. 266, Exh. A],[2].  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.        Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(b), the Settlement Order, and the Settlement Agreement.

## BACKGROUND

4.        On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions* [Docket No. 6] and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. 5], each filed on March 12, 2018.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Settlement Agreement.

26126173.7

5.      On September 3, 2019, the Court appointed Judge Christopher S. Sontchi, as the replacement mediator (the "Mediator"), to mediate the parties' disputes arising under the Settlement Agreement [Docket No. 890].

6.      The Debtors filed the Complaint to preserve estate claims before the expiration of applicable statutory deadlines.  The Debtors do not intend to prosecute the Complaint at this point. Instead, the Debtors intend to work with the Defendants regarding a schedule for the Defendants to answer or otherwise respond to the Complaint (the "Answer Deadline") and the appropriate manner in which to conduct litigation of the Complaint in light of the ongoing monetization process under the Settlement Agreement, the other adversary proceeding pending in these cases, and actions that are subject to pending requests to transfer to this Court.  To that end, the Debtors intend to propose an extension of the Answer Deadline for at least an additional thirty (30) days while these discussions are ongoing.

7.      The Complaint asserts, among other things, certain claims and causes of action against Lynn Tilton and various Patriarch Stakeholders, and Ms. Tilton is one of the joint participants in the monetization process.  The Complaint contains information that may impact the monetization process in a material way.  In light of the foregoing, the Debtors have consulted with the Mediator, and he recommended in the first instance that the Debtors file the Complaint, in its entirety, under seal pursuant to paragraph twenty-three (23) of the Settlement Agreement, subject to the Court's ultimate determination of the merits of the Debtors' request to seal the Complaint. Therefore, to protect the monetization process, the Debtors submit that the Complaint should be sealed in its entirety while the monetization process is ongoing.

26126173.7

## RELIEF REQUESTED

8.      By this Motion, the Debtors request entry of the Proposed Order authorizing the

Debtors to file the Complaint, in its entirety, under seal until the conclusion of the Monetization

Process.  In addition, the Debtors request that the Complaint not be made available to anyone other

than the Defendants named in the Complaint, the Office of the United States Trustee for the District

of Delaware, Ankura Trust Company, LLC (in its capacity as the New Agent and new Collateral

Manager under the Settlement Agreement) ("Ankura"), U.S. Bank, and the other parties to the

Settlement Agreement (the Patriarch Stakeholders, MBIA, and the Zohar III Controlling Class),

and each of their respective advisors, except as ordered by the Court.

## BASIS FOR RELIEF REQUESTED

9.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)      protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or
>
> (2)      protect a person with respect to scandalous or defamatory
> matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions"

of the Bankruptcy Code.  11 U.S.C. § 105(a).

10.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for

relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own

initiative, with or without notice, the court may make any order which justice requires (1) to protect

the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

11.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application."  *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court *must* grant the requested relief (or such other relief that protects the moving party)." (emphasis added)).

12.     Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection.  *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage.  *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).  Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors."  *Id* (internal quotation marks).  Instead, a party seeking the protection of section 107(b) need only demonstrate that the information is

"confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

13.    The Debtors submit that certain information contained in the Complaint satisfies one of the categories in section 107(b) of the Bankruptcy Code because such information is non-public, confidential "commercial information" that merits protection under section 107(b). Specifically, the Complaint includes allegations related to and sensitive information regarding the Debtors and their Portfolio Companies which, if disclosed, could seriously impact the Debtors' ability to implement the monetization process and achieve the best value in monetizing the Debtors' assets.[3]  As noted by the Court in *Borders Group*, sealing is appropriate where disclosure of the information would have a "chilling effect on business negotiations, ultimately affecting the viability of Debtors." 462 B.R. at 47.  This Court is well aware, and has observed itself, that the parties must move apace with the process for monetizing the Portfolio Companies.  That is to say that the "viability" of these (liquidating) Debtors and their chapter 11 cases is dependent on successful sales of the Portfolio Companies.  And that is the Debtors' focus at this stage of these cases.

14.    Were the contents of the Complaint to be made publicly available at this stage of these cases, it would risk undermining the consummation of critical business transactions and otherwise may risk damaging the Debtors' ability to maximize the value of their assets for the benefit of all stakeholders.  The Mediator recognized this and has determined that the Debtors should request the Complaint be filed, in its entirety, under seal pursuant to paragraph twenty-three (23) of the Settlement Agreement, subject to the Court's ultimate determination of the merits of

---

[3]  Moreover, the Court has previously recognized the confidential, commercial nature of these cases and has ordered protection of the confidential information of the Portfolio Companies.  *See Order Pursuant to 11 U.S.C. § 107(B) and Fed. R. Bankr. P. 2015.3(E) and 9018 Prohibiting Filing of Portfolio Company Financial Information in Bankruptcy Reporting* [Docket No. 518].

the Debtors' request to seal the Complaint.  The Debtors further submit that filing the Complaint under seal will not cause undue prejudice to any parties in interest.  Importantly, the instant request is one of limited duration (*i.e.*, that the Complaint remain under seal only while the monetization process is ongoing).  It is the Debtors' expectation that when the monetization process concludes, the Complaint will be unsealed.[4]

15.     For the reasons set forth above, the Debtors submit that good cause exists for the Court to grant the relief requested herein and that approval of this Motion is necessary and appropriate.

**NOTICE**

16.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; and (vi) all parties that, as of the filing of this Motion, have requested notice in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

---

[4] Certain aspects of the Complaint may disclose confidential commercial information of the Portfolio Companies or the Defendants.  The Debtors and other parties will have the opportunity to seek the sealing of that specific information and all rights are reserved with respect to any more targeted sealing request.

26126173.7

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Proposed Order authorizing the Debtors to file the Complaint under seal, and

(b) grant the Debtors such other and further relief as is just.

Dated: March 9, 2020           YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                                 */s/ Ryan M. Bartley*
                                 James L. Patton, Jr. (No. 2202)
                                 Robert S. Brady (No. 2847)
                                 Michael R. Nestor (No. 3526)
                                 Joseph M. Barry (No. 4421)
                                 Ryan M. Bartley (No. 4985)
                                 Shane M. Reil (No. 6195)
                                 Rodney Square
                                 1000 North King Street
                                 Wilmington, Delaware 19801
                                 Telephone: (302) 571-6600
                                 Facsimile: (302) 571-1253

                                 *Counsel to the Debtors and Debtors in Possession*

26126173.7