## **EXHIBIT A**

Redacted Public Version of Sealed Second Amended Answer [Adv. Docket No. 188]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| ZOHAR CDO 2003-1, LIMITED; ZOHAR II 2005-1, LIMITED; and ZOHAR III, LIMITED; ZOHAR II 2005-1, CORP.,<br><br>               Plaintiffs,<br><br>          -against-<br><br>PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LIMITED; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VIII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON,<br><br>          Defendants, and<br><br>180S, INC.; BLACK MOUNTAIN DOORS, LLC; CROSCILL HOME, LLC; DURO TEXTILES, LLC; GLOBAL AUTOMOTIVE SYSTEMS, LLC; HERITAGE AVIATION, LTD.; INTREPID U.S.A., INC.; IMG HOLDINGS, INC.; JEWEL OF JANE, LLC; MOBILE ARMORED VEHICLES, LLC; | Adversary No. 20-50534 (KBO)<br><br><br>**JURY TRIAL DEMANDED** |

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds" or the "Funds") (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

SCAN-OPTICS, LLC; SILVERACK, LLC;
STILA STYLES, LLC; SNELLING STAFFING,
LLC; VULCAN ENGINEERING, INC; and
XPIENT SOLUTIONS, LLC,

            Nominal Defendants.

PATRIARCH PARTNERS VIII, LLC;
PATRIARCH PARTNERS XIV, LLC;
PATRIARCH PARTNERS XV, LLC;
OCTALUNA LLC; OCTALUNA II LLC;
OCTALUNA III LLC; PATRIARCH
PARTNERS AGENCY SERVICES, LLC; and
PATRIARCH PARTNERS, LLC,

            Counterclaim and Third-
            Party Claimants,

        -against-

ZOHAR CDO 2003-1, LIMITED; ZOHAR CDO
2003-1, CORP.; ZOHAR II 2005-1, LIMITED;
ZOHAR II 2005-1, CORP.; ZOHAR III,
LIMITED; ZOHAR III, CORP.,

            Counterclaim and Third-
            Party Defendants.

## DEFENDANTS' SECOND AMENDED ANSWER TO THE CORRECTED SECOND AMENDED COMPLAINT AND DEFENDANTS' AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Dated: June 18, 2022

**COLE SCHOTZ P.C.**
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117 3
npernick@coleschotz.com
ddean@coleschotz.com
preilley@coleschotz.com

ii

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Max Tanner (Admitted Pro Hac Vice)
Vikram Shah (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com
mtanner@shertremonte.com
vshah@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Phoenix VIII, LLC, Octaluna LLC, Octaluna II LLC, Octaluna III LLC, Ark II CLO 2001-1, Ltd., Ark Investment Partners II, LP, Ark Angels VIII, LLC, Patriarch Partners Management Group, LLC, and Patriarch Partners Agency Services, LLC*

iii

Defendants Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, Ltd.; Ark Investment Partners II, LP; Ark Angels VIII, LLC; Patriarch Partners Management Group, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton (collectively, the "Defendants") [2], by and through their counsel, hereby submit this answer to Plaintiffs' Corrected Second Amended Complaint (the "Answer"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). [3]

### **INTRODUCTION**[4]

1.      Defendants [5] deny the allegations set forth in Paragraph 1 of the SAC, except admit that the Zohar Funds were unique; admit that the Zohar Funds were structured by Ms. Tilton and managed by the Patriarch Managers; admit that the Zohar Funds made investments in various Portfolio Companies; and admit that Ms. Tilton served as director or manager of the Portfolio Companies.

2.      Defendants deny the allegations set forth in Paragraph 2 of the SAC.

3.      Defendants deny the allegations set forth in Paragraph 3 of the SAC.

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Corrected Second Amended Complaint. D.I. 171 ("Corrected Second Amended Complaint" or "SAC").

[3] Defendants do not consent to entry of a final order or judgment by this Court.

[4] For the avoidance of doubt, Defendants deny any content in the headings or otherwise not part of numbered paragraphs, and any footnotes not specifically referenced in the responses herein.

[5] Defendants respond collectively to the allegations in the Corrected Second Amended Complaint but, to the extent any allegation or claim is directed at specific defendant or defendants, such response should be construed as a response on behalf of the particular defendant or defendants to whom the allegation is directed.

4.      Defendants deny the allegations set forth in Paragraph 4 of the SAC, except admit that the Zohar Funds were disregarded entities for tax purposes and that in 2016, the Zohar Funds' preference shareholders filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as an "association taxable as a corporation."

5.      Defendants deny the allegations set forth in Paragraph 5 of the SAC, except admit that certain declaratory judgment actions were filed on November 13, 2017 and refer the Court to the filings therein for their complete and accurate contents; and further admit that on November 13, 2017, Ms. Tilton, in her capacity as manager, executed certain written consents and refer the Court to those documents for their complete and accurate contents.

6.      Defendants deny the allegations set forth in Paragraph 6 of the SAC, except admit that on or about March 10 and 11, 2018 certain phantom equity agreements were executed, state that Ms. Tilton agreed to subordinate any payments thereunder to the Zohar Funds' noteholders, and refer the Court to the Phantom Equity Agreements for their complete and accurate contents.

7.      Defendants deny the allegations set forth in Paragraph 7 of the SAC, except state that, after a two-week evidentiary hearing, in a thorough post-hearing written decision, the SEC Administrative Law Judge dismissed each of the SEC's claims, including claims regarding Ms. Tilton's alleged manipulation of a financial test required under the Indentures, and further state that the SEC did not appeal that decision.

8.      Defendants deny the allegations set forth in Paragraph 8 of the SAC

9.      Defendants deny the allegations set forth in Paragraph 9 of the SAC.

10.      Paragraph 10 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 10 of the SAC.

## PARTIES

11.      Paragraph 11 of the SAC defines the term Zohar Funds, to which no response to required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 11 of the SAC.

12.      Defendants deny the allegations set forth in Paragraph 12 of the SAC, except admit that each Zohar Fund raised capital and made investments in companies through their collateral managers.

13.      Defendants admit the allegations set forth in Paragraph 13 of the SAC.

14.      Defendants admit the allegations set forth in Paragraph 14 of the SAC.

15.      Defendants admit the allegations set forth in Paragraph 15 of the SAC.

16.      Defendants admit the allegations set forth in Paragraph 16 of the SAC.

17.      Defendants admit the allegation set forth in Paragraph 17 of the SAC.

18.      Defendants admit the allegations set forth in Paragraph 18 of the SAC, except deny that Ms. Tilton raised all the outside investments.

19.      Defendants deny the allegations set forth in Paragraph 19 of the SAC, except state that Ms. Tilton is the manager or director of the referenced entities, and further state that the allegation of "control" set forth in the second sentence of Paragraph 19 of the SAC states a legal conclusion to which no response is required.

20.      The allegations set forth in Paragraph 20 of the SAC define the term Patriarch Managers, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 20 of the SAC.

21.     Defendants admit the allegations set forth Paragraph 21 of the SAC, except state that the allegation of "control" set forth in the second sentence of Paragraph 21 of the SAC states a legal conclusion to which no response is required.

22.     Defendants admit the allegations set forth in Paragraph 22 of the SAC.

23.     Defendants admit the allegations set forth in Paragraph 23 of the SAC.

24.     Defendants admit the allegations set forth in Paragraph 24 of the SAC.

25.     The allegations set forth in Paragraph 25 of the SAC define the term Octaluna Entities, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 25 of the SAC.

26.     Defendants deny the allegations set forth in Paragraph 26 of the SAC, except admit that the Octaluna Entities own the preferred stock of the Zohar Funds; admit that Ms. Tilton is the manager and ultimate indirect owner of the Octaluna Entities; and state that the allegation of "control" set forth in Paragraph 26 of the SAC states a legal conclusion to which no response is required.

27.     Defendants deny that Octaluna I holds certain Class A-3 Notes issued by Zohar I, and admit the remaining allegations set forth in Paragraph 27 of the SAC.

28.     Defendants admit the allegations set forth in Paragraph 28 of the SAC.

29.     Defendants admit the allegations set forth in Paragraph 29 of the SAC.

30.     Defendants deny the allegations set forth in Paragraph 30 of the SAC.

31.     Defendants admit the allegations set forth in the first sentence of Paragraph 31 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 31 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner and manager of Patriarch Partners

57772/0001-43303530v1

and state that the allegation of "control" set forth in the second sentence of Paragraph 31 of the SAC states a legal conclusion to which no response is required.

32.     Defendants admit the allegations set forth in the first sentence of Paragraph 32 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 32 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner and director of Ark II, and state that the allegation of "control" set forth in the second sentence of Paragraph 32 of the SAC states a legal conclusion to which no response is required.

33.     Defendants admit the allegations set forth in the first sentence of Paragraph 33 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 33 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner of the majority interest in AIP.

34.     Defendants admit the allegations set forth in the first sentence of Paragraph 34 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 34 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner and manager of Ark VIII and state that the allegation of "control" set forth in the second sentence of Paragraph 34 of the SAC states a legal conclusion to which no response is required.

35.     Defendants admit the allegations set forth in the first sentence of Paragraph 35 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 35 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner of 99% of Phoenix VIII and serves as its manager, and state that the allegation of "control" set forth in the second sentence of Paragraph 35 of the SAC states a legal conclusion to which no response is required.

36.     Defendants admit the allegations set forth in the first sentence of Paragraph 36 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 36, except admit that Ms. Tilton is the manager of PPMG and state that the allegation of "control" set forth

in the second sentence of Paragraph 36 of the SAC states a legal conclusion to which no response is required.

37.     Defendants deny the allegations set forth in Paragraph 37 of the SAC, except admit that PPAS is a Delaware limited liability company with its principal place of business in New York, New York, and that Ms. Tilton is the ultimate indirect owner and manager of PPAS and state that the allegation of "control" set forth in the second sentence of Paragraph 37 of the SAC states a legal conclusion to which no response is required.

38.     Defendants deny the allegations set forth in Paragraph 38 of the SAC, except admit that FSAR Holdings, Inc. is a Delaware corporation and that it was the sole member of PDP, a California limited liability company; admit that Ms. Tilton was a manager of Performance Designed Products, LLC; admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of FSAR Holdings, Inc.; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding FSAR Holdings, Inc.'s and PDP's principal places of business; state that the allegation of "control" set forth in the fourth sentence of Paragraph 38 of the SAC states a legal conclusion to which no response is required; and refer the Court to the order authorizing the sale of Zohar II's interests in FSAR Holdings, Inc. for its complete and accurate contents.

39.     Defendants deny the allegations set forth in Paragraph 39 of the SAC, except admit that RM Acquisition is a Delaware limited liability company; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business; admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interest in RM Acquisition

6

recorded in the Zohar Funds' names, and refer the Court to the order authorizing the sale of the Zohar Funds' interests in RM Acquisition for its complete and accurate contents.

40.     Defendants deny the allegations set forth in Paragraph 40 of the SAC, except admit that 180s, Inc. is a Delaware corporation; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business; admit that the Zohar Funds are creditors of 180s, Inc.; and admit that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of 180s, Inc. equity recorded in Zohar II's name.

41.     Defendants deny the allegations set forth in Paragraph 41 of the SAC, except admit that Croscill Home, LLC is a Delaware limited liability company; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business; and admit that commencing as of March 21, 2020, and only after that date, Zohar III was recognized as the beneficial owner of the membership interests in Croscill Home, LLC recorded in Zohar III's name.

42.     Defendants deny the allegations set forth in Paragraph 42 of the SAC, except admit that Intrepid U.S.A., Inc. is a Minnesota corporation; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business; and admit the allegations set forth in the second, third, fourth and fifth sentences of Paragraph 42 of the SAC; except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

43.     Defendants deny the allegations set forth in Paragraph 43 of the SAC, except admit that IMG Holdings, Inc. is a Delaware corporation; deny knowledge or information sufficient to

form a belief as to the truth or accuracy of the allegation regarding its principal place of business; admit that the Zohar Funds are creditors of IMG Holdings, Inc.; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of IMG Holding, Inc.

44.    Defendants deny the allegations set forth in Paragraph 44 of the SAC, except admit that Snelling Staffing, LLC is a Delaware limited liability company; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business; admit that Snelling Holdings, LLC was a member of Snelling Staffing, LLC; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

45.    Defendants deny the allegations set forth in Paragraph 45 of the SAC, except admit that Scan-Optics, LLC is a Delaware limited liability company; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Scan-Optics, LLC recorded in the Zohar Funds' names.

46.    Defendants deny the allegations set forth in Paragraph 46 of the SAC, except admit that Vulcan is an Alabama corporation with its principal place of business in Alabama; admit that Zohar II is a creditor of Vulcan; and admit that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of Vulcan Engineering Co. equity recorded in Zohar II's name.

47.     Defendants deny the allegations set forth in Paragraph 47 of the SAC, except admit that Zohar HA, LLC is a Delaware limited liability company, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business.

48.     Defendants deny the allegations set forth in Paragraph 48 of the SAC, except admit that Heritage Aviation is a Texas limited partnership; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business; and admit that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of the Heritage Aviation partnership interests recorded in Zohar II's name.

49.     Defendants deny the allegations set forth in Paragraph 49 of the SAC, except admit that Snelling Holdings, LLC is a Delaware limited liability company; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

50.     Defendants deny the allegations set forth in the first sentence of Paragraph 50 of the SAC, except admit that Zohar Healthcare, LLC, is a Delaware limited liability company, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business. Defendants admit the allegations set forth in the second and third sentences of Paragraph 50 of the SAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

57772/0001-43303530v1

51.    Defendants deny the allegations set forth in Paragraph 51 of the SAC, except admit that GAS is a Delaware limited liability company with its principal place of business in Michigan; state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the common membership interests in GAS recorded in the Zohar Funds' names; admit that Ms. Tilton was the original Manager of GAS; and admit that Ms. Tilton resigned as Manager and CEO of GAS on March 21, 2020 but subsequently rescinded her resignation and was reappointed as GAS's Manager and CEO.

52.    Defendants deny the allegations set forth in Paragraph 52 of the SAC, except admit that Stila is a Delaware limited liability company, formed on April 15, 2009; admit that Stila has a place of business in California; admit that commencing as of March 21, 2020, and only after that date, Zohar III was recognized as the beneficial owner of the common membership interests in Stila recorded in the Zohar Funds' names; and admit that Ms. Tilton resigned as Manager and CEO of Stila on March 21, 2020 but subsequently rescinded her resignation and was reappointed as Stila's Manager and CEO.

53.    Defendants deny the allegations set forth in Paragraph 53 of the SAC, except admit the allegations set forth in the first, second and third sentences of Paragraph 53 of the SAC; admit that the Status Quo Order prohibits Kevin Carey from acting or purporting to act on behalf of Stila in any way; and refer the Court to the pleadings in the suit and the Status Quo Order for their complete and accurate contents.

54.    Defendants deny the allegations set forth in Paragraph 54 of the SAC, except admit that Black Mountain Doors, LLC (f/k/a American Doors, LLC) is a Delaware limited liability company; that it is no longer operating; that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of membership interests in Black

10

Mountain Doors, LLC recorded in the Zohar Funds names; that Ms. Tilton was the manager of Black Mountain Doors LLC until her resignation; and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Black Mountain Doors, LLC has not had a manager since Ms. Tilton's resignation.

55.    Defendants deny the allegations set forth in Paragraph 55 of the SAC, except admit that Duro Textiles, LLC is a Delaware limited liability company; that it is no longer operating; and that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of certain membership interests in Duro Textiles, LLC recorded in Zohar II's name.

56.    Defendants deny the allegations set forth in Paragraph 56 of the SAC, except admit that Jewel of Jane, LLC is a Delaware limited liability company; that it is no longer operating;  that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of the membership interests in Jewel of Jane, LLC recorded in Zohar II's name; that Ms. Tilton was the manager of Jewel of Jane, LLC until her resignation; and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Jewel of Jane, LLC has not had a manager since Ms. Tilton's resignation.

57.    Defendants deny the allegations set forth in Paragraph 57 of the SAC, except admit that Mobile Armored Vehicles, LLC (f/k/a PVI Acquisition, LLC) is a Delaware limited liability company; that it is no longer operating; that commencing as of March 21, 2020, and only after that date, Zohar III was recognized as the beneficial owner of the membership interests in Mobile Armored Vehicles, LLC recorded in Zohar III's name; that Ms. Tilton was the manager of Mobile Armored Vehicles, LLC until her resignation; and deny knowledge or information sufficient to

form a belief as to the truth or accuracy of the allegation that Mobile Armored Vehicles, LLC has not had a manager since Ms. Tilton's resignation.

58.    Defendants deny the allegations set forth in Paragraph 58 of the SAC, except admit that Silverack, LLC is a Delaware limited liability company; that it is no longer operating; that commencing as of March 21, 2020, and only after that date, Zohar I and Zohar III were recognized as the beneficial owners of the membership interests in Silverack, LLC recorded in Zohar I and Zohar III's names; admit that Ms. Tilton was the manager of Silverack, LLC until her resignation; and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Silverack, LLC has not had a manager since Ms. Tilton's resignation.

59.    Defendants deny the allegations set forth in Paragraph 59 of the SAC, except admit that Xpient Solutions, LLC is a Delaware limited liability company; that it is no longer operating; and that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Xpient Solutions, LLC recorded in Zohar I and Zohar II's names.

60.    Paragraph 60 of the SAC defines the term Corporation Portfolio Company Litigants, to which no response to required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 60 of the SAC.

61.    Paragraph 61 of the SAC defines the terms LLC Portfolio Company Litigants and Portfolio Company Litigants, to which no response to required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 61 of the SAC.

62.    Defendants deny the allegations set forth in Paragraph 62 of the SAC.

57772/0001-43303530v1

63.     Paragraph 63 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 63 of the SAC.

64.     Defendants admit that Ms. Tilton is the sole Manager of Stila and GAS.

65.     Defendants deny the allegations set forth in Paragraph 65 of the SAC.

66.     The allegations set forth in the first and third sentences of Paragraph 66 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in the first and third sentences of Paragraph 66 of the SAC. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 66 of the SAC.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 67 of the SAC.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 68 of the SAC.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 69 of the SAC.

## **JURISDICTION AND VENUE**

70.     Paragraph 70 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70 of the SAC.

71.     Paragraph 71 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 71 of the SAC.

13

72.     The allegations set forth in the first and second sentences of Paragraph 72 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in the first and second sentences of Paragraph 72 of the SAC. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the third sentence of Paragraph 72 of the SAC. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Defendants further state that they do not consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

73.     Defendants admit the allegations set forth in Paragraph 73 of the SAC.

74.     Defendants admit the allegations set forth in Paragraph 74 of the SAC.

75.     Defendants deny the allegations set forth in Paragraph 75 of the SAC, except admit that successful rehabilitation of a Portfolio Company would provide value to the Zohar Funds.

76.     Defendants admit the allegations set forth in Paragraph 76 of the SAC.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the first sentence in Paragraph 77 of the SAC. Defendants admit the allegations set forth in the second sentence of Paragraph 77 of the SAC.

78.     Defendants admit the allegations set forth in Paragraph 78 of the SAC.

79.     Paragraph 79 of the SAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

14

80.     Paragraph 80 of the SAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

81.     Paragraph 81 of the SAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

82.     Paragraph 82 of the SAC purports to characterize the CMAs and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

83.     Defendants admit the allegations set forth in Paragraph 83 of the SAC.

84.     Defendants deny the allegations set forth in Paragraph 84 of the SAC.

85.     Defendants deny the allegations set forth in the first two sentences of Paragraph 85 of the SAC, except admit that the Patriarch Managers caused the Zohar Funds to make loans to the Portfolio Companies using funds raised from investors, and state that the allegation of "control" set forth in the first sentence of Paragraph 85 of the SAC states a legal conclusion to which no response is required. Defendants admit the allegations set forth in the third sentence of Paragraph 85 of the SAC.

86.     Defendants deny the allegations set forth in Paragraph 86 of the SAC, except admit that Ms. Tilton's investment strategy for the Zohar Funds included obtaining control over the Portfolio Companies through investments and improving the operations of the Portfolio Companies to increase their value.

87.     Defendants deny the allegations set forth in Paragraph 87 of the SAC, except admit that Ms. Tilton, as manager or director of the Portfolio Companies, actively managed the Portfolio Companies and provided input on major operating decisions; admit that she hired and fired senior employees; admit that she served as CEO of some Portfolio Companies; and admit that she was the sole manager of Portfolio Companies that are LLCs.

57772/0001-43303530v1

88.     Defendants deny the allegations set forth in Paragraph 88 of the SAC, except state that the allegation of "control" states a legal conclusion to which no response is required.

89.     Defendants deny the allegations set forth in the first and second sentences of Paragraph 89 of the SAC, except admit that Ms. Tilton is the ultimate indirect owner of PPAS; admit that PPAS provides agency services to lenders; and admit that PPAS was the administrative agent under the loan agreements between the Zohar Funds and the Portfolio Companies; and state that the allegation of "control" set forth in the first sentence of Paragraph 89 of the SAC states a legal conclusion to which no response is required. Defendants admit the allegations set forth in the third sentence of Paragraph 89 of the SAC.

90.     Defendants deny the allegations set forth in Paragraph 90 of the SAC, except admit that Ms. Tilton indirectly owns 99% of PPMG; admit that PPMG provided services to the Portfolio Companies pursuant to the PPMG Agreements; and state that the allegation of "control" set forth in the first sentence of Paragraph 90 of the SAC states a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 90 of the SAC purport to characterize the PPMG Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

91.     Defendants admit the allegations set forth in Paragraph 91 of the SAC.

92.     Paragraph 92 of the SAC purports to characterize the "applicable insuring agreements" between MBIA and certain Zohar Funds and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

93.     Paragraph 93 of the SAC purports to characterize the Zohar III Indenture and no response is required. Defendants refer the Court to that document for its complete and accurate contents.

16

94.     Defendants admit the allegations set forth in Paragraph 94 of the SAC, and refer the Court to the Indentures, CMAs, and CAAs for their complete and accurate contents. Defendants further state that the allegations set forth in the footnotes to Paragraph 94 of the SAC consist of definitions or legal conclusions to which no response is required.

95.     The allegations set forth in Paragraph 95 of the SAC, including the footnote, purport to characterize the Indentures and CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

96.     The allegations set forth in Paragraph 96 of the SAC, including the footnote, purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

97.     The allegations set forth in Paragraph 97 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

98.     Defendants deny the allegations set forth in Paragraph 98 of the SAC, except admit that Ms. Tilton was the ultimate decisionmaker on all investment decisions for the Zohar Funds; and state that the allegation of "control" set forth in Paragraph 98 of the SAC states a legal conclusion to which no response is required.

99.     The allegations set forth in the first sentence of Paragraph 99 of the SAC state legal conclusions to which no response is required. To the extent a response is required to the first sentence of Paragraph 99 of the SAC, Defendants admit those allegations. The remaining allegations set forth in Paragraph 99 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

100.     The allegations set forth in Paragraph 100 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

57772/0001-43303530v1

101.    The allegations set forth in Paragraph 101 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

102.    The allegations set forth in Paragraph 102 of the SAC state legal conclusions to which no response is required or purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 102 of the SAC.

103.    The allegations set forth in Paragraph 103 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

104.    The allegations set forth in Paragraph 104 of the SAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

105.    The allegations set forth in the first sentence of Paragraph 105 of the SAC, including the footnote, purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 105 of the SAC.

106.    Defendants admit the allegations set forth in Paragraph 106 of the SAC, except deny that the Zohar Funds received equity interests in the obligors.

107.    Defendants admit the allegations set forth in Paragraph 107 of the SAC.

108.    Defendants deny the allegations set forth in the first sentence of Paragraph 108 of the SAC, except admit that MD Helicopters is a Portfolio Company. Defendants admit the allegations set forth in the second sentence of Paragraph 108 of the SAC. Defendants deny the allegations set forth in the third sentence of Paragraph 108 of the SAC, except admit that the Zohar Funds' initial investments in MD Helicopters were made in July 2005; and admit that commencing

as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity in MD Helicopters recorded in the Zohar Funds' names. Defendants deny the allegations set forth in the fourth sentence of Paragraph 108 of the SAC, except admit that the Ark Entities made loans to and received equity interests in MD Helicopters.

109.    Defendants admit the allegations set forth in Paragraph 109 of the SAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity in MD Helicopters recorded in the Zohar Funds' names.

110.    Defendants admit the allegations set forth in the first sentence of Paragraph 110 of the SAC. Defendants deny the allegations set forth in the second and third sentences of Paragraph 110 of the SAC, except refer the Court to the MD Stockholders Agreement and any amendments thereto for their complete and accurate contents.

111.    Defendants admit the allegations set forth in Paragraph 111 of the SAC.

112.    Defendants admit the allegations set forth in Paragraph 112 of the SAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain membership interests in Rand Acquisition and refer the Court to the Rand Acquisition operating agreement for its complete and accurate contents.

113.    Defendants admit the allegations set forth in Paragraph 113 of the SAC.

114.    Defendants admit the allegations set forth in the first, fourth and sixth sentences of Paragraph 114 of the SAC. Defendants deny the remaining allegations set forth in Paragraph 114 of the SAC, except admit that Stila was formed on April 15, 2009; admit that Ms. Tilton signed the Stila operating agreement and refer the Court to that agreement for its complete and accurate contents; and admit that Zohar III was the sole record member of Stila and holder of Series A Preferred interests in the amount of $3.5 million.

115.    Defendants admit the allegations set forth in the first sentence of Paragraph 115 of the SAC. Defendants deny the allegations set forth in the second sentence of Paragraph 115 of the SAC, except admit that Ms. Tilton resigned as Manager and CEO of Stila on March 21, 2020 and later rescinded her resignation and was reappointed as Stila's Manager and CEO.

116.    Defendants admit the allegations set forth in Paragraph 116 of the SAC.

117.    Defendants deny the allegations set forth in Paragraph 117 of the SAC, except admit that Ms. Tilton was appointed as manager and/or board member of the Portfolio Companies; admit that Ms. Tilton served as CEO of certain Portfolio Companies, including MD Helicopters, Stila, Dura Automotive and GAS; and admit the allegations set forth in the footnote to Paragraph 117 of the SAC.

118.    Defendants admit the allegations set forth in the first, second and third sentences of Paragraph 118 of the SAC. Defendants deny the remaining allegations set forth in Paragraph 118 of the SAC, except admit that the tax attributes ultimately made their way to Ms. Tilton.

119.    Defendants deny the allegations set forth in Paragraph 119 of the SAC, except admit that the Octaluna Entities were the beneficial owners of the equity in the Portfolio Companies listed in the Zohar Funds' names; admit that the Ark Entities have invested directly in the Portfolio Companies; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in the Zohar Funds' names.

120.    Defendants deny the allegations set forth in Paragraph 120 of the SAC.

121.    Defendants deny the allegations set forth in Paragraph 121 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

122.    Defendants deny the allegations set forth in Paragraph 122 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

123.    Defendants deny the allegations set forth in Paragraph 123 of the SAC, except admit that certain Portfolio Companies have entered into bankruptcy and that certain Portfolio Companies were shuttered.

124.    Defendants deny the allegations set forth in Paragraph 124 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

125.    Defendants deny the allegations set forth in Paragraph 125 of the SAC, except refer the Court to the noteholder reports for their complete and accurate contents.

126.    Defendants deny the allegations set forth in Paragraph 126 of the SAC, except refer the Court to the noteholder reports for their complete and accurate contents.

127.    Defendants deny the allegations set forth in Paragraph 127 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

128.    Defendants deny the allegations set forth in Paragraph 128 of the SAC, including in the footnote, except refer the Court to the SEC Decision for its complete and accurate contents.

129.    Defendants deny the allegations set forth in Paragraph 129 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

130.    Defendants deny the allegations set forth in Paragraph 130 of the SAC.

131.    Defendants deny the allegations set forth in Paragraph 131 of the SAC.

132.    Defendants deny the allegations set forth in Paragraph 132 of the SAC.

133.    Defendants deny the allegations set forth in Paragraph 133 of the SAC.

134.    Defendants deny the allegations set forth in Paragraph 134 of the SAC.

135.    Defendants deny the allegations set forth in Paragraph 135 of the SAC.

57772/0001-43303530v1

136.     Defendants deny the allegations set forth in Paragraph 136 of the SAC, except refer the Court to the referenced documents for their complete and accurate contents and state that the allegation of "control" set forth in first sentence of Paragraph 136 of the SAC states a legal conclusion to which no response is required.

137.     Defendants deny the allegations set forth in Paragraph 137 of the SAC, except refer the Court to the LLC Agreements for their complete and accurate contents.

138.     The allegations set forth in Paragraph 138 of the SAC purport to describe or summarize the LLC Agreements and the May 2011 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

139.     Defendants deny the allegations set forth in Paragraph 139 of the SAC.

140.     Defendants deny the allegations set forth in Paragraph 140 of the SAC.

141.     Defendants deny the allegations set forth in Paragraph 141 of the SAC, except admit the Zohar Funds executed certain amendments to the LLC Agreements in or around September 2015 and refer the Court to those documents for their complete and accurate contents.

142.     Defendants deny the allegations set forth in Paragraph 142 of the SAC, including the footnote, except refer the Court to the September 2015 Amendments for their complete and accurate contents.

143.     The allegations set forth in Paragraph 143 of the SAC purport to characterize the September 2015 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

144.     The allegations set forth in Paragraph 144 of the SAC purport to characterize the September 2015 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

145.    Defendants deny the allegations set forth in Paragraph 145 of the SAC, except admit that Ms. Tilton signed the September 2015 Amendments.

146.    Defendants deny the allegations set forth in Paragraph 146 of the SAC, except admit the Zohar Funds granted proxies at certain Portfolio Companies in September 2015 and refer the Court to those documents for their complete and accurate contents.

147.    Defendants deny the allegations set forth in Paragraph 147 of the SAC, except refer the Court to the September 2015 Proxies and September 2015 Amendments for their complete and accurate contents.

148.    The allegations in Paragraph 148 of the SAC purport to characterize the September 2015 Proxies. Defendants refer the Court to those documents for their complete and accurate contents.

149.    Defendants deny the allegations set forth in Paragraph 149 of the SAC, except admit that the Zohar Funds amended Credit Agreements with the Portfolio Companies and refer the Court to those documents for their complete and accurate contents.

150.    The allegations set forth in Paragraph 150 of the SAC purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

151.    The allegations set forth in Paragraph 151 of the SAC purport to characterize the Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

152.    The allegations set forth in Paragraph 152 of the SAC, including the footnotes, purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

153.    Defendants deny the allegations set forth in Paragraph 153 of the SAC, including the footnote, except insofar as the allegations in this Paragraph purport to characterize the Credit Agreement Amendments, Defendants refer the Court to those documents for their complete and accurate contents.

154.    The allegations set forth in Paragraph 154 of the SAC purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

155.    Defendants deny the allegations set forth in Paragraph 155 of the SAC.

156.    Defendants deny the allegations set forth in Paragraph 156 of the SAC.

157.    Defendants admit the allegations set forth in the first sentence of Paragraph 157 of the SAC. Defendants deny the remaining allegations set forth in Paragraph 157 of the SAC, except refer the Court to the PPMG Agreements for their complete and accurate contents.

158.    Defendants deny the allegations set forth in Paragraph 158 of the SAC, except admit that certain Portfolio Companies paid monthly fees to PPMG in exchange for services under the PPMG Agreements and refer the Court to those documents for their complete and accurate contents; and state that the allegation of "control" set forth in the third sentence of Paragraph 158 of the SAC states a legal conclusion to which no response is required.

159.    Defendants deny the allegations set forth in Paragraph 159 of the SAC.

160.    Defendants deny the allegations set forth in Paragraph 160 of the SAC, except admit that PPMG and certain Portfolio Companies amended the PPMG Agreements and refer the Court to those agreements for their complete and accurate contents.

161.    Defendants deny the allegations set forth in Paragraph 161 of the SAC.

162.    Defendants deny the allegations set forth in Paragraph 162 of the SAC.

163.    Defendants deny the allegations set forth in Paragraph 163 of the SAC.

164.    Defendants admit that prior to tax year 2016, the Zohar Funds were treated as disregarded entities for United States federal income tax purposes. Defendants deny the remaining allegations set forth in Paragraph 164 of the SAC, except refer the Court to the Indentures, Articles of Association, Subscription Agreements, and testimony given by Ms. Tilton for their complete and accurate contents.

165.    Defendants deny the allegations set forth in Paragraph 165 of the SAC, except admit that for tax years 2003 through 2015, Ms. Tilton filed tax returns consistent with the Zohar Funds being treated as disregarded entities.

166.    Defendants deny the allegations set forth in Paragraph 166 of the SAC, except admit that the Zohar Funds' status as disregarded entities was a prerequisite to obtaining credit ratings.

167.    Defendants admit the allegations set forth in the first sentence of Paragraph 167 of the SAC. Defendants deny the remaining allegations set forth in Paragraph 167 of the SAC.

168.    Defendants deny the allegations set forth in Paragraph 168 of the SAC, except admit that certain LLC Portfolio Companies are pass-through entities for tax purposes.

169.    Defendants deny the allegations set forth in Paragraph 169 of the SAC.

170.    Defendants admit the allegations set forth in Paragraph 170 of the SAC, and refer the Court to the Delaware Chancery Court decision for its complete and accurate contents.

171.    Defendants deny the allegations set forth in Paragraph 171 of the SAC, except admit that Ms. Tilton agreed to structure the Zohar Funds as disregarded entities at the time of each Fund's formation.

172.    Defendants deny the allegations set forth in Paragraph 172 of the SAC, except refer the Court to the transcript of Ms. Tilton's  testimony for its complete and accurate contents.

173.    Defendants deny the allegations set forth in Paragraph 173 of the SAC.

174.    Defendants deny the allegations set forth in Paragraph 174 of the SAC, except admit the Octaluna Entities received $118 million in Preference Share Distributions from the Zohar Funds.

175.    Defendants deny the allegations set forth in Paragraph 175 of the SAC.

176.    Defendants deny the allegations set forth in Paragraph 176 of the SAC.

177.    Defendants deny the allegations set forth in Paragraph 177 of the SAC, except insofar as the allegations in this Paragraph, including the footnote, purport to characterize the LLC Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

178.    Defendants deny the allegations set forth in Paragraph 178 of the SAC.

179.    Defendants deny the allegations set forth in Paragraph 179 of the SAC.

180.    Defendants deny the allegations set forth in Paragraph 180 of the SAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

181.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 181 of the SAC.

182.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 182 of the SAC.

183.    Defendants deny the allegations set forth in Paragraph 183 of the SAC, except admit that Ms. Tilton caused the Zohar Funds to file the chapter 11 bankruptcy proceedings jointly administered as Case No. 18-10512 (KBO).

184.    Defendants deny the allegations set forth in Paragraph 184 of the SAC, except admit the existence of lawsuits seeking declaratory judgments regarding the beneficial ownership of ██████████ and Stila, and refer the Court to the referenced filings in those actions for their complete and accurate contents

185.    Defendants deny the allegations set forth in Paragraph 185 of the SAC, except refer the Court to the November 2017 Written Consents for their complete and accurate contents.

186.    Defendants deny the allegations set forth in Paragraph 186 of the SAC, except refer the Court to the referenced subscription agreements for their complete and accurate contents.

187.    Defendants deny the allegations set forth in Paragraph 187 of the SAC, except admit that Octaluna II and Octaluna III made investments in ████████ and refer the Court to the referenced subscription agreements for their complete and accurate contents.

188.    Defendants deny the allegations set forth in Paragraph 188 of the SAC, except admit that Octaluna Entities made investments in ████ and refer the Court to the referenced subscription agreements for their complete and accurate contents.

189.    Defendants deny the allegations set forth in Paragraph 189 of the SAC, except admit that Octaluna Entities made investments in Stila and refer the Court to the referenced subscription agreements for their complete and accurate contents.

190.    Defendants deny the allegations set forth in Paragraph 190 of the SAC, except refer the Court to the September 2015 Amendments and November 2017 Written Consents for their

complete and accurate contents; and state that the allegation of "control" set forth in the first sentence of Paragraph 190 of the SAC states a legal conclusion to which no response is required.

191.    Defendants deny the allegations set forth in Paragraph 191 of the SAC.

192.    Defendants deny the allegations set forth in Paragraph 192 of the SAC, except admit that on or about March 10 and 11, 2018, certain "phantom equity" agreements were executed and refer the Court to the referenced documents for their complete and accurate contents.

193.    Defendants deny the allegations set forth in Paragraph 193 of the SAC, except refer the Court to the Phantom Equity Agreements for their complete and accurate contents.

194.    Defendants deny the allegations set forth in Paragraph 194 of the SAC.

195.    Defendants deny the allegations set forth in Paragraph 195 of the SAC.

196.    Defendants deny the allegations set forth in Paragraph 196 of the SAC.

197.    Defendants deny the allegations set forth in Paragraph 197 of the SAC.

198.    Defendants deny the allegations set forth in Paragraph 198 of the SAC, except admit that AMZM was appointed to replace the Patriarch Managers as collateral managers for the Zohar Funds.

199.    Defendants deny the allegations set forth in Paragraph 199 of the SAC, except admit that AMZM brought suit against Patriarch Partners and the Patriarch Managers in the Delaware Court of Chancery concerning the Zohar Funds books and records.

200.    Defendants deny the allegations set forth in Paragraph 200 of the SAC, except admit that the Chancery Court issued a ruling after trial and refer the Court to the referenced decisions and judgments for their complete and accurate contents.

201.    Defendants deny the allegations set forth in Paragraph 201 of the SAC, except admit that the Zohar Funds, acting through AMZM, brought the SDNY Action; admit that the

Zohar Funds' claims were wholly dismissed; and refer the Court to the referenced decision in the SDNY Action for its complete and accurate contents.

202.    Defendants deny the allegations set forth in Paragraph 202 of the SAC.

203.    Defendants deny the allegations set forth in Paragraph 203 of the SAC, except admit that the Zohar Funds initiated the Chancery 225 Action and refer the Court to the referenced filing for its complete and accurate contents.

204.    Defendants deny the allegations set forth in Paragraph 204 of the SAC.

205.    Defendants deny the allegations set forth in Paragraph 205 of the SAC, except refer the Court to the cited opinion in the Chancery 225 Action for its complete and accurate contents.

206.    Defendants deny the allegations set forth in Paragraph 206 of the SAC.

207.    Defendants deny the allegations set forth in Paragraph 207 of the SAC, including the footnote, except admit that the Chancery Court ruled on a motion for contempt brought by the Zohar Funds against Ms. Tilton in the Chancery 225 Action and refer the Court to the Chancery Court's order for its complete and accurate contents. Defendants further deny the characterization of the cited communication from Ms. Schiff and refer the Court to the full communication for its complete and accurate contents, and its complete and accurate context.

208.    Defendants deny the allegations set forth in Paragraph 208 of the SAC.

209.    Paragraph 209 of the SAC purports to characterize the Settlement Agreement. Defendants refer the Court to that document for its complete and accurate contents.

210.    Paragraph 210 of the SAC purports to characterize the Settlement Agreement. Defendants refer the Court to that document for its complete and accurate contents.

211.     Defendants admit the allegations set forth in Paragraph 211 of the SAC, except state that the Debtors held approximately $150 million, or approximately 92%, of the Term Loan indebtedness of GAS.

212.     Defendants deny the allegations set forth in Paragraph 212 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of GAS.

213.     The first sentence of Paragraph 213 of the SAC states a legal conclusion to which no response is required. To the extent a response is required to the first sentence of Paragraph 213 of the SAC, Defendants deny those allegations. Defendants admit that the Term Loans were in default as of July 2019.

214.     Defendants admit the allegations set forth in Paragraph 214 of the SAC.

215.     Defendants admit the allegations set forth in Paragraph 215 of the SAC, and refer the Court to the March 20, 2020 order for its complete and accurate contents.

216.     Defendants deny the allegations set forth in Paragraph 216 of the SAC, except admit that in late May 2020, GAS hired DPP  and DPP began conducting due diligence.

217.     Defendants deny the allegations set forth in Paragraph 217 of the SAC, except admit that the GAS sale process was extended by agreement; and admit that, at the recommendation of DPP, the Debtors did not participate in diligence meetings with GAS management.

218.     Defendants admit the allegations set forth in the first and fourth sentences of Paragraph 218 of the SAC. Defendants deny the allegations set forth in the second and third sentences of Paragraph 218 of the SAC.

57772/0001-43303530v1

219.    Defendants deny the allegations set forth in Paragraph 219 of the SAC, except admit that Ms. Tilton participated in the activities set forth in subparts (i) through (vi) of Paragraph 219 of the SAC.

220.    Defendants deny the allegations set forth in Paragraph 220 of the SAC.

221.    Defendants deny the allegations set forth in Paragraph 221 of the SAC.

222.    Defendants deny the allegations set forth in Paragraph 222 of the SAC, except refer the Court to the indications of interest and bid information for their complete and accurate contents.

223.    Defendants deny the allegations set forth in Paragraph 223 of the SAC, except admit that GAS ███████████████████████████████.

224.    Defendants deny the allegations set forth in Paragraph 224 of the SAC, except refer the Court to ████████████████████████ at the April 8, 2021 hearing before the Court for their complete and accurate contents.

225.    Defendants deny the allegations set forth in Paragraph 225 of the SAC, except refer the Court to Ms. Tilton's letter of intent for its complete and accurate contents.

226.    Defendants deny the allegations set forth in Paragraph 226 of the SAC.

227.    Defendants deny the allegations set forth in Paragraph 227 of the SAC, except refer the Court to the referenced proposal for its complete and accurate contents.

228.    Defendants deny the allegations set forth in Paragraph 228 of the SAC.

229.    Defendants deny the allegations set forth in Paragraph 229 of the SAC.

230.    Defendants deny the allegations set forth in Paragraph 230 of the SAC, except refer the Court to Ms. Tilton's revised letter of intent for its complete and accurate contents.

231.    Defendants deny the allegations set forth in Paragraph 231 of the SAC.

232.    Defendants deny the allegations set forth in Paragraph 232 of the SAC, except refer the Court to the April 19, 2021 Sale Order for its complete and accurate contents; and admit that the Debtors filed a notice of appeal regarding the Sale Order on April 30, 2021 at D.I. 2535.

233.    Defendants deny the allegations set forth in Paragraph 233 of the SAC, except admit that Galey & Lord was a textile company and that the Zohar Funds extended more than $100 million in secured loans and refer the Court to Galey & Lord's ABL and term loan credit agreements and the Credit Agreement Amendments for their complete and accurate contents.

234.    Defendants deny the allegations set forth in Paragraph 234 of the SAC, except admit that in 2018 Patriarch told the Zohar Funds that Galey & Lord had been foreclosed upon in 2016, and refer the Court to the referenced documents for their complete and accurate contents.

235.    Defendants deny the allegations set forth in Paragraph 235 of the SAC, except admit that in 2016 the Zohar Funds, Ark II, and API accepted certain assets of Galey & Lord in partial satisfaction of the obligations to the lenders; admit that the assets accepted included any potential ███████████████████████ and refer the Court to the Galey Intercreditor Agreement and any other referenced documents for their complete and accurate contents.

236.    Defendants deny the allegations set forth in Paragraph 236 of the SAC, except refer the Court to the Amended and Restated Intercreditor Agreement for its complete and accurate contents.

237.    Defendants deny the allegations set forth in Paragraph 237 of the SAC, except admit that $12.6 million of the proceeds went to Ark II and AIP; admit that $1.9 million went to PPMG to pay accrued management fees; and admit that, to date, $4.2 million was paid to the Zohar Funds.

32

238.    Defendants deny the allegations set forth in Paragraph 238 of the SAC, except refer the Court to the ███████████ Credit Agreement Amendments, and the Galey & Lord ABL, Term Loan, and Intercreditor agreements for their complete and accurate contents.

239.    Defendants deny the allegations set forth in Paragraph 239 of the SAC.

240.    Defendants deny the allegations set forth in Paragraph 240 of the SAC, except refer the Court to the Galey Agency Motion for its complete and accurate contents.

241.    Defendants deny the allegations set forth in Paragraph 241 of the SAC, except admit that the Court ordered entry of the Settlement Agreement on May 21, 2018 and refer the Court to that agreement for its complete and accurate contents.

242.    The allegations set forth in the first sentence of Paragraph 242 of the SAC purport to characterize the Settlement Agreement. Defendants refer the Court to that agreement for its complete and accurate contents. The allegation set forth in the second sentence of Paragraph 242 of the SAC states a legal conclusion to which no response is required. To the extent a response is required to the allegation set forth in the second sentence of Paragraph 242 of the SAC, Defendants deny it.

243.    Defendants deny the allegations set forth in Paragraph 243 of the SAC, except admit that certain of Ms. Tilton's affiliates have received payments upon the sales of certain Portfolio Companies and have claimed entitlement to additional amounts upon the monetization of the remaining Portfolio Companies.

244.    Defendants deny the allegations set forth in Paragraph 244 of the SAC.

245.    Defendants deny the allegations set forth in Paragraph 245 of the SAC.

246.    Defendants deny the allegations set forth in Paragraph 246 of the SAC.

33

247.    Defendants deny the allegations set forth in Paragraph 247 of the SAC, except admit the allegations set forth in the first sentence of Paragraph 247 of the SAC, and refer the Court to the referenced documents for their complete and accurate contents.

248.    Defendants deny the allegations set forth in Paragraph 248 of the SAC., except admit that for the first 18 months of these cases, certain professionals were paid by the Zohar Funds under the Cash Collateral Order.

249.    Defendants deny the allegations set forth in Paragraph 249 of the SAC.

250.    Defendants deny the allegations set forth in Paragraph 250 of the SAC.

251.    Defendants deny the allegations set forth in Paragraph 251 of the SAC.

252.    Defendants deny the allegations set forth in Paragraph 252 of the SAC.

253.    Defendants deny the allegations set forth in Paragraph 253 of the SAC.

254.    Defendants admit the allegations set forth in Paragraph 254 of the SAC, and refer the Court to the Cash Collateral Order for its complete and accurate contents.

255.    The allegations set forth in Paragraph 255 of the SAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

256.    The allegations set forth in Paragraph 256 of the SAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

257.    The allegations set forth in Paragraph 257 of the SAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

258.    Defendants deny the allegations set forth in Paragraph 258 of the SAC.

259.    Defendants deny the allegations set forth in Paragraph 259 of the SAC.

## CLAIMS FOR RELIEF

## COUNTS SEEKING INVALIDATION OF TILTON'S ENTRENCHMENT EFFORTS.

### COUNT I:    DECLARATORY JUDGMENT OF EQUITY OWNERSHIP
### (By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)

260.    The Count I Defendants repeat and reassert the preceding answers in Paragraphs 1-259 as if fully set forth herein.

261.    The Count I Defendants deny the allegations set forth in Paragraph 261 of the SAC, including the footnote, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity and/or membership interests in the Portfolio Companies recorded in the Zohar Funds' names.

262.    The Count I Defendants deny the allegations set forth in Paragraph 262 of the SAC, except refer the Court to the Indentures, LLC agreements, and stock certificates for their complete and accurate contents.

263.    The Count I Defendants deny the allegations set forth in Paragraph 263 of the SAC.

264.    Paragraph 264 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count I Defendants deny the allegations set forth in Paragraph 264 of the SAC, except refer the Court to the stock certificates for their complete and accurate contents.

265.    The Count I Defendants deny the allegations set forth in Paragraph 265 of the SAC, except refer the Court to the LLC Agreements for their complete and accurate contents.

266.    The Count I Defendants deny the allegations set forth in Paragraph 266 of the SAC, except admit that the Debtors filed suit in the Delaware Chancery Court on November 29, 2016.

35

267.     The Count I Defendants deny the allegations set forth in Paragraph 267 of the SAC, except refer the Court to the referenced filings and decisions in the Delaware Chancery Court and to Ms. Tilton's declaration at D.I. 5 for their complete and accurate contents.

268.     The Count I Defendants deny the allegations set forth in Paragraph 268 of the SAC, except refer the Court to Ms. Tilton's declaration at D.I. 1525 for its complete and accurate contents.

269.     The Count I Defendants deny the allegations set forth in Paragraph 269 of the SAC, and state that D.I. 1524 is the *Motion of Patriarch for Entry of an Order Authorizing Filing of Declaration Under Seal*.

270.     The Count I Defendants deny the allegations set forth in Paragraph 270 of the SAC.

271.     Paragraph 271 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count I Defendants admit the allegations set forth in Paragraph 271 of the SAC.

272.     Paragraph 272 of the SAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count I Defendants deny the allegations set forth in Paragraph 272 of the SAC.

### COUNT II:   DECLARATORY JUDGMENT THAT VOTING/CONTROL ACTIONS WERE INEFFECTIVE
**(By the Zohar Funds Against Patriarch Managers, Class B Parties, Proxy Grantees, Ark Entities, Octaluna Entities, PPAS, and Tilton)**

273.     The Count II Defendants repeat and reassert the preceding answers in Paragraphs 1-272 as if fully set forth herein.

274.     Paragraph 274 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 274 of the SAC, except admit that commencing as of March 21, 2020, and only after

36

that date, the Zohar Funds are recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in the Zohar Funds' names.

275.     Paragraph 275 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 275 of the SAC.

276.     The Count II Defendants deny the allegations set forth in Paragraph 276 of the SAC.

277.     Paragraph 277 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 277 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

278.     Paragraph 278 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 278 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

279.     Paragraph 279 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 279 of the SAC.

280.     Paragraph 280 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 280 of the SAC.

281.     Paragraph 281 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 281 of the SAC.

57772/0001-43303530v1

282.     The Count II Defendants deny the allegations set forth in Paragraph 282 of the SAC.

283.     Paragraph 283 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 283 of the SAC.

284.     The allegations set forth in Paragraph 284 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 284 of the SAC.

**COUNT III:  DECLARATORY JUDGMENT (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

285.     PPMG repeats and reasserts the preceding answers in Paragraphs 1-284 as if fully set forth herein.

286.     PPMG denies the allegations set forth in Paragraph 286 of the SAC, except refers the Court to the PPMG Agreements for their complete and accurate contents.

287.     PPMG denies the allegations set forth in Paragraph 287 of the SAC, except admits that the Ark Entities own approximately 41% of the equity of MD Helicopters.

288.     PPMG denies the allegations set forth in Paragraph 288 of the SAC.

289.     Paragraph 289 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 289 of the SAC.

290.     The allegations set forth in Paragraph 290 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 290 of the SAC.

57772/0001-43303530v1

## COUNTS SEEKING REMEDIES FOR MISCONDUCT IN COLLATERAL MANAGEMENT

### COUNT IV:   BREACHES OF CMAS AND INDENTURES
**(By the Zohar Funds Against Patriarch Managers)**

291.    The Patriarch Managers repeat and reassert the preceding answers in Paragraphs 1-290 as if fully set forth herein.

292.    The Patriarch Managers admit the allegations set forth in Paragraph 292 of the SAC.

293.    Paragraph 293 of the SAC purports to characterize the CMAs and therefore no response is required. The Patriarch Managers refer the Court to those documents for their complete and accurate contents.

294.    Paragraph 294 of the SAC purports to characterize the CMAs and therefore no response is required. The Patriarch Managers refer the Court to those documents for their complete and accurate contents.

295.    The Patriarch Managers deny the allegations set forth in Paragraph 295 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

296.    Paragraph 296 of the SAC purports to characterize the Indentures and therefore no response is required. The Patriarch Managers refer the Court to the Indentures for their complete and accurate contents.

297.    The Patriarch Managers deny the allegations set forth in Paragraph 297 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

298.    Paragraph 298 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 298 of the SAC, except admit that the CMAs are valid and enforceable contracts.

299.    Paragraph 299 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 299 of the SAC, except admit that the Indentures are valid and enforceable contracts.

300.    The Patriarch Managers deny the allegations set forth in Paragraph 300 of the SAC.

301.    Paragraph 301 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 301 of the SAC.

302.    Paragraph 302 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 302 of the SAC.

303.    The Patriarch Managers deny the allegations set forth in Paragraph 303 of the SAC.

304.    The Patriarch Managers deny the allegations set forth in Paragraph 304 of the SAC.

305.    Paragraph 305 of the SAC states a hypothetical legal conclusion to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 305 of the SAC.

306.    Paragraph 306 of the SAC states a hypothetical legal conclusion to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 306 of the SAC.

307.    Paragraph 307 of the SAC purports to characterize the Indentures and no response is required. The Patriarch Managers refer the Court to the Indentures for their complete and accurate contents.

308.    The Patriarch Managers deny the allegations set forth in Paragraph 308 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

309.    Paragraph 309 of the SAC purports to characterize the Zohar III Indenture. The Patriarch Managers refer the Court to that document for its complete and accurate contents.

310.    The Patriarch Managers deny the allegations set forth in Paragraph 310 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

311.    The Patriarch Managers deny the allegations set forth in Paragraph 311 of the SAC, except refer the Court to the CMAs for their complete and accurate contents

312.    The Patriarch Managers deny the allegations set forth in Paragraph 312 of the SAC.

313.    The Patriarch Managers deny the allegations set forth in Paragraph 313 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

314.    The Patriarch Managers deny the allegations set forth in Paragraph 314 of the SAC, except refer the Court to the CMAs for their complete and accurate contents.

315.    The Patriarch Managers deny the allegations set forth in Paragraph 315 of the SAC.

316.    The Patriarch Managers deny the allegations set forth in Paragraph 316 of the SAC.

317.    The allegations set forth in Paragraph 317 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 317 of the SAC.

**COUNT V:    TORTIOUS INTEREFERENCE WITH CMAS AND INDENTURES**
**(By the Zohar Funds Against Lynn Tilton)**

318.    Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-317 as if fully set forth herein.

319.    Ms. Tilton denies the allegations set forth in Paragraph 319 of the SAC, except admits that Patriarch Partners VIII entered into a CMA with Zohar I, Patriarch Partners XIV entered into a CMA with Zohar II, and Patriarch Partners XV entered into a CMA with Zohar III, and refers the Court to the CMAs for their complete and accurate contents.

320.    Ms. Tilton denies the allegations set forth in Paragraph 320 of the SAC, except admits that the CMAs were valid and enforceable contracts.

321.    Ms. Tilton denies the allegations set forth in Paragraph 321 of the SAC, except admits that the Indentures are valid and enforceable contracts.

322.    Ms. Tilton denies the allegations set forth in Paragraph 322 of the SAC, except admits that she is the manager and ultimate indirect owner of the Patriarch Managers and has knowledge of the CMAs and Indentures.

323.    Ms. Tilton denies the allegations set forth in Paragraph 323 of the SAC, and states that the allegation of "control" set forth in Paragraph 323 of the SAC states a legal conclusion to which no response is required.

324.    Ms. Tilton denies the allegations set forth in Paragraph 324 of the SAC.

325.    Ms. Tilton denies the allegations set forth in Paragraph 325 of the SAC, and states that the allegation of "control" set forth in the second sentence of Paragraph 325 of the SAC states a legal conclusion to which no response is required.

326.    Ms. Tilton denies the allegations set forth in Paragraph 326 of the SAC.

## COUNT VI:  BREACH OF FIDUCIARY DUTIES OWED IN COLLATERAL MANAGEMENT
### (By the Zohar Funds Against Patriarch Managers and Lynn Tilton)

327.    The Count VI Defendants repeat and reassert the preceding answers in Paragraphs 1-326 as if fully set forth herein.

328.    The Count VI Defendants admit the allegations set forth in Paragraph 328 of the SAC, and refer the Court to the CMAs for their complete and accurate contents.

329.    Paragraph 329 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count VI Defendants admit the allegations set forth in

Paragraph 329 of the SAC, and refer the Court to the Indentures and CMAs for their complete and accurate contents.

330.     Paragraph 330 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count VI Defendants deny the allegations set forth in Paragraph 330 of the SAC.

331.     The Count VI Defendants deny the allegations set forth in Paragraph 331 of the SAC.

332.     The Count VI Defendants deny the allegations set forth in Paragraph 332 of the SAC.

333.     The Count VI Defendants admit the allegations set forth in Paragraph 333 of the SAC.

334.     The Count VI Defendants deny the allegations set forth in Paragraph 334 of the SAC.

335.     The Count VI Defendants deny the allegations set forth in Paragraph 335 of the SAC.

336.     The Count VI Defendants deny the allegations set forth in Paragraph 336 of the SAC.

### COUNT VII:    AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (By the Zohar Funds Against Tilton)

337.     Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-336 as if fully set forth herein.

338.     The first sentence of Paragraph 338 of the SAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 338 of the SAC.

57772/0001-43303530v1

339.     Paragraph 339 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton admits the allegations set forth in Paragraph 339 of the SAC.

340.     Ms. Tilton denies the allegations set forth in Paragraph 340 of the SAC.

341.     Ms. Tilton denies the allegations set forth in Paragraph 341 of the SAC.

342.     Ms. Tilton denies the allegations set forth in Paragraph 342 of the SAC.

**COUNT VIII:          CONVERSION OF ZOHAR FUNDS' PROPERTY**
**(By the Zohar Funds Against the Patriarch Managers, Class B Parties, Proxy Grantees, Octaluna Entities, Ark Entities, PPAS, and Tilton)**

343.     The Count VIII Defendants repeat and reassert the preceding answers in Paragraphs 1-342 as if fully set forth herein.

344.     The Count VIII Defendants deny the allegations set forth in Paragraph 344 of the SAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds are recognized as the beneficial owners of certain equity and/or membership interests in the Portfolio Companies recorded in the Zohar Funds' names.

345.     The Count VIII Defendants deny the allegations set forth in Paragraph 345 of the SAC.

346.     The Count VIII Defendants deny the allegations set forth in Paragraph 346 of the SAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

347.     The Count VIII Defendants deny the allegations set forth in Paragraph 347 of the SAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

44

348.     The Count VIII Defendants deny the allegations set forth in Paragraph 348 of the SAC.

## COUNT IX:   ACTUAL FRAUDULENT TRANSFER
### (By the Zohar Funds Against Patriarch Managers, Class B Parties, Octaluna Entities, PPAS, Ark I, AIP, and Ark II)

349.     The Count IX Defendants repeat and reassert the preceding answers in Paragraphs 1-348 as if fully set forth herein.

350.     The Count IX Defendants deny the allegations set forth in Paragraph 350 of the SAC.

351.     The Count IX Defendants deny the allegations set forth in Paragraph 351 of the SAC, except refer the Court to the September 2015 Amendments and the September 2015 Proxies for their complete and accurate contents.

352.     The Count IX Defendants deny the allegations set forth in Paragraph 352 of the SAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

353.     The Count IX Defendants deny the allegations set forth in Paragraph 353 of the SAC, except refer the Court to the November 2017 Written Consents for their complete and accurate contents.

354.     The Count IX Defendants deny the allegations set forth in Paragraph 354 of the SAC.

355.     The Count IX Defendants deny the allegations set forth in Paragraph 355 of the SAC.

356.     The Count IX Defendants deny the allegations set forth in Paragraph 356 of the SAC.

357.    The Count IX Defendants deny the allegations set forth in Paragraph 357 of the SAC.

358.    Paragraph 358 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count IX Defendants deny the allegations set forth in Paragraph 358 of the SAC.

359.    The Count IX Defendants deny the allegations set forth in Paragraph 359 of the SAC.

360.    The Count IX Defendants deny the allegations set forth in Paragraph 360 of the SAC.

**COUNT X:    CONSTRUCTIVE FRAUDULENT TRANSFER**
**(By the Zohar Funds Against Patriarch Managers, Class B Parties, Octaluna Entities, PPAS, and Ark II)**

361.    The Count X Defendants repeat and reassert the preceding answers in Paragraphs 1-360 as if fully set forth herein.

362.    The Count X Defendants deny the allegations set forth in Paragraph 362 of the SAC.

363.    The Count X Defendants deny the allegations set forth in Paragraph 363 of the SAC.

364.    The Count X Defendants deny the allegations set forth in Paragraph 364 of the SAC.

365.    Paragraph 365 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count X Defendants deny the allegations set forth in Paragraph 365 of the SAC.

366.     The first sentence of Paragraph 366 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count X Defendants deny the allegations set forth in the first sentence of Paragraph 366 of the SAC. The Count X Defendants deny the allegations set forth in the second sentence of Paragraph 366 of the SAC.

367.     The Count X Defendants deny the allegations set forth in Paragraph 367 of the SAC.

368.     The Count X Defendants deny the allegations set forth in Paragraph 368 of the SAC.

## COUNT XI:   ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(A)
### (By the Zohar Funds Against the Octaluna Entities)

369.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-368 as if fully set forth herein.

370.     The Octaluna Entities deny the allegations set forth in Paragraph 370 of the SAC.

371.     The Octaluna Entities deny the allegations set forth in Paragraph 371 of the SAC.

372.     The Octaluna Entities deny the allegations set forth in Paragraph 372 of the SAC.

373.     The Octaluna Entities deny the allegations set forth in Paragraph 373 of the SAC.

374.     The Octaluna Entities deny the allegations set forth in Paragraph 374 of the SAC.

## COUNT XII:  CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(B)
### (By the Zohar Funds Against the Octaluna Entities)

375.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-374 as if fully set forth herein.

376.     The Octaluna Entities deny the allegations set forth in Paragraph 376 of the SAC.

377.     The Octaluna Entities deny the allegations set forth in Paragraph 377 of the SAC.

57772/0001-43303530v1

378.     Paragraph 378 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 378 of the SAC.

379.     The Octaluna Entities deny the allegations set forth in Paragraph 379 of the SAC.

380.     The Octaluna Entities deny the allegations set forth in Paragraph 380 of the SAC.

**COUNT XIII:        UNJUST ENRICHMENT (DEBT AND EQUITY ACTIONS)**
**(By the Zohar Funds Against Ark Entities, Octaluna Entities, PPAS, PPMG, and Tilton)**

381.     The Count XIII Defendants repeat and reassert the preceding answers in Paragraphs 1-380 as if fully set forth herein.

382.     The Count XIII Defendants deny the allegations set forth in Paragraph 382 of the SAC.

383.     The Count XIII Defendants deny the allegations set forth in Paragraph 383 of the SAC.

384.     The Count XIII Defendants deny the allegations set forth in Paragraph 384 of the SAC, including the footnote.

385.     The Count XIII Defendants deny the allegations set forth in Paragraph 385 of the SAC.

386.     The Count XIII Defendants deny the allegations set forth in Paragraph 386 of the SAC.

387.     The Count XIII Defendants deny the allegations set forth in Paragraph 387 of the SAC.

**COUNT XIV:        UNJUST ENRICHMENT (OC TEST MANIPULATION)**
**(By the Zohar Funds Against the Octaluna Entities and Tilton)**

388.    The Count XIV Defendants repeat and reassert the preceding answers in Paragraphs 1-387 as if fully set forth herein.

389.    The Count XIV Defendants deny the allegations set forth in Paragraph 389 of the SAC.

390.    The Count XIV Defendants deny the allegations set forth in Paragraph 390 of the SAC.

391.    The Count XIV Defendants deny the allegations set forth in Paragraph 391 of the SAC.

392.    The Count XIV Defendants deny the allegations set forth in Paragraph 392 of the SAC.

393.    The Count XIV Defendants deny the allegations set forth in Paragraph 393 of the SAC.

394.    The Count XIV Defendants deny the allegations set forth in Paragraph 394 of the SAC.

## <u>COUNTS SEEKING REMEDIES FOR TAX ELECTION ISSUES</u>

**COUNT XV: BREACH OF SUBSCRIPTION AGREEMENTS (CHECK-THE-BOX ELECTION)**
**(By the Zohar Funds Against the Octaluna Entities)**

395.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-394 as if fully set forth herein.

396.    The Octaluna Entities admit the allegations set forth in Paragraph 396 of the SAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

57772/0001-43303530v1

397.    The Octaluna Entities admit the allegations set forth in Paragraph 397 of the SAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

398.    The Octaluna Entities admit the allegations set forth in Paragraph 398 of the SAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

399.    The Octaluna Entities deny the allegations set forth in Paragraph 399 of the SAC, except admit that the Subscription Agreements are valid and enforceable contracts.

400.    The Octaluna Entities admit the allegations set forth in Paragraph 400 of the SAC, and refer the Court to the Subscription Agreements and Investor Questionnaires for their complete and accurate contents.

401.    The Octaluna Entities deny the allegations set forth in Paragraph 401 of the SAC, except refer the Court to the Investor Questionnaires for their complete and accurate contents.

402.    The Octaluna Entities deny the allegations set forth in Paragraph 402 of the SAC, except refer the Court to the Subscription Agreements and Investor Questionnaires for their complete and accurate contents.

403.    The Octaluna Entities deny the allegations set forth in Paragraph 403 of the SAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

404.    The Octaluna Entities deny the allegations set forth in Paragraph 404 of the SAC.

405.    The Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 405 of the SAC. The allegations set forth in the second sentence of Paragraph 405 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 405 of the SAC.

406.    Paragraph 406 of the SAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 406 of the SAC.

407.    The Octaluna Entities deny the allegations set forth in Paragraph 407 of the SAC.

**COUNT XVI:    TORTIOUS INTERFERENCE WITH SUBSCRIPTION AGREEMENTS (CHECK-THE-BOX ELECTION) (By the Zohar Funds Against Lynn Tilton)**

408.    Ms. Tilton repeats and reasserts the preceding answers set forth in Paragraphs 1-407 as if fully set forth herein.

409.    Ms. Tilton denies the allegations set forth in Paragraph 409 of the SAC, except admits that the Subscription Agreements are valid and enforceable contracts.

410.    Ms. Tilton denies the allegations set forth in Paragraph 410 of the SAC, except admits that she had and has knowledge of the Subscription Agreements.

411.    Paragraph 411 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 411 of the SAC, except refers the Court to the Subscription Agreements for their complete and accurate contents.

412.    Ms. Tilton denies the allegations set forth in Paragraph 412 of the SAC.

413.    Ms. Tilton denies the allegations set forth in Paragraph 413 of the SAC.

**COUNT XVII:    TORTIOUS INTERFERENCE WITH INDENTURE (CHECK-THE-BOX ELECTION) (By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

414.    The Count XVII Defendants repeat and reassert the preceding answers in Paragraphs 1-413 as if fully set forth herein.

51

415.    The Count XVII Defendants deny the allegations set forth in Paragraph 415 of the SAC, except admit that the Indentures are valid and enforceable contracts.

416.    The Count XVII Defendants deny the allegations set forth in Paragraph 416 of the SAC, except admit that Ms. Tilton had and has knowledge of the Indentures.

417.    The Count XVII Defendants deny the allegations set forth in Paragraph 417 of the SAC, except refer the Court to the Indentures for their complete and accurate contents.

418.    The Count XVII Defendants deny the allegations set forth in Paragraph 418 of the SAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

419.    The Count XVII Defendants deny the allegations set forth in Paragraph 419 of the SAC.

### COUNT XVIII:    CONVERSION OF TAX DIVIDENDS
### (By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)

420.    The Count XVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-419 as if fully set forth herein.

421.    The Count XVIII Defendants deny the allegations set forth in Paragraph 421 of the SAC.

422.    The Count XVIII Defendants deny the allegations set forth in Paragraph 422 of the SAC, except refer the Court to the audited 2018 financial statements for ███ for their complete and accurate contents.

423.    The Count XVIII Defendants deny the allegations set forth in Paragraph 423 of the SAC.

424.     The Count XVIII Defendants deny the allegations set forth in Paragraph 424 of the SAC.

### COUNT XIX:      ACTUAL FRAUDULENT TRANSFER (CHECK-THE-BOX ELETION)
### (By the Zohar Funds Against the Octaluna Entities)

425.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-424 as if fully set forth herein.

426.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 426 of the SAC.

427.     The Octaluna Entities deny the allegations set forth in Paragraph 427 of the SAC.

428.     The Octaluna Entities deny the allegations set forth in Paragraph 428 of the SAC.

429.     The Octaluna Entities deny the allegations set forth in Paragraph 429 of the SAC.

430.     The first sentence of Paragraph 430 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 430 of the SAC. The Octaluna Entities deny the allegations set forth in the second sentence of Paragraph 430 of the SAC.

431.     The Octaluna Entities deny the allegations set forth in Paragraph 431 of the SAC.

432.     The Octaluna Entities deny the allegations set forth in Paragraph 432 of the SAC.

### COUNT XX:  CONSTRUCTIVE FRAUDULENT TRANSFER (CHECK-THE-BOX ELECTION)
### (By the Zohar Funds Against the Octaluna Entities)

433.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-432 as if fully set forth herein.

434.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 434 of the SAC.

57772/0001-43303530v1

435.     The Octaluna Entities deny the allegations set forth in Paragraph 435 of the SAC.

436.     The Octaluna Entities deny the allegations set forth in Paragraph 436 of the SAC.

437.     Paragraph 437 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 437 of the SAC.

438.     The first sentence of Paragraph 438 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 438 of the SAC. The Octaluna Entities deny the allegations set forth in the second sentence of Paragraph 438 of the SAC.

439.     The Octaluna Entities deny the allegations set forth in Paragraph 439 of the SAC.

440.     The Octaluna Entities deny the allegations set forth in Paragraph 440 of the SAC.

**COUNT XXI:       ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(A) (CHECK-THE-BOX ELECTION) (By the Zohar Funds Against the Octaluna Entities)**

441.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-440 as if fully set forth herein.

442.     The Octaluna Entities deny the allegations set forth in Paragraph 442 of the SAC.

443.     The Octaluna Entities deny the allegations set forth in Paragraph 443 of the SAC.

444.     The Octaluna Entities deny the allegations set forth in Paragraph 444 of the SAC.

445.     The Octaluna Entities deny the allegations set forth in Paragraph 445 of the SAC.

446.     The Octaluna Entities deny the allegations set forth in Paragraph 446 of the SAC.

447.     The Octaluna Entities deny the allegations set forth in Paragraph 447 of the SAC.

**COUNT XXII:        CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(B) (CHECK-THE-BOX ELECTION)**
**(By the Zohar Funds Against the Octaluna Entities)**

448.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-447 as if fully set forth herein.

449.    The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 449 of the SAC.

450.    The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 450 of the SAC.

451.    The Octaluna Entities deny the allegations set forth in Paragraph 451 of the SAC.

452.    Paragraph 452 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 452 of the SAC.

453.    The Octaluna Entities deny the allegations set forth in Paragraph 453 of the SAC.

454.    The Octaluna Entities deny the allegations set forth in Paragraph 454 of the SAC.

**COUNT XXIII:        [RESERVED]**

455.    No response required.

456.    No response required.

457.    No response required.

**COUNT XXIV:        UNJUST ENRICHMENT (TAX DIVIDENDS)**
**(By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

458.    The Count XXIV Defendants repeat and reassert the preceding answers in Paragraphs 1-457 as if fully set forth herein.

459.    The Count XXIV Defendants deny the allegations set forth in Paragraph 459 of the SAC.

55

460.    The Count XXIV Defendants deny the allegations set forth in Paragraph 460 of the

SAC, except refer the Court to the audited 2018 financial statements for ███ for their complete

and accurate contents.

461.    The Count XXIV Defendants deny the allegations set forth in Paragraph 461 of the

SAC.

462.    The Count XXIV Defendants deny the allegations set forth in Paragraph 462 of the

SAC.

463.    The Count XXIV Defendants deny the allegations set forth in Paragraph 463 of the

SAC.

## COUNTS SEEKING REMEDIES FOR MISCONDUCT IN PORTFOLIO COMPANY MANAGEMENT

### COUNT XXV:        BREACHES OF LLC AGREEMENTS
**(By Zohar II 2005-1, Corp. individually and the Zohar Funds on behalf of the LLC Portfolio Company Litigants and Heritage Aviation Against Lynn Tilton)**

464.    Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-463 as if

fully set forth herein.

465.    Paragraph 465 of the SAC states legal conclusions to which no response is required.

To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 465

of the SAC.

466.    Paragraph 466 of the SAC states legal conclusions to which no response is required.

To the extent a response is required, Ms. Tilton admits the allegations set forth in Paragraph 466

of the SAC, and refers the Court to the order authorizing the Zohar Funds' sale of interests in RM

Acquisition for its complete and accurate contents.

467.     Paragraph 467 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 467 of the SAC.

468.     Paragraph 468 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 468 of the SAC.

469.     Paragraph 469 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 469 of the SAC.

470.     Ms. Tilton admits the allegations set forth in Paragraph 470 of the SAC.

471.     Ms. Tilton denies the allegations set forth in Paragraph 471 of the SAC, except admits that she was the sole manager of many of the LLC Portfolio Companies, or the manager or director of another legal entity that served as the manager under the relevant LLC agreement.

472.     Ms. Tilton states that the term "LLC Agreement" as used in Paragraph 472 of the SAC is vague, and on that basis denies the allegations set forth in Paragraph 472 of the SAC.

473.     Ms. Tilton denies the allegations set forth in Paragraph 473 of the SAC.

474.     Ms. Tilton denies the allegations set forth in Paragraph 474 of the SAC.

475.     Paragraph 475 of the SAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 475 of the SAC.

476.     Ms. Tilton denies the allegations set forth in Paragraph 476 of the SAC.

477.     Ms. Tilton denies the allegations set forth in Paragraph 477 of the SAC.

478.    The allegations set forth in Paragraph 478 of the SAC purport to characterize the ██████████ GAS, and Stila LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

479.    Paragraph 479 of the SAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 479 of the SAC.

480.    Ms. Tilton denies the allegations set forth in Paragraph 480 of the SAC, except admits that, in her capacity as Manager for ██████████ GAS, and Stila, she executed the November 2017 Written consents and refers the Court to those documents for their complete and accurate contents.

481.    Paragraph 481 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 481 of the SAC.

482.    The allegations set forth in Paragraph 482 of the SAC purport to characterize the ██████████ GAS, and Stila LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

483.    Paragraph 483 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations in Paragraph 483 of the SAC.

484.    Ms. Tilton denies the allegations set forth in Paragraph 484 of the SAC, except refers the Court to the November 2017 Written Consents for their complete and accurate contents.

485.    Ms. Tilton denies the allegations set forth in Paragraph 485 of the SAC, except refers the Court to the November 2017 Written Consents for their complete and accurate contents.

486.    Ms. Tilton denies the allegations set forth in Paragraph 486 of the SAC.

487.    Ms. Tilton denies the allegations set forth in Paragraph 487 of the SAC.

488.    Ms. Tilton denies the allegations set forth in Paragraph 488 of the SAC.

489.    Ms. Tilton denies the allegations set forth in Paragraph 489 of the SAC, except refers the Court to the Phantom Equity Agreements for their complete and accurate contents.

490.    Ms. Tilton denies the allegations set forth in Paragraph 490 of the SAC, except refers the Court to the Phantom Equity Agreements for their complete and accurate contents.

491.    Ms. Tilton denies the allegations set forth in Paragraph 491 of the SAC.

492.    The allegations set forth in Paragraph 492 of the SAC purport to characterize the LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

493.    Paragraph 493 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 493 of the SAC, except admits that she is the indirect owner of 99% of PPMG.

494.    Ms. Tilton denies the allegations set forth in Paragraph 494 of the SAC, except states that the allegation of "control" set forth in the second sentence of Paragraph 494 of the SAC is a legal conclusion to which no response is required.

495.    Ms. Tilton denies the allegations set forth in Paragraph 495 of the SAC, except states that the allegation of "control" set forth in Paragraph 495 of the SAC is a legal conclusion to which no response is required.

496.    Ms. Tilton denies the allegations set forth in Paragraph 496 of the SAC.

497.    Ms. Tilton denies the allegations set forth in Paragraph 497 of the SAC, except admits certain amendments to the PPMG Agreements were dated either August 25, 2015 or September 25, 2015.

498.    Ms. Tilton denies the allegations set forth in Paragraph 498 of the SAC, except refers the Court to the PPMG Agreements for their complete and accurate contents.

499.    Ms. Tilton denies the allegations set forth in Paragraph 499 of the SAC.

500.    Paragraph 500 of the SAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 500 of the SAC.

501.    Paragraph 501 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 501 of the SAC.

502.    Ms. Tilton denies the allegations set forth in Paragraph 502 of the SAC, except refers the Court to the LLC Agreements for their complete and accurate contents.

503.    Ms. Tilton denies the allegations set forth in Paragraph 503 of the SAC, except refers the Court to the LLC Agreements for their complete and accurate contents.

504.    Ms. Tilton denies the allegations set forth in Paragraph 504 of the SAC.

505.    Ms. Tilton denies the allegations set forth in Paragraph 505 of the SAC.

506.    Ms. Tilton denies the allegations set forth in Paragraph 506 of the SAC.

507.    Ms. Tilton denies the allegations set forth in Paragraph 507 of the SAC.

508.    Ms. Tilton denies the allegations set forth in Paragraph 508 of the SAC.

509.    Ms. Tilton denies the allegations set forth in Paragraph 509 of the SAC.

510.    Ms. Tilton denies the allegations set forth in Paragraph 510 of the SAC.

57772/0001-43303530v1

511.    Ms. Tilton denies the allegations set forth in Paragraph 511 of the SAC.

512.    Ms. Tilton denies the allegations set forth in Paragraph 512 of the SAC.

513.    Ms. Tilton denies the allegations set forth in Paragraph 513 of the SAC.

514.    Paragraph 514 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 514 of the SAC.

515.    Paragraph 515 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 515 of the SAC.

516.    Ms. Tilton denies the allegations set forth in Paragraph 516 of the SAC.

517.    Ms. Tilton denies the allegations set forth in Paragraph 517 of the SAC.

518.    Ms. Tilton denies the allegations set forth in Paragraph 518 of the SAC.

519.    Ms. Tilton denies the allegations set forth in Paragraph 519 of the SAC.

520.    Ms. Tilton denies the allegations set forth in Paragraph 520 of the SAC.

521.    Ms. Tilton denies the allegations set forth in Paragraph 521 of the SAC.

522.    Paragraph 522 of the SAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 522 of the SAC.

## COUNT XXVI:        TORTIOUS INTERFERENCE WITH THE LLC AGREEMENTS
### (By Zohar II 2005-1, Corp. individually and the Zohar Funds individually and on behalf of the Tax Dividend Payors Against the Octaluna Entities)

523.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-522 as if fully set forth herein.

524.    Paragraph 524 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 524 of the SAC.

525.    Paragraph 525 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 525 of the SAC, except refer the Court to the referenced order for its complete and accurate contents.

526.    Paragraph 526 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 526 of the SAC.

527.    Paragraph 527 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 527 of the SAC.

528.    Paragraph 528 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 528 of the SAC.

529.    The Octaluna Entities admit the allegations set forth in Paragraph 529 of the SAC.

530.    The Octaluna Entities state that the term "LLC Agreement" as used in Paragraph 530 of the SAC is vague, and on that basis deny the allegations set forth in Paragraph 530 of the SAC.

531.    The Octaluna Entities deny the allegations set forth in Paragraph 531 of the SAC.

532.    The Octaluna Entities deny the allegations set forth in Paragraph 532 of the SAC.

533.    Paragraph 533 of the SAC purports to characterize the LLC Agreements and no response is required. The Octaluna Entities refer the Court to those documents for their complete and accurate contents.

534.    The Octaluna Entities deny the allegations set forth in Paragraph 534 of the SAC.

535.    Paragraph 535 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 535 of the SAC.

536.    Paragraph 536 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 536 of the SAC.

537.    Paragraph 537 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 537 of the SAC.

538.    Paragraph 538 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 538 of the SAC.

539.    Paragraph 539 of the SAC purports to characterize the LLC Agreements and no response is required. The Octaluna Entities refer the Court to those documents for their complete and accurate contents.

540.    Paragraph 540 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations in Paragraph 540 of the SAC.

541.    Paragraph 541 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 541 of the SAC.

542.    Paragraph 542 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 542 of the SAC.

543.    Paragraph 543 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 543 of the SAC.

**COUNT XXVII:    TORTIOUS INTERFERENCE WITH THE LLC AGREEMENTS**
**(By Zohar II 2005-1 Corp. individually and the Zohar Funds on behalf of the LLC**
**Portfolio Company Litigants Against PPMG)**

544.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-543 as if fully set forth herein.

545.    Paragraph 545 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 545 of the SAC.

546.    Paragraph 546 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 546 of the SAC.

547.    Paragraph 547 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 547 of the SAC

57772/0001-43303530v1

548.    Paragraph 548 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 548 of the SAC.

549.    PPMG admits the allegations set forth in Paragraph 549 of the SAC.

550.    PPMG states that the term "LLC Agreement" as used in Paragraph 550 of the SAC is vague, and on that basis denies the allegations set forth in Paragraph 550 of the SAC.

551.    PPMG denies the allegations set forth in Paragraph 551 of the SAC.

552.    PPMG denies the allegations set forth in Paragraph 552 of the SAC.

553.    Paragraph 553 of the SAC purports to characterize the LLC Agreements and no response is required. PPMG refers the Court to those documents for their complete and accurate contents.

554.    PPMG denies the allegations set forth in Paragraph 554 of the SAC.

555.    PPMG denies the allegations set forth in Paragraph 555 of the SAC.

556.    Paragraph 556 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 556 of the SAC.

557.    Paragraph 557 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 557 of the SAC.

### COUNT XXVIII:    TORTIOUS INTERFERENCE WITH THE MD HELICOPTERS, INC. STOCKHOLDERS AGREEMENTS
### (By the Zohar Funds Against Lynn Tilton and PPMG)

558.    The Count XXVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-557 as if fully set forth herein.

65

559. The Count XXVIII Defendants admit the allegations set forth in Paragraph 559 of the SAC.

560. The Count XXVIII Defendants admit the allegations set forth in Paragraph 560 of the SAC.

561. The Count XXVIII Defendants deny the allegations set forth in Paragraph 561 of the SAC.

562. The Count XXVIII Defendants deny the allegations set forth in Paragraph 562 of the SAC.

563. The Count XXVIII Defendants deny the allegations set forth in Paragraph 563 of the SAC, except admit that Ms. Tilton was the CEO of MD Helicopters at the time of MD Helicopters' entry into the Phantom Equity Agreement.

564. The Count XXVIII Defendants deny the allegations set forth in Paragraph 564 of the SAC, except refer the Court to the MD Stockholders Agreement and the Phantom Equity Agreement for their complete and accurate contents.

565. The Count XXVIII Defendants deny the allegations set forth in Paragraph 565 of the SAC.

566. The Count XXVIII Defendants deny the allegations set forth in Paragraph 566 of the SAC, except admit that Ms. Tilton served as a Director of MD Helicopters from 2005 until 2020.

567. The Count XXVIII Defendants deny the allegations set forth in Paragraph 567 of the SAC.

568. The Count XXVIII Defendants deny the allegations set forth in Paragraph 568 of the SAC.

569. The Count XXVIII Defendants deny the allegations set forth in Paragraph 569 of the SAC.

570. The Count XXVIII Defendants deny the allegations set forth in Paragraph 570 of the SAC.

571. The Count XXVIII Defendants deny the allegations set forth in Paragraph 571 of the SAC.

572. The allegations set forth in Paragraph 572 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXVIII Defendants deny the allegations set forth in Paragraph 572 of the SAC.

573. Paragraph 573 of the SAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, the Count XXVIII Defendants deny the allegations set forth in Paragraph 573 of the SAC.

574. The Count XXVIII Defendants deny the allegations set forth in Paragraph 574 of the SAC.

**COUNT XXIX:    BREACH OF FIDUCIARY DUTIES OWED TO THE CORPORATION PORTFOLIO COMPANIES, HERITAGE AVAITION [*sic*] AND PDP (By Zohar II individually and the Zohar Funds on behalf of the Corporation Portfolio Company Litigants and Heritage Aviation Against Lynn Tilton)**

575. Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-574 as if fully set forth herein.

576. Paragraph 576 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 576 of the SAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in FSAR Holdings, Inc. for its complete and accurate contents.

67

577.     Paragraph 577 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 577 of the SAC.

578.     Ms. Tilton denies the allegations set forth in Paragraph 578 of the SAC, except admits that she served on the boards of directors of certain Corporation Portfolio Companies.

579.     Ms. Tilton denies the allegations set forth in Paragraph 579 of the SAC, except admits that she served on the boards of directors of the Corporation Portfolio Companies.

580.     Paragraph 580 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 580 of the SAC.

581.     Paragraph 581 of the SAC purports to summarize the law and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 581 of the SAC.

582.     Paragraph 582 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 582 of the SAC.

583.     Paragraph 583 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 583 of the SAC.

584.     Paragraph 584 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 584 of the SAC, except admits that she is the indirect owner of 99% of, and manager of, PPMG.

585.     Ms. Tilton denies the allegations set forth in Paragraph 585 of the SAC.

68

586.    Ms. Tilton admits the allegations set forth in the first sentence of Paragraph 586 of the SAC. Ms. Tilton denies the allegations set forth in the second sentence of Paragraph 586 of the SAC.

587.    Ms. Tilton denies the allegations set forth in Paragraph 587 of the SAC, except admits she was a manager of Performance Designed Products, LLC at the time it entered into its PPMG Agreement.

588.    Ms. Tilton denies the allegations set forth in Paragraph 588 of the SAC, except admits that she was the manager of Zohar HA, LLC and sole person with authority with respect to Zohar HA, LLC; and states that the allegation of "control" states a legal conclusion to which no response is required.

589.    Ms. Tilton denies the allegations set forth in Paragraph 589 of the SAC.

590.    Ms. Tilton denies the allegations set forth in Paragraph 590 of the SAC.

591.    Ms. Tilton denies the allegations set forth in Paragraph 591 of the SAC.

592.    Ms. Tilton denies the allegations set forth in Paragraph 592 of the SAC, except refers the Court to the PPMG Agreements and amendments for their complete and accurate contents.

593.    Ms. Tilton denies the allegations set forth in Paragraph 593 of the SAC, except refers the Court to the PPMG Agreements and amendments for their complete and accurate contents.

594.    Ms. Tilton denies the allegations set forth in Paragraph 594 of the SAC.

595.    Ms. Tilton denies the allegations set forth in Paragraph 595 of the SAC.

596.    Ms. Tilton denies the allegations set forth in Paragraph 596 of the SAC.

**COUNT XXX:        AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**(By Zohar II individually and the Zohar Funds on behalf of the Corporation Portfolio**
**Company Litigants, PDP and Heritage Aviation Against PPMG)**

597.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-596 as if fully set forth herein.

598.    Paragraph 598 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 598 of the SAC.

599.    Paragraph 599 of the SAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 599 of the SAC.

600.    PPMG denies the allegations in Paragraph 600 of the SAC, except admits that Ms. Tilton is the manager of PPMG; further admits that she served as a director of the Corporation Portfolio Companies; and states that the allegation of "control" set forth in the first sentence of Paragraph 600 of the SAC is a legal conclusion to which no response is required.

601.    PPMG denies the allegations set forth in Paragraph 601 of the SAC, except states that the allegation of "control" set forth in Paragraph 601 of the SAC is a legal conclusion to which no response is required.

602.    PPMG denies the allegations set forth in Paragraph 602 of the SAC.

603.    PPMG denies the allegations set forth in Paragraph 603 of the SAC.

**COUNT XXXI:        ACTUAL FRAUDULENT TRANSFER (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

604.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-603 as if fully set forth herein.

605.    PPMG denies the allegations set forth in Paragraph 605 of the SAC, except admits that the Zohar Funds were lenders to Dura Automotive, GAS, Heritage Aviation, Ltd., ████ ████████ Libertas Copper, LLC, LVD Acquisition, LLC, MD Helicopters, Rand Acquisition, Snelling Staffing, LLC, and ██████.

606.    PPMG denies the allegations set forth in Paragraph 606 of the SAC.

607.    PPMG denies the allegations set forth in Paragraph 607 of the SAC.

608.    PPMG denies the allegations set forth in Paragraph 608 of the SAC.

609.    PPMG denies the allegations set forth in Paragraph 609 of the SAC.

610.    PPMG denies the allegations set forth in Paragraph 610 of the SAC.

611.    PPMG denies the allegations set forth in Paragraph 611 of the SAC.

612.    PPMG denies the allegations set forth in Paragraph 612 of the SAC.

613.    PPMG denies the allegations set forth in Paragraph 613 of the SAC.

**COUNT XXXII:      CONSTRUCTIVE FRAUDULENT TRANSFER (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

614.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-613 as if fully set forth herein.

615.    PPMG denies the allegations set forth in Paragraph 615 of the SAC, except admits that the Zohar Funds were lenders to Dura Automotive, GAS, Heritage Aviation, Ltd., ████ ████████ Libertas Copper, LLC, LVD Acquisition, LLC, MD Helicopters, Rand Acquisition, Snelling Staffing, LLC, and ██████.

616.    PPMG denies the allegations in Paragraph 616 of the SAC.

617.    PPMG denies the allegations in Paragraph 617 of the SAC.

618.    PPMG denies the allegations in Paragraphs 618 of the SAC.

71

619.    PPMG denies the allegations in Paragraph 619 of the SAC.

620.    PPMG denies the allegations in Paragraph 620 of the SAC.

621.    PPMG denies the allegations in Paragraph 621 of the SAC.

### COUNT XXXIII:    UNJUST ENRICHMENT
### (By the Zohar Funds Against the Octaluna Entities and PPMG)

622.    The Count XXXIII Defendants repeat and reassert the preceding answers in Paragraphs 1-621 as if fully set forth herein.

623.    The Count XXXIII Defendants deny the allegations in Paragraph 623 of the SAC.

624.    The Count XXXIII Defendants deny the allegations in Paragraph 624 of the SAC.

625.    The Count XXXIII Defendants deny the allegations in Paragraph 625 of the SAC.

626.    The Count XXXIII Defendants deny the allegations in Paragraph 626 of the SAC.

627.    The Count XXXIII Defendants deny the allegations in Paragraph 627 of the SAC.

628.    The Count XXXIII Defendants deny the allegations in Paragraph 628 of the SAC.

### COUNT XXXIV:    FAITHLESS SERVANT
### (By the Zohar Funds Against the Patriarch Managers)

629.    The Patriarch Managers repeat and reassert the preceding answers in Paragraphs 1-628 as if fully set forth herein.

630.    The Patriarch Managers admit the allegations set forth in Paragraph 630 of the SAC.

631.    The Patriarch Managers deny the allegations in Paragraph 631 of the SAC.

632.    The Patriarch Managers deny the allegations in Paragraph 632 of the SAC.

633.    The Patriarch Managers deny the allegations in Paragraph 633 of the SAC.

634.    The Patriarch Managers deny the allegations in Paragraph 634 of the SAC.

635.    The Patriarch Managers deny the allegations in Paragraph 635 of the SAC.

636.     The Patriarch Managers deny the allegations in Paragraph 636 of the SAC.

637.     The Patriarch Managers deny the allegations in Paragraph 637 of the SAC.

638.     The Patriarch Managers deny the allegations in Paragraph 638 of the SAC.

**COUNT XXXV:      CONVERSION OF ZOHAR FUNDS' PROPERTY**
**(By the Zohar Funds Against Tilton, PPAS, PPMG, Ark II, and AIP)**

639.     The Count XXXV Defendants repeat and reassert the preceding answers in Paragraphs 1-638 as if fully set forth herein.

640.     The Count XXXV Defendants admit the allegations set forth in the first sentence of Paragraph 640 of the SAC. The allegations in the second sentence of Paragraph 640 of the SAC state legal conclusions to which no response is required. The Count XXXV Defendants refer the court to the referenced documents for their complete and accurate contents.

641.     The Count XXXV Defendants admit the allegations set forth in Paragraph 641 of the SAC.

642.     The Count XXXV Defendants deny the allegations set forth in Paragraph 642 of the SAC.

643.     The Count XXXV Defendants admit the allegations set forth in Paragraph 643 of the SAC.

644.     The Count XXXV Defendants deny the allegations set forth in Paragraph 644 of the SAC.

645.     The Count XXXV Defendants deny the allegations in Paragraph 645 of the SAC.

646.     The Count XXXV Defendants deny the allegations in Paragraph 646 of the SAC.

**COUNT XXXVI:    AVOIDANCE OF POSTPETITION TRANSFER OF PROPERTY
OF THE ESTATE PURSUANT TO 11 U.S.C. § 549
(By the Zohar Funds Against Tilton, PPAs, PPMG, Ark, and AIP)**

647.    The Count XXXVI Defendants repeat and reassert the preceding answers in Paragraphs 1-646 as if fully set forth herein.

648.    Paragraph 648 of the SAC states legal conclusions to which no response is required. The Count XXXVI Defendants refer the Court to the referenced documents for their complete and accurate contents.

649.    The Count XXXVI Defendants admit the allegations set forth in Paragraph 649 of the SAC.

650.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 650 of the SAC.

651.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 651 of the SAC, except admit that PPAS received approximately $5.5 million from the Boland Plant Sale and approximately $2 million from the Darlington Plant Demolition.

652.    Paragraph 652 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, the Count XXXVI Defendants deny the allegations set forth in Paragraph 652 of the SAC.

653.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 653 of the SAC. The allegations set forth in the footnote to Paragraph 653 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVI Defendants deny the allegations set forth in Paragraph 653 of the SAC.

57772/0001-43303530v1

654.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 654 of the SAC.

655.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 655 of the SAC.

### COUNT XXXVII:    CONSTRUCTIVE FRAUDULENT TRANSFER
#### (By the Zohar Funds Against Tilton, PPAS, PPMG, and the Ark Entities)

656.    The Count XXXVII Defendants repeat and reassert the preceding answers in Paragraphs 1-655 as if fully set forth herein.

657.    The allegations set forth in the first sentence of Paragraph 657 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVII Defendants deny the allegations set forth in the first sentence of Paragraph 657 of the SAC. The Count XXXVII Defendants deny the remaining allegations set forth in Paragraph 657 of the SAC.

658.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 658 of the SAC.

659.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 659 of the SAC.

660.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 660 of the SAC, and refer the Court to the foreclosure notice and the October 26, 2018 letter from counsel to PPAS for their complete and accurate contents.

661.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 661 of the SAC, except state that the ███████████████ were received by a subsidiary of Galey & Lord.

75

662.     The Count XXXVII Defendants deny the allegations set forth in Paragraph 662 of the SAC.

663.     The Count XXXVII Defendants deny the allegations set forth in Paragraph 663 of the SAC, and state that the allegations related to "insolvency" set forth in Paragraph 663 of the SAC state legal conclusions to which no response is required.

664.     The Count XXXVII Defendants deny the allegations set forth in Paragraph 664 of the SAC.

665.     Paragraph 665 states legal conclusions to which no response is required. To the extent a response is required, the Count XXXVII Defendants deny the allegations set forth in Paragraph 665 of the SAC.

### COUNT XXXVIII:   ACTUAL FRAUDULENT TRANSFER
### (By the Zohar Funds Against PPAS & PPMG)

666.     The Count XXXVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-665 as if fully set forth herein.

667.     The allegations set forth in the first sentence of Paragraph 667 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVIII Defendants deny the allegations set forth in the first sentence of Paragraph 667 of the SAC. The Count XXXVIII Defendants deny the remaining allegations set forth in Paragraph 667 of the SAC.

668.     The Count XXXVIII Defendants admit the allegations in Paragraph 668 of the SAC.

669.     The Count XXXVIII Defendants admit the allegations set forth in Paragraph 669 of the SAC, and state that the ███████████████████ were received by a subsidiary of Galey & Lord.

76

670.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 670 of the SAC.

671.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 671 of the SAC.

672.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 672 of the SAC.

673.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 673 of the SAC.

674.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 674 of the SAC. The allegations set forth in the footnote to Paragraph 674 of the SAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVIII Defendants deny the allegations set forth in the footnote to Paragraph 674 of the SAC.

675.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 675 of the SAC.

676.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 676 of the SAC.

### COUNT XXXIX:    DISGORGEMENT OF FEES AND EXPENSES
### (By the Zohar Funds Against Tilton and the Patriarch Secured Parties)

677.    The Count XXXIX Defendants repeat and reassert the preceding answers in Paragraphs 1-676 as if fully set forth herein.

678.    The allegations set forth in Paragraph 678 of the SAC purport to characterize the Cash Collateral Order and no response is required. The Count XXXIX Defendants refer the Court to the Cash Collateral Order for its complete and accurate contents.

679.    The allegations set forth in Paragraph 679 of the SAC purport to characterize the Cash Collateral Order and no response is required. The Count XXXIX Defendants refer the Court to the Cash Collateral Order for its complete and accurate contents.

680.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 680 of the SAC.

681.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 681 of the SAC.

682.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 682 of the SAC.

683.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 683 of the SAC.

684.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 684 of the SAC and state that the allegations set forth in Paragraph 684 of the SAC are barred by res judicata, collateral estoppel, and the law of the case doctrine.

685.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 685 of the SAC.

686.    The Count XXXIX Defendants deny the allegations set forth in Paragraph 686 of the SAC.

**COUNT XL:    BREACH OF THE GALEY & LORD CREDIT AGREEMENT, ABL CREDIT AGREEMENT, AND INTERCREDITOR AGREEMENT (By the Zohar Funds Against PPAS, Ark II, and AIP)**

687.    The Count XL Defendants repeat and reassert the preceding answers in Paragraphs 1-686 as if fully set forth herein.

688.    The allegations set forth in the first sentence of Paragraph 688 of the SAC purport to characterize the Zohar Funds' claims and therefore no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in the first sentence of Paragraph 688 of the SAC. The Count XL Defendants deny the remaining allegations set forth in Paragraph 688 of the SAC.

689.    The Count XL Defendants deny the allegations set forth in Paragraph 689 of the SAC, except refer the Court to the Galey & Lord Intercreditor Agreement for its complete and accurate contents.

690.    The Count XL Defendants deny the allegations set forth in Paragraph 690 of the SAC, except refer the Court to the Galey & Lord Intercreditor Agreement and the Galey & Lord Term Loan Credit Agreement for their complete and accurate contents.

691.    The Count XL Defendants deny the allegations set forth in Paragraph 691 of the SAC.

692.    The Count XL Defendants deny the allegations set forth in Paragraph 692 of the SAC.

693.    The Count XL Defendants admit the allegations set forth in Paragraph 693 of the SAC.

694.    Paragraph 694 of the SAC states legal conclusions to which no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in Paragraph 694 of the SAC, except refer the Court to the Galey & Lord ABL Credit Agreement and the Term Loan Credit Agreement for their complete and accurate contents.

695.    The Count XL Defendants deny the allegations set forth in Paragraph 695 of the SAC.

696.     Paragraph 696 of the SAC, including the footnote, purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in Paragraph 696 of the SAC.

**COUNT XLI:        UNJUST ENRICHMENT (INVALID PARAGRAPH 18 CLAIMS)**
**(By the Zohar Funds Against the Octaluna Entities, Tilton and PPMG)**

697.     The Count XLI Defendants repeat and reassert the preceding answers in Paragraphs 1-696 as if fully set forth herein.

698.     Paragraph 698 of the SAC purports to characterize the Settlement Agreement and no response is required. The Count XLI Defendants refer the Court to that agreement for its complete and accurate contents.

699.     Paragraph 699 of the SAC purports to characterize the Settlement Agreement and no response is required. The Count XLI Defendants refer the Court to that agreement for its complete and accurate contents.

700.     The Count XLI Defendants deny the allegations set forth in Paragraph 700 of the SAC.

701.     The Count XLI Defendants deny the allegations set forth in Paragraph 701 of the SAC.

702.     The Count XLI Defendants deny the allegations set forth in Paragraph 702 of the SAC.

703.     The Count XLI Defendants deny the allegations set forth in Paragraph 703 of the SAC.

704.     The Count XLI Defendants deny the allegations set forth in Paragraph 704 of the SAC.

705.    The Count XLI Defendants deny the allegations set forth in Paragraph 705 of the SAC.

706.    The Count XLI Defendants deny the allegations set forth in Paragraph 706 of the SAC.

707.    The Count XLI Defendants deny the allegations set forth in Paragraph 707 of the SAC.

**COUNT XLII:    BREACH OF SETTLEMENT AGREEMENT (TAX DIVIDENDS)**
**(By the Zohar Funds Against Tilton, the Ark Entities and the Octaluna Entities)**

708.    The Count XLII Defendants repeat and reassert the preceding answers set forth in Paragraphs 1-707 as if fully set forth herein.

709.    Paragraph 709 of the SAC purports to characterize the Settlement Agreement and no response is required. The Count XLII Defendants refer the Court to that document for its complete and accurate contents.

710.    The Count XLII Defendants deny the allegations set forth in Paragraph 710 of the SAC.

711.    Paragraph 711 of the SAC purports to characterize the Settlement Agreement and no response is required. The Count XLII Defendants refer the Court to that agreement for its complete and accurate contents.

712.    The Count XLII Defendants deny the allegations set forth in Paragraph 712 of the SAC.

713.    The Count XLII Defendants deny the allegations set forth in Paragraph 713 of the SAC.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in the WHEREFORE clause and its subparts and deny that Plaintiffs are entitled to any of the relief sought therein.

## AFFIRMATIVE DEFENSES

1.      As and for a first affirmative defense, Plaintiffs fail to state any claim upon which relief can be granted.

2.      As and for a second affirmative defense, Plaintiffs' claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or the law of the case doctrine.

3.      As and for a third affirmative defense, Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of any claims asserted.

4.      As and for a fourth affirmative defense, Plaintiffs' claims against Defendants are barred, in whole or in part, because some or all of the damages sustained by Plaintiffs, if any, were not caused by Defendants, but instead were caused by the actions or omissions of other persons or entities over which Defendants had no control, including without limitation the wrongful actions or material omissions caused by Plaintiffs, which were intervening or superseding causes of damages allegedly sustained by Plaintiff.

5.      As and for a fifth affirmative defense, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' unclean hands and bad faith.

6.      As and for a sixth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to make reasonable efforts to mitigate their alleged injury or damages that would have prevented all or part of any such alleged injury or damages.

57772/0001-43303530v1

7.      As and for a seventh affirmative defense, Plaintiffs' claims are barred, in whole or in part, because any alleged injury or damages could have been offset, prevented, or reduced, yet Plaintiffs deliberately and repeatedly failed to take such steps.

8.      As and for an eighth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs breached their own contractual obligations, including but not limited to those in the Indentures, Collateral Management Agreements, and Settlement Agreement.

9.      As and for a ninth affirmative defense, Plaintiffs' claims against Defendants are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiffs.

10.      As and for a tenth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because they are duplicative of other claims against Defendants in other adversary proceedings in this bankruptcy. Under no circumstances are Plaintiffs entitled to a double recovery.

11.      As and for an eleventh affirmative defense, Plaintiffs' claims are time-barred, in whole or in part, including by applicable statutes of limitation.

12.      As and for a twelfth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendants had an economic interest in the contracts at issue.

13.      As and for a thirteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because they are moot.

14.      As and for a fourteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs seek a remedy (or remedies) that is (are) not available to them.

15.      As and for a fifteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was expressly permitted or authorized under the relevant agreements.

16.      As and for a sixteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, based on the doctrine of *in pari delicto*.

17.      As and for a seventeenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims.

18.      As and for an eighteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not parties or third-party beneficiaries to the agreements at issue.

19.      As and for a nineteenth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendants took any alleged transfers for value, in good faith, and without knowledge of the potential voidability of the transfers.

20.      As and for a twentieth affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendants took all actions in good faith.

21.      As and for a twenty-first affirmative defense, Plaintiffs' claims are barred, in whole or in part, by the doctrines of setoff, payment, and/or recoupment, including, without limitation, the Defendants' right of setoff pursuant to 11 U.S.C. § 553 or pursuant to applicable law.

22.      Defendants reserve the right to raise additional and other affirmative defenses as may be or as may become applicable to the claims.

## JURY TRIAL REQUESTED

Defendants respectfully request a trial by jury.

## AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Counterclaim and Third-Party Claimants Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC (collectively, the "Patriarch Managers"); Octaluna, LLC ("Octaluna I"), Octaluna II, LLC ("Octaluna II"); Octaluna III, LLC ("Octaluna III") (together, with Octaluna I and II, the "Octaluna Entities"); Patriarch Partners Agency Services, LLC ("PPAS"); Patriarch Partners, LLC (collectively, "Counterclaimants"), by and through their counsel, hereby allege as follows:[6]

## INTRODUCTION

1.      For almost two decades, Lynn Tilton worked tirelessly, alongside hundreds of talented professionals at the Patriarch Managers and affiliated entities such as Patriarch Partners Management Group, LLC ("PPMG"), to transform a portfolio of distressed companies, many of them iconic American brands, into profitable ventures. She dedicated herself to this effort in good faith, to preserve jobs for tens of thousands of employees, to repay the Zohar Funds' noteholders, with interest, and to realize returns on her own significant personal investments.

2.      Ms. Tilton created and is the ultimate owner of the Zohar Funds. Since the inception of the Zohar Funds, Ms. Tilton, through her affiliates, personally invested ***more than $1.1 billion*** in the Zohar Funds and the Portfolio Companies, including through preference shares and other Zohar Funds notes, and loans to and equity in the Portfolio Companies.

3.      The Zohar Funds are suing Ms. Tilton and her affiliates because the Zohar Funds and/or their controlling parties made a series of financially irrational and irresponsible decisions which served only to hurt the value of the Portfolio Companies and, thus, the ability of the Zohar

---

[6] Capitalized terms not defined within the Amended Counterclaims and Third-Party Claims have the meanings ascribed to them in the Corrected Second Amended Complaint. D.I. 171 ("SAC").

Funds to repay their noteholders in full. They seek to transfer blame to Ms. Tilton by taking issue with virtually every action she or her affiliates took with respect to the Portfolio Companies (even when those actions contributed to the success of the Portfolio Companies) or in connection with the management of the Zohar Funds. The Zohar Funds are doing so in order to recoup their self-caused losses by clawing back monies that Ms. Tilton and her affiliates fully and rightfully earned. In so doing, they even seek to relitigate matters that the SEC fully investigated, tried, and for which Ms. Tilton and her affiliates were fully exonerated. Indeed, the Administrative Law Judge presiding over the lengthy SEC evidentiary hearing found that the actions complained of by the SEC were entirely allowed under the Fund Indentures. Nevertheless, the Debtors – notwithstanding the fact that some of their controlling parties and other noteholders participated in the SEC proceeding – have resurrected and seek to revisit these very same claims in an effort to extract more money for themselves.

4.      Included in the amounts the Zohar Funds seek to claw back are payments the Funds and Portfolio Companies made to the Patriarch Managers, PPMG, and PPAS for highly valuable services actually rendered by the hundreds of hardworking professionals employed by those affiliates over the years. Contrary to the story woven by the Zohar Funds, these fees were neither unnecessary nor unwarranted. Rather, the Patriarch Managers earned these fees by providing valuable collateral manager services, including selecting and monitoring the Funds' investments, working with the Funds' trustee to prepare regular trustee reports, and preparing financial statements. The Patriarch Managers' fees were specifically authorized by and required under the Zohar Funds' governing documents and the Collateral Management Agreements ("CMAs"). PPMG likewise earned fees for providing operational, legal, design, financial support, and other valuable services, pursuant to written agreements with the Portfolio Companies. And PPAS earned

fees in connection with its position as administrative agent, by collecting interest, distributing loan proceeds, and, where necessary and appropriate, foreclosing on assets to provide a recovery to the secured lenders, also pursuant to written Credit Agreements.

5.      As set forth in the Answer, the Zohar Funds have no legitimate claim against Ms. Tilton or any of her affiliates, and the entire premise underlying the Zohar Funds' lawsuit – that Ms. Tilton put her own interests above the Funds and the Portfolio Companies – is flawed to the core.

6.      At the same time that the Zohar Funds are asserting their meritless claims, they (along with the Zohar I, II, and III Obligors, together, the "Zohar Obligors") owe Ms. Tilton's affiliates millions in unpaid fees and unpaid expenses, as well as unpaid principal on Class B Notes issued by the Zohar Funds to the Octaluna Entities under the Indentures. They further owe the Patriarch Managers for millions in earned but unpaid collateral management fees and indemnification for legal fees and costs. In addition, the Zohar Funds owe PPAS millions of dollars in indemnifiable losses and expenses, and Patriarch Partners, LLC for hundreds of thousands in legal fees and expenses incurred in connection with its defense of certain legal actions.

## PARTIES

7.      Counterclaimant Patriarch Partners VIII, LLC ("Patriarch VIII") is a Delaware limited liability company with a principal place of business in New York, New York. Until March 2, 2016, Patriarch VIII served as the collateral manager of Zohar I.

8.      Counterclaimant Patriarch Partners XIV, LLC ("Patriarch XIV") is a Delaware limited liability company with a principal place of business in New York, New York. Until March 2, 2016, Patriarch XIV was the collateral manager of Zohar II.

87

9.      Counterclaimant Patriarch Partners XV, LLC ("Patriarch XV") is a Delaware limited liability company with a principal place of business in New York, New York. Until March 2, 2016, Patriarch XV served as the collateral manager of Zohar III. Together, Patriarch VIII, Patriarch XIV, and Patriarch XV are referred to as the "Patriarch Managers."

10.     Counterclaimant Patriarch Partners Agency Services, LLC ("PPAS") is a Delaware limited liability company with its principal place of business in New York, New York. PPAS served as the administrative agent under the Portfolio Company Credit Agreements. In April 2019, PPAS was replaced as administrative agent for the Zohar loans under certain Credit Agreements with certain Portfolio Companies by Ankura Trust Company. PPAS has at all times remained administrative agent for Ms. Tilton's personal investment vehicles, Ark I CLO 2001-1, Ltd. ("Ark I") and Ark Investment Partners II, LP. ("AIP") under those same Credit Agreements.

11.     Counterclaimant Octaluna I is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York County, New York.

12.     Counterclaimant Octaluna II is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York County, New York.

13.     Counterclaimant Octaluna III is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York County, New York.

14.     Counterclaimant Patriarch Partners, LLC is a Delaware limited liability company with a principal place of business in New York, New York.

15.     Counterclaim Defendant Zohar CDO 2003-1, Limited ("Zohar I") is a company organized under the laws of the Cayman Islands.

16.     Third-Party Defendant Zohar CDO 2003-1, Corp. (together with Zohar I, the "Zohar I Obligors") is a corporation organized under the laws of the state of Delaware.

17.     Counterclaim Defendant Zohar II 2005-1, Limited ("Zohar II") is a company organized under the laws of the Cayman Islands.

18.     Counterclaim Defendant Zohar II 2005-1, Corp. (together with Zohar II, the "Zohar II Obligors") is a corporation organized under the laws of the state of Delaware.

19.     Counterclaim Defendant Zohar III, Limited ("Zohar III") is a company organized under the laws of the Cayman Islands.

20.     Third-Party Defendant Zohar III, Corp. (together with Zohar III, the "Zohar III Obligors") is a corporation organized under the laws of the state of Delaware.

## JURISDICTION AND VENUE

21.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in cases commenced under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code").

23.     This action is not a core proceeding pursuant to 28 U.S.C. § 157(b). Accordingly, the Court may not enter a final order or judgment consistent with Article III of the United States Constitution. Counterclaimants do not consent to the entry of final orders or judgment by the Court

if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## **COMMON ALLEGATIONS**

24.     The Zohar Funds – Zohar I, Zohar II, and Zohar III – are innovative distressed debt CLOs, modeled off an investment strategy Ms. Tilton developed in the early 2000s. Ms. Tilton's first two investment funds, known as Ark I and Ark II, were widely considered among the most successful of their kind and repaid their noteholders well before maturity.

25.     The Zohar Funds raised capital by issuing notes to highly sophisticated institutional investors. Under the governing Indentures, these investors were, in exchange, entitled to interest payments over time, plus return of their principal at the Funds' respective maturity dates: Zohar I was to mature in November 2015; Zohar II in January 2020; and Zohar III in 2019.

26.     The Zohar Funds' assets principally consisted of loans to deeply distressed companies, mostly undervalued businesses in need of capital and sound management strategy. Prior to the Zohar Funds' investment, these companies typically had no positive cash-flow, as they were often purchased out of bankruptcy through Section 363 sales, and in out-of-court asset sales or restructurings. The Zohar Funds also hold certain equity interests in these Portfolio Companies.

27.     The Zohar Funds' strategy was for the Portfolio Companies to be revived and sold, or their debt refinanced, in order to repay the Zohar Fund noteholders at maturity. While not all Portfolio Companies were expected to experience a successful turnaround, those that did were expected to "carry the day" and generate sufficient value to repay the noteholders at maturity.

28.     Underpinning this investment strategy was that Ms. Tilton would play an active role in the management, strategic direction, and rebuilding of each of the Portfolio Companies. She served as a board member or manager of all the Companies (in most cases, the sole board

member or manager). And for some Portfolio Companies, Ms. Tilton served as CEO and was deeply involved in their day-to-day operations.

***The Collateral Management Agreements***

29.     From the inception of each of the Zohar Funds until March 2, 2016, the Patriarch Managers provided collateral management services to the respective Zohar Funds pursuant to the terms of the CMAs.

30.     Each Patriarch Manager provided collateral management services to a particular Zohar Fund pursuant to a separate CMA. The below-referenced provisions are substantially identical across the respective Zohar Funds' CMAs.

31.     Serving as collateral manager for each of the Zohar Funds was an enormous undertaking. The Patriarch Managers managed the loan portfolios, including selecting Portfolio Companies and pricing loans, creating value through active participation in restructuring and loaning to own companies, monitoring and regularly reporting the cash flows of interest and principal, and ultimately monetizing the loans and related collateral. To provide these services, the Patriarch Managers and their affiliates employed dozens of professionals.

32.     In return, the Patriarch Managers received payment for the collateral management services they provided. Section 4.l(a) of the CMAs provides that the Patriarch Managers "shall be entitled to receive, at the times set forth in the Indenture and subject to the conditions set forth in the Indenture and in accordance with the Priority of Payment, to the extent funds are available therefore," the Senior Collateral Management Fees and the Subordinated Collateral Management Fees as defined and set forth in the CMAs.

33.     Section 4.l(d) of the CMAs provides, "If this Agreement is terminated for any reason . . . then . . . the fees calculated as provided in [this agreement] and payable to [the Patriarch Managers] shall be prorated for any partial period to, but excluding, the effective date of such

termination or removal. . . ." Patriarch VIII, Patriarch XIV, and Patriarch XV were the collateral managers of Zohar I, Zohar II, and Zohar III, respectively, from the time the funds were formed (in 2003, 2005, and 2007, respectively). On February 5, 2016, the Patriarch Managers provided notice of their resignation as collateral managers to the Zohar Funds, which resignation became effective March 2, 2016.

34.     Further, pursuant to the Granting Clause of each Indenture, the Zohar Obligors granted the Trustee all-asset liens to secure, among other obligations, the Zohar Funds' compliance with the provisions of the CMAs. Pursuant to each Indenture's Priority of Payments provision, the Senior Collateral Management Fees are senior in right of payment to both the Class A Notes and Class B Notes. The Subordinated Collateral Management Fees are junior in right of payment to the notes.

35.     Ms. Tilton stepped down as collateral manager based on MBIA's (the controlling party of Zohar I and II) assurances that, if she resigned as collateral manager 1) MBIA would continue to recognize her ownership and control of the Portfolio Companies;[7] and 2) given Ms. Tilton's positions as a noteholder and preference share holder of the Zohar Funds, and her positions with the various Portfolio Companies, such resignation was made with the understanding and agreement that Ms. Tilton would participate in the selection of a new collateral manager. Because she believed MBIA's assurances, Ms. Tilton voluntarily stepped down as collateral manager of the Zohar Funds, effective March 3, 2016, with the understanding and expectation that MBIA would continue recognizing her control and ownership rights (directly and through the successor

---

[7] Judge Drain, of the United States Bankruptcy Court for the Southern District of New York noted that Ms. Tilton remaining in those positions was "a good thing." Transcript of Evidentiary Hearing on Motions to Dismiss Involuntary Petitions, *In re Zohar CDO 2003-1, Ltd.*, No. 15-23680, 15-23581, 15-23682 (Bankr. S.D.N.Y. February 1, 2016) at 128:3-25 (emphasis added).

57772/0001-43303530v1

collateral manager), as MBIA had assured her many times. In so doing, Ms. Tilton believed that she was doing the best thing for both the Zohar Funds and the Portfolio Companies, as there would be less conflict with the Fund stakeholders and she could focus her attention on maximizing the value of the Portfolio Companies.

36.     Unfortunately, MBIA's assurances proved false. The Zohar Fund controlling parties – MBIA and the Zohar III controlling class – reneged on that promise and selected a new collateral manager without the knowledge of or input from Ms. Tilton. As of March 3, 2016, Alvarez and Marsal Zohar Management, LLC ("AMZM") was appointed collateral manager of the Zohar Funds. And neither MBIA, the Zohar III controlling class, nor AMZM recognized her ownership rights in the Portfolio Companies. And so, the conflicts not only continued, but mushroomed.

37.     However, pursuant to the terms of the CMAs and the Indentures governing each of the Zohar Funds, the Patriarch Managers remained entitled to the fees they had fully earned, but had not yet received, for the collateral management services the Patriarch Managers provided through their effective resignation date.

38.     Prior to its resignation, Patriarch VIII provided collateral management services to Zohar I and is entitled to the fees for its services, as set forth in the CMA for Zohar I. For collateral management services performed from August 20, 2012, through March 3, 2016, Patriarch VIII is entitled to unpaid Senior Collateral Management Fees of $170,454.55 and unpaid Subordinated Collateral Management Fees of $19,434,848.45. Pursuant to the Indenture for Zohar I, U.S. Bank as Trustee under the Indenture was obligated to make a payment to Patriarch VIII for certain of those services on May 20, 2016. At the direction of AMZM, U.S. Bank failed to release that payment to Patriarch VIII.

39.      Prior to its resignation, Patriarch XIV provided collateral management services to Zohar II and is entitled to the fees for its services, as set forth in the CMA for Zohar II. For collateral management services performed from October 20, 2015, through March 3, 2016, Patriarch XIV is entitled to unpaid Senior Collateral Management Fees of $1,228,804.30 and unpaid Subordinated Collateral Management Fees of $3,345,736.56. Pursuant to the Indenture for Zohar II, the Trustee was obligated to make a payment to Patriarch XIV for certain of those services on April 20, 2016. At the direction of AMZM, the Trustee failed to release that payment to Patriarch XIV.

40.      Prior to its resignation, Patriarch XV provided collateral management services to Zohar III and is entitled to fees for its services, as set forth in the CMA for Zohar III. For collateral management services performed from December 18, 2015, through March 3, 2016, Patriarch XV is entitled to unpaid Subordinated Collateral Management Fees of $2,281,497.95. Pursuant to the Indenture for Zohar III, the Trustee was obligated to make a payment to Patriarch XV for certain of those services on June 18, 2016. At the direction of AMZM, the Trustee failed to release that payment to Patriarch XV.

41.      Shortly after the Patriarch Managers' resignations, and after interfering with the Trustee's routine payment of fees to the Patriarch Managers, AMZM accused the Patriarch Managers of breaching certain obligations under the CMAs. Specifically, notwithstanding the fact that the Patriarch Managers had turned over thousands of pages of documents, including all of the Credit Agreements between the Zohar Funds and the Portfolio Companies, AMZM claimed that the Patriarch Managers failed to take adequate steps to turn over books and records of the Zohar Funds that Sections 5.7 and 6.3 of the CMAs purportedly required the Patriarch Managers to provide.

42.     When the Patriarch Managers objected to AMZM's interference with the payment of collateral management fees, U.S. Bank filed an interpleader action in New York State court, *U.S. Bank Nat'l Ass'n v. Patriarch Partners XIV, LLC et al.*, Index No. 652173/2016 (N.Y. Sup. Ct. 2016) (the "Interpleader Action"). The Patriarch Managers filed counterclaims in the Interpleader Action. On the same day, AMZM caused the Debtors to commence an action in Delaware Chancery Court captioned *Zohar CDO 2003-1, LLC et al. v. Patriarch Partners, LLC et al.*, No. 12247-VCS (Del. Ch. Ct. 2016) (the "Books and Records Action"), asserting that the Patriarch Managers failed to turn over required books and records. The Patriarch Managers filed counterclaims substantially similar to claims they filed in the Interpleader Action.

43.     On October 26, 2016, the Delaware Chancery Court issued a memorandum opinion summarizing its ruling on the Zohar Funds' books and records claims. *Zohar CDO 2003-1, LLC v. Patriarch Partners, LLC*, 2016 WL 6248461 (Del. Ch. Ct. Oct. 26, 2016). The court awarded specific performance compelling the Patriarch Managers to produce certain additional books and records. Under the oversight of a court-appointed Special Master, Patriarch, at substantial expense, produced additional documents. The Patriarch Managers spent millions of dollars to comply with the Special Master's directives and ultimately produced more than 700,000 pages of documents to AMZM. On May 10, 2017, the Special Master informed the Delaware Chancery Court that "Patriarch's efforts to comply with the Judgment ultimately satisfy a reasonableness standard."

44.     In June 2017, the parties elected to discontinue the Interpleader Action and resolve these collateral management fee claims as part of the Books and Records Action. Further, the parties agreed to a streamlined process to resolve the claims. Specifically, the parties agreed they would cross-move for summary judgment without additional fact discovery or trial. In connection with the agreement to discontinue the Interpleader Action, the Debtors placed $6,900,000 into

escrow, beyond their possession and control, to be disbursed upon resolution of the collateral management fee claims. Before the claims could be resolved, however, Debtors' Chapter 11 filings in March 2018 automatically stayed the Books and Records Action. The outstanding collateral management fees owed to Patriarch Managers under the CMAs total at least $26,461,341.81.

45.    The CMAs broadly entitle the Patriarch Managers and their affiliates to indemnification of fees and expenses, including for lawsuits "arising out of or in connection with" any "acts or omissions of the Collateral Manager" or the Collateral Manager's managers and affiliates. Specifically, Section 4.5(a) of the CMAs provides that the Zohar Funds:

> shall reimburse, indemnify, defend and hold harmless the Collateral Manager and its managers, directors, officers, stockholders, members, agents, advisors, partners and employees . . . from any and all expenses, losses, damages, liabilities, demands, charges and claims of any nature whatsoever (including reasonable attorneys' fees and expenses), as are incurred in investigating, preparing, pursuing or defending any claim, action, proceeding or investigation caused by, or arising out of or in connection with, the issuance of the Securities, the transactions contemplated by the Transaction Documents and/or any acts or omissions of the Collateral Manager, or its managers, directors, officers, stockholders, members, agents, advisors, partners and employees made in good faith and in the performance of the duties of the Collateral Manager under the Transaction Documents . . .

46.    The Patriarch Managers incurred substantial attorneys' fees and expenses in defending the Interpleader Action and the Books and Records Action, including fees and expenses incurred in connection with the production of documents under the supervision of the Special Master in connection with the Books and Records Action. On July 27, 2016, the Patriarch Managers provided notice to the Zohar Funds that they had been named as defendants in the Interpleader Action and Books and Records Action and invoked their rights to seek indemnification under the CMAs.

47.    The outstanding and unreimbursed legal fees and expenses incurred by Patriarch Managers, for which the Patriarch Managers are entitled to indemnification by the Zohar Funds under the CMAs, total at least $14,082,935.30.

*The Credit Agreements*

48.     PPAS was appointed to serve as Administrative Agent under Credit Agreements between the Portfolio Companies and their secured lenders, including the Zohar Funds. Pursuant to the Credit Agreements, including various amendments thereto, the Portfolio Company borrowers agreed to pay PPAS an annual "Agent Fee" for providing the administrative services set forth in the Credit Agreements.

49.     Under the Credit Agreements, the Zohar Funds, as lenders, also agreed to indemnify PPAS and its affiliates for various fees, expenses, and losses arising out of PPAS's duties under the Credit Agreements. Although the Credit Agreements vary among Portfolio Companies in certain respects, the indemnification provisions in each agreement are substantively similar (and in many cases identical) and broad. For example, the Credit Agreement for eMag Solutions, LLC provides:

> Each Lender, in proportion to its Pro Rata Share . . . agrees to indemnify the Agent . . . to the extent that the Agent shall not have been reimbursed by any Credit Party, ***for and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses*** (including attorneys' fees and disbursements) or disbursements ***of any kind or nature whatsoever*** which may be imposed on, incurred by or asserted against such Indemnified Agent Person in exercising its powers, rights and remedies or performing its duties hereunder or under the other Loan Documents or otherwise in its capacity as the Agent ***in any way relating to or arising out hereof or in connection with*** the Loan Documents.

*See*, *e.g.*, eMag Solutions, LLC Amended and Restated Credit Agreement § 9.6 (emphasis added).

50.     For many years, PPAS duly provided agency services under the Credit Agreements to the benefit of the Portfolio Company borrowers and the secured lenders, expending substantial resources in its capacity as Administrative Agent under the Credit Agreements. PPAS regularly submitted invoices to the Portfolio Company borrowers for the services provided under the Credit Agreements. Certain Portfolio Companies, however, failed to pay agency fees to PPAS as required

97

under the Credit Agreements, causing PPAS to incur losses in its capacity as Administrative Agent, including the affirmative but unrecompensed expenditure of resources.

51.     In addition, in its role as loan Administrative Agent, PPAS incurred various out-of-pocket expenses related to, among other things, property preservation, auction fees, document storage, moving expenses, legal fees, and security services. In many instances, PPAS has not been reimbursed by the Portfolio Company borrowers for these expenses.

52.     Under the broad indemnification provisions in the Credit Agreements, the Zohar Funds are obligated to reimburse PPAS for all unreimbursed losses and expenses PPAS incurred. Further, the Credit Agreements provide that "[n]o failure or delay by any party in exercising any right, power or privilege under this Agreement or any other Credit Document will operate as a waiver of the right, power or privilege." As of March 1, 2022, PPAS's unreimbursed losses total at least $4,596,326.45 and PPAS's unreimbursed expenses total at least $2,732,099.91.

53.     PPAS also expects to incur additional future expenses related to the Credit Agreements. Accordingly, PPAS seeks to preserve its right to indemnification for all future out-of-pocket expenses it might incur which are recoverable under the Credit Agreements.

54.     The Credit Agreements also grant certain indemnity rights to Patriarch Partners, LLC. In that regard, Section 16.7 of the Third Amended and Restated Credit Agreement for Portfolio Company borrowers Inter-Marketing Group, Inc., Dana Classic Fragrance, Inc., and Dana, S.A.U. (together, "IMG") provides, in relevant part, "the Lenders shall indemnify upon demand the Agent-Related Persons (to the extent not reimbursed by or on behalf of Borrowers and without limiting the obligation of Borrowers to do so), according to their Pro Rata Shares, from and against any and all Indemnified Liabilities . . . ."

98

55. Each of Zohar I, Zohar II, and Zohar III are lenders under the IMG Credit Agreement. And Patriarch Partners, LLC is an "Agent-Related Person[]" as defined in the Credit Agreement. *Id.* at Schedule 1.1.

56. The term "Indemnified Liabilities" includes liability and expenses (including legal expenses) "in connection with or arising out of any . . . Environmental Actions . . . ." *Id.* at § 11.3. "Environmental Actions," in turn, are defined to include any litigation involving "releases of Hazardous Materials from [] any assets . . . of any Loan Party." Finally, "Hazardous Materials" is defined to include "asbestos in any form." *Id.* at Schedule 1.1.

57. Patriarch Partners, LLC has been named as a defendant in a number of asbestos suits in which IMG has also been named as a defendant: *Rohe v. Chanel Inc., et al.* (Supreme Court, New York County, Index No. 190202/19); *Levine, et al. v. Kolmar Laboratories, Inc., et al.* (Supreme Court, New York County, Index No. 190251/2020); *Gref v. Am. Int'l Indus., et al.* (S.D.N.Y., No. 1:20-cv-05589-GBD); *Peltz v. Avon Products et al.* (Supreme Court, New York County, Index. No. 193142/2021); *Schaeffer v. Barretts Minerals, Inc. et al.* (N.J. Superior Ct., Middlesex County, Docket No. MID-L-007018-21); and *Valega v. Albertson's Companies, Inc. et al*, No. 21STCV46564, Superior Ct. of Cal., LA Cty) (collectively, the "Asbestos Actions"). In each Asbestos Action, Patriarch Partners, LLC was named as a defendant solely due to its prior or continuing relationship with IMG.

58. Patriarch Partners, LLC incurred substantial attorneys' fees and expenses in defending the Asbestos Actions. In numerous written letters, Patriarch Partners, LLC has notified IMG of these fees and expense and sought reimbursement. IMG has not reimbursed Patriarch Partners, LLC.

59.     The unreimbursed legal fees and expenses incurred by Patriarch Partners, LLC, for which Patriarch Partners, LLC is entitled to indemnification by Zohar I, Zohar II, and Zohar III under IMG's Credit Agreement, total at least $338,836.87.

### The Secured Class B Notes

60.     Pursuant to the Indentures, the Zohar Funds issued Class A Notes and Class B Notes. Class A Notes have an interclass priority waterfall and Class B Notes are subordinate in right of payment to the Class A Notes. Under the Indentures' Granting Clauses, the Zohar Obligors granted the Trustees all-asset liens to secure the Zohar Funds' obligations under the Indentures, including the "payment of all amounts due on the Notes in accordance with their terms."

61.     Prior to filing for bankruptcy, Zohar I issued Octaluna I the Class B Zero Coupon Second Priority Secured Note Due 2018, dated as of November 13, 2003 (the "Zohar I Secured Note") in the principal amount of $150,000,000. The Zohar I Secured Note does not bear interest.

62.     Prior to filing bankruptcy, Zohar II issued Octaluna II Class B Zero Coupon Second Priority Secured Note Due 2020 (the "Zohar II Secured Note") in the principal amount of $200,000,000. The Zohar II Secured Note does not bear interest.

63.     Prior to filing for bankruptcy, Zohar III issued Octaluna III the Class B Zero Coupon Fourth Priority Secured Note Due 2019, dated as of April 11, 2007 (the "Zohar III Secured Note") in the principal amount of $196,000,000. The Zohar III Secured Note does not bear interest.

64.     The Zohar I, II, and III Secured Notes have all reached maturity, the date on which "all outstanding unpaid principal of such Note becomes due and payable," *see*, *e.g.*, Zohar II Indenture § 1.1 "Maturity," but the Octaluna Entities have never been repaid their principal amounts. The $150,000,000 Zohar I Secured Note matured on November 20, 2015, and the full principal amount remains outstanding. The $200,000,000 Zohar II Secured Note matured on

January 20, 2020, and the full principal amount remains outstanding. Lastly, the $196,000,000 Zohar III Secured Note matured on April 15, 2019, and the full principal amount remains outstanding. Accordingly, the full and outstanding principal amount of the Zohar I, II, and III Secured Notes totals at least $546,000,000.

## CLAIMS FOR RELIEF

## FIRST COUNTERCLAIM AND THIRD-PARTY CLAIM: BREACH OF CMAs
**(Against the Zohar Obligors)**

65.     The Patriarch Managers re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 64 of these Counterclaims.

66.     The CMAs are valid and enforceable contracts that impose obligations on the Zohar Funds to pay collateral management fees to the Patriarch Managers up to, but excluding, the effective date of the Patriarch Managers' resignation as collateral managers. CMA § 4.1(d).

67.     The Patriarch Managers provided collateral management services to the Zohar Funds until their resignation on March 2, 2016, and the Patriarch Managers are entitled to be paid for these services under the plain terms of the CMAs.

68.     The Patriarch Managers complied with all material terms of the CMAs.

69.     The Zohar Funds have not paid the Patriarch Managers fees due for collateral management services provided up to the date of the Patriarch Managers resignation, in breach of the Zohar Funds' obligations under the CMAs.

70.     Under the Indentures' Granting Clauses, the Zohar Obligors granted the Trustee all-asset liens to secure the Zohar Funds' obligations under the CMAs.

71.     As a direct and proximate result of the Zohar Funds' material breaches of the CMAs, the Zohar Obligors remain liable for unpaid fees and other damages to which the Patriarch Managers are entitled, totaling at least $26,461,341.81.

## SECOND COUNTERCLAIM: INDEMNIFICATION UNDER CMAs
### (Against the Zohar Funds)

72.     The Patriarch Managers re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 71 of these Counterclaims.

73.     Section 4.5(a) (the "Indemnification Provision") of the CMAs requires the Zohar Funds to indemnify the Patriarch Managers and their affiliates for fees and expenses relating to legal claims concerning the Patriarch Managers' actions as Collateral Managers of the Zohar Funds.

74.     The Patriarch Managers incurred fees and expenses in connection with the Books and Records Action that are covered by the Indemnification Provision. The Patriarch Managers duly notified the Zohar Funds of these indemnification obligations by letters dated July 27, 2016, but the Zohar Funds failed to indemnify the Patriarch Managers.

75.     The Patriarch Managers incurred significant fees and expenses in connection with the Interpleader Action that are covered by the Indemnification Provision. The Patriarch Managers duly notified the Zohar Funds of these indemnification obligations by letters dated July 27, 2016, but have not received payment.

76.     The Zohar Funds materially breached the Indemnification Provision by failing to indemnify the Patriarch Managers for the Patriarch Managers' fees and expenses in connection with the Books and Records Action and the Interpleader Action.

77.     As a direct and proximate result of the Zohar Funds' material breach of the Indemnification Provision, the Patriarch Managers have suffered injuries in the amount of unpaid fees and other damages to which they are entitled.[8] The outstanding legal fees and expenses

---

[8] The Patriarch Managers reserve all rights to add additional amounts to which they are entitled to receive from the Zohar Funds pursuant to the CMAs' Indemnification Provision.

incurred by the Patriarch Managers, for which the Patriarch Managers are entitled to indemnification by the Zohar Funds under the CMAs, total at least $14,082,935.30.

### THIRD COUNTERCLAIM:
### PPAS CLAIM FOR INDEMNIFICATION UNDER THE CREDIT AGREEMENTS
#### (Against the Zohar Funds)

78.     PPAS re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 77 of these Counterclaims.

79.     The Credit Agreements require the Zohar Funds, as lenders, to broadly indemnify PPAS and its affiliates for all losses and expenses arising from PPAS's activities as Administrative Agent under the Credit Agreements.

80.     PPAS incurred substantial losses in its capacity as Administrative Agent, including affirmative but unreimbursed expenditures of resources. PPAS also incurred various out-of-pocket expenses arising from its duties and obligations under the Credit Agreements. The out-of-pocket expenses are covered by the indemnification provisions of the Credit Agreements.

81.     The Zohar Funds materially breached the Credit Agreements by failing to indemnify PPAS for these unreimbursed losses and expenses.

82.     As a direct and proximate result of the Zohar Funds' material breaches of the Credit Agreements, PPAS suffered injuries in the amount of unpaid expenses and other damages to which it is entitled. As of March 1, 2022, PPAS's unreimbursed losses total at least $4,596,326.45 and PPAS's unreimbursed expenses total at least $2,732,099.91, for a total of at least $7,328,426.36 in unreimbursed losses and expenses.

83.     Further, under the Credit Agreements, PPAS is entitled to indemnification for any losses or expenses PPAS may incur in the future.

57772/0001-43303530v1

## FOURTH COUNTERCLAIM:
## PATRIARCH PARTNERS, LLC CLAIM FOR INDEMNIFICATION
## UNDER THE CREDIT AGREEMENTS
### (Against the Zohar Funds)

84.     Patriarch Partners, LLC re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 83 of these Counterclaims.

85.     IMG's Credit Agreement requires the Zohar Funds, as lenders, to indemnify Patriarch Partners, LLC, as an Agent-Related Person, for losses, including legal expenses, resulting from Indemnified Liabilities.

86.     Patriarch Partners, LLC incurred legal fees and expenses in connection with its defense of the Asbestos Actions.

87.     The Zohar Funds materially breached IMG's Credit Agreement by failing to indemnify Patriarch Partners, LLC for these unreimbursed legal fees and expenses.

88.     As a direct and proximate result of the Zohar Funds' material breaches of IMG's Credit Agreement, Patriarch Partners, LLC suffered injuries in the amount of unreimbursed legal fees and expenses to which it is entitled. Patriarch Partners, LLC's unreimbursed legal fees and expenses total at least $338,836.87.

89.     Further, under the Credit Agreements, Patriarch Partners, LLC is entitled to indemnification for any losses or expenses Patriarch Partners, LLC may incur in the future.

## FIFTH COUNTERCLAIM AND THIRD-PARTY CLAIM:
## REPAYMENT OF THE ZOHAR I, II, AND III SECURED NOTES
### (Against the Zohar Obligors)

90.     The Octaluna Entities re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 89 of these Counterclaims.

91.     Prior to filing for bankruptcy, each of the Zohar Funds issued the Zohar I, II, and III Secured Notes to the Octaluna Entities in principal amounts totaling $546,000,000. Under the

Indentures' Granting Clauses, the Zohar Obligors granted the Trustees all-asset liens to secure their obligations under the Indentures, including the "payment of all amounts due on the Notes in accordance with their terms."

92.     As of January 20, 2020, the Zohar I, II, and III Secured Notes issued to the Octaluna Entities have all matured and the Zohar Obligors have breached their repayment obligations under the Zohar I, II, and III Secured Notes by failing to pay the Octaluna Entities all amounts due on the Zohar I, II, and III Secured Notes as they became due and payable upon maturity. The Zohar Obligors remain liable for the full principal amounts of the Zohar I, II, and III Secured Notes outstanding, which total at least $546,000,000.

## SIXTH COUNTERCLAIM AND THIRD-PARTY CLAIM: UNJUST ENRICHMENT
### (Against the Zohar Obligors)

93.     Counterclaimants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 92 of these Counterclaims.

94.     The Zohar Obligors failed to repay principal amounts totaling $546,000,000 owed on the long-since matured Zohar I, II, and III Secured Notes.

95.     The Zohar Funds failed to pay for the services, fees rendered, and expenses incurred by the Patriarch Managers, which as of March 1, 2022, total at least $26,461,341.81. The Zohar Funds also failed to indemnify PPAS for losses and expenses PPAS incurred in its capacity as Administrative Agent, which as of March 1, 2022, total at least $7,328,426.36. Lastly, the Zohar Funds failed to reimburse legal fees and expenses incurred by Patriarch Partners, LLC, for which Patriarch Partners, LLC is entitled to indemnification by Zohar I, Zohar II, and Zohar III under IMG's Credit Agreement, which total at least $338,836.87.

96.     The Zohar Obligors have been unjustly enriched at the Octaluna Entities' expense by virtue of their non-repayment of principal amounts owed on the Zohar I, II, and III Secured

Notes. The Zohar Funds have been unjustly enriched at Counterclaimants' expense by virtue of the uncompensated services, fees, and expenses. It is against equity and good conscience to permit the Zohar Obligors and/or the Zohar Funds to have benefitted from these unfulfilled obligations and from services, fees, and expenses without paying for them.

97.     Counterclaimants are accordingly entitled to damages in the amount of its unpaid services rendered to the Zohar Funds and Obligors.

## SEVENTH COUNTERCLAIM AND THIRD-PARTY CLAIM: RECOUPMENT
### (Against the Zohar Obligors)

98.     Counterclaimants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 97 of these Counterclaims.

99.     The doctrine of recoupment is an equitable remedy that allows the offset of mutual debts when the respective obligations originate from the same transaction or occurrence. *In re WL Homes LLC*, 563 B.R. 512, 516 (Bankr. D. Del. 2017) (citing *In re Commc'n Dynamics, Inc*., 300 B.R. 220, 225 (Bankr. D. Del. 2003)).

100.    As a result of their actions, the Zohar Obligors (including the Zohar Funds) owe Counterclaimants debts arising from the CMAs, Credit Agreements, and the Zohar I, II, and III Notes and Indentures.

101.    In the Corrected Second Amended Complaint, the Zohar Obligors allege that Counterclaimants owe the Zohar Obligors debts arising from the CMAs, Credit Agreements, and the Zohar I, II, and III Notes and Indentures.

102.    Thus, the Zohar Obligors owe Counterclaimants damages arising out of the same transactions as the debts Counterclaimants purportedly owe the Zohar Obligors.

57772/0001-43303530v1

103.    Counterclaimants are entitled to recoup the damages caused to them by the Zohar Obligors out of any amounts awarded to the Zohar Obligors pursuant to the claims alleged in the Corrected Second Amended Complaint.

## EIGHTH COUNTERCLAIM AND THIRD-PARTY CLAIM: SETOFF
### (Against the Zohar Obligors)

104.    Counterclaimants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 103 of these Counterclaims.

105.    In the alternative to granting the relief requested in Counterclaims and Third-Party Claims One through Seven above, Counterclaimants are entitled to relief from the automatic stay to exercise setoff rights under section 553 of the Bankruptcy Code.

106.    Pursuant to section 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the automatic stay "for cause." This Court has found that the setoff of mutual, prepetition obligations is sufficient to justify stay relief under section 362(d)(1). *In re Garden Ridge Corp.*, 338 B.R. 627, 631-32 (Bankr. D. Del. 2006).

107.    Section 553(a) of the Bankruptcy Code preserves a creditor's claim of setoff in situations in which: (i) the debt owed to the debtor arose prior to the commencement of the bankruptcy case; (ii) the debt owed to the creditor arose prior to the commencement of the bankruptcy case; (iii) the debts are mutual obligations; and (iv) each claim is valid and enforceable. *Id.* (citing *Pardo v. Pacificare (In re APF Co.)*, 264 B.R. 344, 354 (Bankr. D. Del. 2001)).

108.    The debts allegedly owed by Counterclaimants under the claims asserted in the Corrected Second Amended Complaint arose prior to the commencement of the bankruptcy action.

109.    The debts owed by the Zohar Obligors to Counterclaimants as a result of the Zohar Obligors' actions as described herein also arose prior to the commencement of the bankruptcy action.

57772/0001-43303530v1

110.    To the extent that Counterclaimants are found to owe a debt to the Zohar Obligors, the debts between the parties are mutual, valid, and enforceable.

111.    Thus, any damages awarded to the Zohar Obligors on the claims asserted in the Corrected Second Amended Complaint must be offset against the debt owed to Counterclaimants as a result of the conduct described herein. And Counterclaimants intend to assert setoff rights against the Debtors and any successors, including the Litigation Trustee(s) and/or Litigation Trust(s) under the Debtors' forthcoming plan of liquidation.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Counterclaimants respectfully request that this Court enter judgment in their favor against the Counterclaim and Third-Party Defendants and any of their successors, including the Litigation Trustee(s) and/or Litigation Trust(s) under the Debtors' forthcoming plan of liquidation, and grant the following relief:

1.    A determination that the Counterclaim and Third-Party Defendants breached the CMAs, Indentures, and Credit Agreements and an award of damages in the amount of losses caused by those breaches;

2.    A determination that the Patriarch Managers are entitled to indemnification under the CMAs and an award of damages in the amount of the attorneys' fees and expenses incurred;

3.    A determination that PPAS is entitled to indemnification under the Credit Agreements and an award of damages in the amount of the expenses incurred;

4.    A determination that Patriarch Partners, LLC is entitled to indemnification under IMG's Credit Agreement and an award of damages in the amount of the expenses incurred;

5.    Allowance of the Octaluna Entities' Zohar I B Note Claims, Zohar II B Note Claims, and Zohar III B Note Claims (each as defined in the *Second Amended Joint Plan of*

*Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. And Its Affiliated Debtors*) in the amount and priority asserted herein;

6.      A determination that the Counterclaim and Third-Party Defendants have been unjustly enriched and an award of damages in the amount of the unjust enrichment;

7.      A determination that Counterclaimants are entitled to a recoupment of any damages awarded to the Counterclaim and Third-Party Defendants under the Corrected Second Amended Complaint;

8.      A determination that Counterclaimants are entitled to a setoff of any damages awarded to the Counterclaim and Third-Party Defendants under the Corrected Second Amended Complaint;

9.      Relief from the automatic stay to the extent necessary to permit Counterclaimants to enforce setoff rights;

10.     An award of prejudgment interest;

11.     An award of costs, expenses, and attorneys' fees that Counterclaimants have incurred in this action, with interest thereon at the maximum rate allowed by law; and

12.     An award of such other and further relief as the Court may deem just or proper.


Dated: June 18, 2022                     **COLE SCHOTZ P.C.**

                                         By: */s/ G. David Dean*
                                         Norman L. Pernick (No. 2290)
                                         G. David Dean (No. 6403)
                                         Patrick J. Reilley (No. 4451)
                                         500 Delaware Avenue, Suite 1410
                                         Wilmington, DE  19801
                                         Telephone: (302) 652-3131
                                         Facsimile: (302) 652-3117
                                         npernick@coleschotz.com
                                         ddean@coleschotz.com
                                         preilley@coleschotz.com

– and –

**SHER TREMONTE LLP**
Theresa Trzaskoma (Admitted Pro Hac Vice)
Max Tanner (Admitted Pro Hac Vice)
Vikram Shah (Admitted Pro Hac Vice)
90 Broad Street, 23rd Floor
New York, New York 10004
ttrzaskoma@shertremonte.com
mtanner@shertremonte.com
vshah@shertremonte.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Phoenix VIII, LLC, Octaluna LLC, Octaluna II LLC, Octaluna III LLC, Ark II CLO 2001-1, Ltd., Ark Investment Partners II, LP, Ark Angels VIII, LLC, Patriarch Partners Management Group, LLC, and Patriarch Partners Agency Services, LLC*

110