UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> UNIVITA HOLDINGS LLC, et al.[1], <br><br> Debtors. | Chapter 7 <br><br> Case No. 15-11786 (MFW) <br> (Jointly Administered) <br><br> Re: Docket No. 317 |

## ORDER GRANTING APPLICATION OF THE CHAPTER 7 TRUSTEE PURSUANT TO SECTIONS 327 AND 328(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE TO PURSUE AVOIDANCE ACTIONS, *NUNC PRO TUNC* TO APPLICATION DATE

Upon consideration of the *Application* (the "Application")[2] of David W. Carickhoff, the Chapter 7 Trustee pursuant to sections 327 and 328(a) of the Bankruptcy Code for authority to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as special counsel to the Chapter 7 Trustee to pursue avoidance actions, *nunc pro tunc* to the date of the Application; the Court having reviewed the Application, and the Declaration of Andrew W. Caine, Esq. (the "Declaration"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) the Court having determined that PSZ&J is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth in the Application and

---

[1] The Debtors are the following entities: Univita Holdings LLC (15-11786), Univita Health Holdings Corp. (15-11787), Univita Health Inc. (15-11788), Univita Homecare Holdings LLC (15-11789), Univita Homecare Solutions LLC (15-11790), Univita of Florida, Inc. (15-11791), Univita Health Systems Holdings, LLC (15-11792), Univita Healthcare Solutions LLC (15-11793), Univita of Georgia LLC (15-11794); Univita of Tennessee, Inc. (12-11795); Univita Healthcare Solutions of Georgia, Inc. (15-11796); and All-Med Management Systems of New York Independent Practice Association, Incorporated (15-11797).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

the Declaration establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ PSZ&J as special counsel pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective *nunc pro tunc* to the date of the filing of the Application.

3. PSZ&J is authorized to render professional services to the Trustee as described in the Application.

4. PSZ&J shall be compensated on a contingent fee basis of 25% of the Recovery from each avoidance matter (be it before, during, or after litigation) plus reimbursement of all reasonable expenses.

5. PSZ&J shall file interim and final fee applications in the chapter 7 cases applying for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 7 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Guidelines of the Office of the United States Trustee, and any applicable procedures and orders of this Court.

6. The Trustee and PSZ&J are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. To the extent that terms of the Engagement Agreement and this Order conflict, the terms of this Order shall control.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 11/7/16

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

115081736v1