**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



JUDGE KAREN B. OWENS

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 533-3183

September 7, 2023

**VIA CM-ECF**

Counsel to David Dunn, as Trustee for the Zohar Litigation Trust-A
Counsel to the Patriarch Stakeholders

> In re: Zohar III, Corp., Case No. 18-10512 (KBO)
> David Dunn, as Litigation Trustee for Zohar Litigation Trust-A v. Patriarch Partners, LLC, et al., Adv. Proc. 20-50534 (KBO)[1]

Dear Counsel:

This letter is my ruling on *Plaintiff's Motion for a Protective Order and an Order to Modify and/or Quash Subpoenas to Nonparties* (the "Motion").[2] The Motion was filed by the Trustee pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure[3] and the former, but operative,[4] Rule 9019-5(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule 9019-5(d)"). The Motion seeks an order striking

---

[1] This Court is overseeing two consolidated adversary proceedings pursued by the Zohar Litigation Trust-A (the "Trust") through David Dunn as litigation trustee (the "Trustee") in accordance with the confirmed plan of the Zohar debtors (the "Debtors"). The first, proceeding number 20-50534 (the "Zohar Adversary"), was commenced by certain Debtors against Lynn Tilton and a variety of her affiliated entities. The current operative complaint is the third amended complaint. *See* Zohar Adversary, D.I. 295 ("Third Amended Complaint"). The Trustee has moved for leave to file a fourth amended complaint. *Id.*, D.I. 377. This request is under advisement. The second adversary, proceeding number 20-50776 (the "MBIA Adversary"), was commenced by MBIA Insurance Company ("MBIA") against Ms. Tilton and several of her affiliated entities. The current operative complaint is the second amended complaint. *See* MBIA Adversary, D.I. 105 ("Second Amended Complaint"). Discovery is underway in both adversaries. Pursuant to the consolidation Order, all pleadings are to be filed in the Zohar Adversary. *See* Zohar Adversary, D.I. 226; MBIA Adversary, D.I. 114.

[2] Zohar Adversary, D.I. 345.

[3] Made applicable to the adversary proceedings by Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure.

[4] The Court has already found that the prior version of Local Rule 9019-5(d) in place until January 31, 2022 is the operative version. *See* Case No. 18-10512 (the "Bankruptcy Case"), D.I. 3110 at 53:19-54:11.

Counsel to the Trustee and the Patriarch Stakeholders
September 7, 2023

nine requests for the production of documents and communications (the "Relevant RFPs")[5] issued by the Patriarch Stakeholders[6] to the Trust related to a failed global restructuring once negotiated by the parties in mediation. The restructuring is referred generally in the Relevant RFPs and by the parties as the "Holding Company Deal".[7] The Trustee also seeks by way of the Motion a protective order forbidding discovery into "Precluded Matters" concerning the Holding Company Deal and an order to quash the Patriarch Stakeholders' subpoenas to nonparties to the extent they seek documents and communications concerning such matters.[8] The Precluded Matters consist of: (a) the fact that any proposal was made during the mediation; (b) the terms of any proposals during the mediation; (c) any party's formulation of a proposal to be made in the mediation; (d) any party's assessment of a proposal received in the mediation; and (e) communications among the parties to the mediation concerning any potential or actual proposal made in the mediation.

As I have already determined in connection with the Strike Order,[9] the parties' global restructuring negotiations over the Holding Company Deal are subject to Local Rule 9019-5(d) and thus, testimony, documents, and information regarding the Precluded Matters cannot be introduced into evidence in the pending adversaries.[10] This ruling lead to the elimination of several significant claims advanced by the Patriarch Stakeholders and MBIA in these proceedings. At the heart of the parties' current dispute is discovery into the Precluded Matters.[11] This is prevented

---

[5] See Zohar Adversary, D.I. 347, Ex. A (Requests for Production Nos. 28-32, 34-37).

[6] The "Patriarch Stakeholders" collectively refer to the Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, Limited; Ark Investment Partners II, LP; LD Investments, LLC; Ark Angels VIII, LLC; Patriarch Partners Management Group, LLC; Zohar Holding, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton.

[7] The Patriarch Stakeholders' requests for production define the "Holding Company Deal" as "the 2019 proposed transaction developed by Lynn Tilton in conjunction with Jeff[e]ries Concerning a 'Plan of Reorganization' as referenced in the original complaint for Adversary Proceeding No. 19-50390 of *In re: Zohar III Corp., et al.*, (Case No. 18-10512)." *See id.*, D.I. 347, Ex. A (Definition No. 18).

[8] The Patriarch Stakeholders have issued subpoenas to mediation participants, such as Bardin Hill Investment Partners LP, MB Global Partners, and Jefferies Group LLC ("Jefferies"). *See id.*, D.I. 311, 313, 316. They question the Trustee's standing to move to quash the subpoenas directed to these third parties. However, I find it is appropriate here. "While a motion to quash or modify a subpoena, in general, must be brought by the individual to whom it was directed, there is an exception that provides a party standing to an action to quash or modify a non-party subpoena when the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information." *Duffy v. Kent Cnty. Levy Ct.*, 800 F. Supp. 2d 624, 628 (D. Del. 2011). Enforcing the confidentiality of mediation proceedings imposed by our Local Rules qualifies under this exception as a sufficient privilege or interest held by the Trustee as successor to two mediation participants, the Debtors and MBIA.

[9] The Strike Order is the February 24, 2022 *Order Granting in Part and Denying in Part the Debtors' Motion Pursuant to Local Rule 9019-5(d) (I) To Strike Certain Portions of the Patriarch Claim and Motion to Consolidate and (II) To Preclude Discovery and Introduction of Protected Mediation Information*. *See* Bankruptcy Case, D.I. 3113.

[10] *See generally* Bankruptcy Case, D.I. 3110 at 53-57 (transcript ruling); Strike Order ¶¶ 2-3, 5. I also declined to find that the local rule was waived or that it was appropriate to modify its application in the interest of justice. The Honorable Thomas L. Ambro, United States Circuit Judge, sitting by designation for Delaware District Court, recently affirmed the decision. *See* Bankruptcy Case, D.I. 3753 (Sealed). The matter is now on appeal to the Third Circuit Court of Appeals.

[11] The Patriarch Stakeholders argue that the Relevant RFPs also seek certain documents and communications outside the Precluded Matters relevant to the Holding Company Deal, such as information pre-dating the mediation and the involvement of Jefferies as a party thereto and information that was created independent of the mediation. It is not

Counsel to the Trustee and the Patriarch Stakeholders
September 7, 2023

by the plain language of Local Rule 9019-5(d).[12] While I may modify the application of the rule in the interest of justice,[13] that is not appropriate for the reasons underlying my decision on the Strike Order. It is not in the interest of justice to lift the cloak of confidentiality surrounding the Holding Company Deal negotiations as the parties to the mediation knew that their negotiations were subject to strict mediation confidentiality and any attempt now to bring to light those efforts would erode the integrity of the mediation process.

Notwithstanding, I agree with the Patriarch Stakeholders that the Trustee puts at issue the Holding Company Deal in the MBIA Adversary[14] by challenging Ms. Tilton's good faith in complying with the Settlement Agreement's monetization obligations. For example, the Trustee has asserted a claim against Ms. Tilton for breach of the Settlement Agreement (Count 6), alleging that she "breached her duties and obligations . . . by, among other things . . . manipulating the sales process in bad faith, and without the approval or authorization of the Zohar Funds, their fiduciaries, MBIA or any other Secured Creditors or parties to the Settlement Agreement, including by stopping the marketing and sales process for Dura and GAS and rejecting certain bids and prospective bidders for MDH[.]"[15] Moreover, the Trustee alleges that Ms. Tilton sabotaged the monetization process in support of Count 5 for malicious prosecution.[16] The Patriarch Stakeholders are correct that the confidential Holding Company Deal negotiations are relevant to defending against these claims and allegations. Ms. Tilton has consistently argued that she worked tirelessly to ensure full repayment to the Debtors, including pursuing the Holding Company Deal at the encouragement of the Debtors' management.

---

clear to me whether and to what extent this information will remain relevant after the Second Amended Complaint is amended consistent with my ruling today. Moreover, it is unclear whether, if still relevant, the Patriarch Stakeholders have sought this information through other discovery requests and whether the Trust will refuse to produce responsive information. The parties' rights are reserved on these issues.

[12] *See* Local Rule 9019-5(d)(i) ("Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation. However, except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation.").

[13] *See* Del. Bankr. L.R. 1001-1(c) (permitting the Court to modify the application of the local rules in the interest of justice).

[14] While the Patriarch Stakeholders have argued that the Zohar Adversary also puts at issue the Holding Company Deal, I am unable to agree after reviewing the allegations of the Third Amended Complaint. The Patriarch Stakeholders point to paragraph 206 of the Third Amended Complaint but that generally alleges that Ms. Tilton abused the Settlement Agreement's claim-payment procedures and "circumvented the Court entirely to enrich herself at the expense of the Debtors' estates." They also point to Count 39 of the complaint, which seeks disgorgement of fees and expenses from certain of the Patriarch Stakeholders that were paid by the Debtors' estates during their chapter 11 cases. Third Amended Complaint ¶¶ 681-90. To support this claim, the Trustee alleges that the Patriarch Stakeholders' incurred fees and expenses by engaging in "numerous post-petition schemes . . . that were detrimental to the Debtors and to the administration of the estates." *Id.* ¶ 685. However, sabotaging the monetization process in a manner that would necessitate disclosing facts concerning the Holding Company Deal is not mentioned as one such scheme.

[15] Second Amended Complaint at ¶ 261; *see also id.* ¶ 255 (alleging that Ms. Tilton sabotaged the monetization process to delay the liquidation of the Portfolio Companies, continue exercise control, and collect fees and payments); *id.* ¶¶ 193-99 (alleging that Ms. Tilton failed to conduct the monetization process in good faith); *id.* ¶ 255 (alleging that Ms. Tilton sabotaged the monetization process with malice and in bad faith); *id.* ¶¶ 182-83 (similar).

[16] *Id.* ¶ 255.

Counsel to the Trustee and the Patriarch Stakeholders
September 7, 2023

Pursuant to the Strike Order, MBIA was required to amend its complaint consistent with that order to prevent the pursuit of claims relevant to the Holding Company Deal.[17] It did not sufficiently do so. As a result, the Patriarch Stakeholders argue that fairness, among other things, dictates that the local rule's prohibition on disclosure, discovery, and evidence admission be lifted.[18] The remedy for the problem presented, however, is not for me to sweep away the rule's protections and make public confidential mediation information for the Patriarch Stakeholders' defensive use.[19] Rather, the appropriate remedy is for the Trustee to amend further the Second Amended Complaint to comply with the Strike Order so that the Holding Company Deal is not put at issue. This is a consistent enforcement of my prior ruling on this subject. It is also the proper result because claims of both MBIA and the Patriarch Stakeholders arising from the Holding Company Deal were long ago eliminated in an effort to maintain the confidentiality of the mediation. It would be unfair now to partially open the door into the mediation and as such, it must remain firmly shut.

Accordingly, I will grant the Motion and order the Trustee to amend the Second Amended Complaint consistent with the Strike Order after meeting and conferring with the Patriarch Stakeholders. Should a disagreement arise over the necessary revisions, the parties may contact my Chambers for direction on how best to seek further guidance. An appropriate order will issue.

Very truly yours,

*/s/ Karen B. Owens*

Karen B. Owens
United States Bankruptcy Judge

---

[17] Strike Order ¶ 5.

[18] They also argue that discovery and admission of information related to the Holding Company Deal is permitted by Federal Rule of Evidence 408(b) because it will be used to negate the allegation that Ms. Tilton acted in bad faith rather than "to prove or disprove the validity or amount of a disputed claim or to impeach[.]" FED. R. EVID. 408(a).

[19] I note that I am without authority under the Divestiture Rule to revisit the Strike Order's preclusion of evidence due to its pending appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").