**REDACTED VERSION OF ADV. DOCKET NO. 478**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 18-10512 (KBO) |
| DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A,<br>              Plaintiff,<br><br>        -against-<br><br>PATRIARCH PARTNERS, LLC;<br>PATRIARCH PARTNERS VIII, LLC;<br>PATRIARCH PARTNERS XIV, LLC;<br>PATRIARCH PARTNERS XV, LLC;<br>PHOENIX VIII, LLC; OCTALUNA LLC;<br>OCTALUNA II LLC; OCTALUNA III LLC;<br>ARK II CLO 2001-1, LIMITED; ARK<br>INVESTMENT PARTNERS II, LP; ARK<br>ANGELS VIII, LLC; PATRIARCH PARTNERS<br>MANAGEMENT GROUP, LLC; PATRIARCH<br>PARTNERS AGENCY SERVICES, LLC; and<br>LYNN TILTON,<br><br>        Defendants, and<br><br>180S, INC.; GLOBAL AUTOMOTIVE<br>SYSTEMS, LLC; INTREPID U.S.A., INC.; IMG<br>HOLDINGS, INC.; SCAN-OPTICS, LLC;<br>STILA STYLES, LLC; SNELLING STAFFING,<br>LLC; and VULCAN ENGINEERING, CO.,<br><br>        Nominal Defendants. | Adversary No. 20-50534 (KBO)<br><br><br>**JURY TRIAL DEMANDED** |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

PARTNERS AGENCY SERVICES, LLC and
PATRIARCH PARTNERS, LLC,

                       Counterclaims,

                       -against-

ZOHAR CDO 2003-1, LIMITED; ZOHAR II
2005-1, LIMITED; and ZOHAR III, LIMITED,

                Counterclaim Defendants.

## DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT AND DEFENDANTS' SECOND AMENDED COUNTERCLAIMS

Defendants Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, Limited; Ark Investment Partners II, LP; Ark Angels VIII, LLC; Patriarch Partners Management Group, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton (collectively, the "Defendants") [2], by and through their undersigned counsel, hereby submit this answer to Plaintiff's Fourth's Amended Complaint (the "Answer"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[3]

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Fourth Amended Complaint. D.I. 462 ("Fourth Amended Complaint" or "FAC").

[3] Defendants do not consent to entry of a final order or judgment by this Court.

## INTRODUCTION[4]

1.        Defendants[5] deny the allegations set forth in Paragraph 1 of the FAC, except admit that the Zohar Funds were unique; admit that the Zohar Funds were structured by Ms. Tilton and managed by the Patriarch Managers; admit that the Zohar Funds made investments in various Portfolio Companies; and admit that Ms. Tilton served as director or manager of the Portfolio Companies.

2.        Defendants deny the allegations set forth in Paragraph 2 of the FAC.

3.        Defendants deny the allegations set forth in Paragraph 3 of the FAC.

4.        Defendants deny the allegations set forth in Paragraph 4 of the FAC.

5.        Defendants deny the allegations set forth in Paragraph 5 of the FAC, except admit that the Zohar Funds were disregarded entities for tax purposes and that in 2016, the Zohar Funds' preference shareholders filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as an "association taxable as a corporation."

6.        Defendants deny the allegations set forth in Paragraph 6 of the FAC, except admit that certain declaratory judgment actions were filed on November 13, 2017 and refer the Court to the filings therein for their complete and accurate contents; and further admit that on November 13, 2017, Ms. Tilton, in her capacity as manager, executed certain written consents and refer the Court to those documents for their complete and accurate contents.

7.        Defendants deny the allegations set forth in Paragraph 7 of the FAC, except admit that on or about March 10 and 11, 2018 certain phantom equity agreements were executed, state

---

[4] For the avoidance of doubt, Defendants deny any content in the headings or otherwise not part of numbered paragraphs, and any footnotes not specifically referenced in the responses herein.

[5] Defendants respond collectively to the allegations in the Fourth Amended Complaint but, to the extent any allegation or claim is directed at specific defendant or defendants, such response should be construed as a response on behalf of the particular defendant or defendants to whom the allegation is directed.

that Ms. Tilton agreed to subordinate any payments thereunder to the Zohar Funds' noteholders, and refer the Court to the Phantom Equity Agreements for their complete and accurate contents.

8.      Defendants deny the allegations set forth in Paragraph 8 of the FAC, except state that, after a two-week evidentiary hearing, in a thorough post-hearing written decision, the SEC Administrative Law Judge dismissed each of the SEC's claims, including claims regarding Ms. Tilton's alleged manipulation of a financial test required under the Indentures, and further state that the SEC did not appeal that decision.

9.      Defendants deny the allegations set forth in Paragraph 9 of the FAC

10.     Defendants deny the allegations set forth in Paragraph 10 of the FAC.

11.     Paragraph 11 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 11 of the FAC.

## **PARTIES**

12.     Paragraph 12 of the FAC defines the term Litigation Trust, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 12 of the FAC.

13.     Paragraph 13 of the FAC defines the term Zohar Funds, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 13 of the FAC.

14.     Defendants deny the allegations set forth in Paragraph 14 of the FAC, except admit that each Zohar Fund raised capital and made investments in companies through their collateral managers.

15.     Defendants admit the allegations set forth in Paragraph 15 of the FAC.

16.     Defendants admit the allegations set forth in Paragraph 16 of the FAC.

17.     Defendants admit the allegations set forth in Paragraph 17 of the FAC.

18.     Defendants admit the allegations set forth in Paragraph 18 of the FAC.

19.     Defendants admit the allegations set forth in Paragraph 19 of the FAC, except state that the allegation related to the transfer of the Zohar Funds' claims set forth in the first sentence of Paragraph 19 of the FAC states a legal conclusion to which no response is required.

20.     Defendants admit the allegations set forth in Paragraph 20 of the FAC, except state that the allegation related to the transfer of the Zohar Funds' claims states a legal conclusion to which no response is required.

21.     Defendants admit the allegation set forth in Paragraph 21 of the FAC.

22.     Defendants admit the allegations set forth in Paragraph 22 of the FAC, except deny that Ms. Tilton raised all the outside investments.

23.     Defendants deny the allegations set forth in Paragraph 23 of the FAC, except state that Ms. Tilton is the manager or director of the referenced entities, and further state that the allegation of "control" set forth in the second sentence of Paragraph 23 of the FAC states a legal conclusion to which no response is required.

24.     The allegations set forth in Paragraph 24 of the FAC define the term Patriarch Managers, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 24 of the FAC.

25.     Defendants admit the allegations set forth Paragraph 25 of the FAC, except state that the allegation of "control" set forth in the second sentence of Paragraph 25 of the FAC states a legal conclusion to which no response is required.

26.     Defendants admit the allegations set forth in Paragraph 26 of the FAC.

5

27.     Defendants admit the allegations set forth in Paragraph 27 of the FAC.

28.     Defendants admit the allegations set forth in Paragraph 28 of the FAC.

29.     The allegations set forth in Paragraph 29 of the FAC define the term Octaluna Entities, to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 29 of the FAC.

30.     Defendants deny the allegations set forth in Paragraph 30 of the FAC, except admit that the Octaluna Entities own the preferred stock of the Zohar Funds; admit that Ms. Tilton is the manager and ultimate indirect owner of the Octaluna Entities; and state that the allegation of "control" set forth in Paragraph 30 of the FAC states a legal conclusion to which no response is required.

31.     Defendants deny that Octaluna I holds certain Class A-3 Notes issued by Zohar I, and admit the remaining allegations set forth in Paragraph 31 of the FAC.

32.     Defendants admit the allegations set forth in Paragraph 32 of the FAC.

33.     Defendants admit the allegations set forth in Paragraph 33 of the FAC.

34.     Defendants deny the allegations set forth in Paragraph 34 of the FAC.

35.     Defendants admit the allegations set forth in the first sentence of Paragraph 35 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 35 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner and manager of Patriarch Partners and state that the allegation of "control" set forth in the second sentence of Paragraph 35 of the FAC states a legal conclusion to which no response is required.

36.     Defendants admit the allegations set forth in the first sentence of Paragraph 36 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 36 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner and director of Ark II, and state

that the allegation of "control" set forth in the second sentence of Paragraph 36 of the FAC states a legal conclusion to which no response is required.

37.     Defendants admit the allegations set forth in the first sentence of Paragraph 37 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 37 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner of the majority interest in AIP.

38.     Defendants admit the allegations set forth in the first sentence of Paragraph 38 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 38 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner and manager of Ark VIII and state that the allegation of "control" set forth in the second sentence of Paragraph 38 of the FAC states a legal conclusion to which no response is required.

39.     Defendants admit the allegations set forth in the first sentence of Paragraph 39 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 39 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner of 99% of Phoenix VIII and serves as its manager, and state that the allegation of "control" set forth in the second sentence of Paragraph 39 of the FAC states a legal conclusion to which no response is required.

40.     Defendants admit the allegations set forth in the first sentence of Paragraph 40 of the FAC. Defendants deny the allegations set forth in the second sentence of Paragraph 40, except admit that Ms. Tilton is the manager of PPMG and state that the allegation of "control" set forth in the second sentence of Paragraph 40 of the FAC states a legal conclusion to which no response is required.

41.     Defendants deny the allegations set forth in Paragraph 41 of the FAC, except admit that PPAS is a Delaware limited liability company with its principal place of business in New York, New York, and that Ms. Tilton is the ultimate indirect owner and manager of PPAS and

7

state that the allegation of "control" set forth in the second sentence of Paragraph 41 of the FAC states a legal conclusion to which no response is required.

42.    Defendants deny the allegations set forth in Paragraph 42 of the FAC, except admit that FSAR Holdings, Inc. was a Delaware corporation prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date and that it was the sole member of PDP, a California limited liability company; admit that Ms. Tilton was a manager of Performance Designed Products, LLC; admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of FSAR Holdings, Inc.; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding FSAR Holdings, Inc.'s and PDP's principal places of business or whether FSAR Holdings, Inc. and PDP have continued to exist as a Delaware corporation and California limited liability company, respectively, after the earlier of the closing of a sale of FSAR Holdings, Inc., if applicable, or the Effective Date; state that the allegation of "control" set forth in the fourth sentence of Paragraph 42 of the FAC states a legal conclusion to which no response is required; and refer the Court to the order authorizing the sale of Zohar II's interests in FSAR Holdings, Inc. for its complete and accurate contents.

43.    Defendants deny the allegations set forth in Paragraph 43 of the FAC, except admit that RM Acquisition was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business or whether it has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or the Effective Date; admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as

the beneficial owners of the membership interest in RM Acquisition recorded in the Zohar Funds'

names, and refer the Court to the order authorizing the sale of the Zohar Funds' interests in RM

Acquisition for its complete and accurate contents.

44.     Defendants deny the allegations set forth in Paragraph 44 of the FAC, except admit

that Heritage Aviation was a Texas Limited Partnership with a principal place of business in Texas

prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date;

deny knowledge or information sufficient to form a belief as to the truth or accuracy of the

allegations after the earlier of the closing of a sale of the company, if applicable, or the Effective

Date regarding Heritage Aviation's principal pace of business and whether Heritage Aviation has

continued to exist as a Texas Limited Partnership; and admit that commencing as of March 21,

2020, and only after that date, Zohar II was recognized as the beneficial owner of the Heritage

Aviation partnership interests recorded in Zohar II's name.  The last sentence of Paragraph 44 of

the FAC purports to characterize the Court's order authorizing the transfer of partnership interests

in Heritage Aviation and the "applicable purchase agreement" and no response is required;

Defendants refer the Court to those documents for their complete and accurate contents.

45.     Defendants deny the allegations set forth in Paragraph 45 of the FAC, except admit

that UI Acquisition was a Delaware corporation prior to the earlier of the closing of a sale of the

company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a

belief as to the truth or accuracy of the allegation regarding whether UI Acquisition has continued

to exist as a Delaware corporation after the earlier of the closing of a sale of the company, if

applicable, or the Effective Date; and admit that commencing as of March 21, 2020, and only after

that date, the Zohar Funds were recognized as the beneficial owner of the UI Acquisitions' equity

interests recorded in the Zohar Funds' names.  The last sentence of Paragraph 45 of the FAC

purports to characterize the Court's order authorizing the transfer of equity interests in UI Acquisition and the "applicable purchase agreement" and no response is required; Defendants refer the Court to those documents for their complete and accurate contents.

46.    The first sentence of Paragraph 46 of the FAC purports to characterize the Chapter 11 Plan and no response is required; Defendants refer the Court to the Chapter 11 Plan for its complete and accurate contents.  The second sentence of Paragraph 46 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 46 of the FAC.

47.    Defendants deny the allegations set forth in Paragraph 47 of the FAC, except admit that 180s, Inc. is was Delaware corporation prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business or whether 180s, Inc. has continued to exist as a Delaware corporation after the earlier of the closing of a sale of the company, if applicable, or the Effective Date; admit that the Zohar Funds were creditors of 180s, Inc.; and admit that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of 180s, Inc. equity recorded in Zohar II's name.

48.    Defendants deny the allegations set forth in Paragraph 48 of the FAC, except admit that Intrepid U.S.A., Inc. was a Minnesota corporation prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business or whether Intrepid U.S.A., Inc. has continued to exist as a Minnesota corporation after the earlier of the closing of a sale of the company, if applicable, or the Effective Date; and admit the allegations set forth in the second, third, fourth and fifth sentences of Paragraph 48 of the FAC;

57772/0002-46365041v1

except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

49.  Defendants deny the allegations set forth in Paragraph 49 of the FAC, except admit that IMG Holdings, Inc. is a Delaware corporation; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business; admit that the Zohar Funds were creditors of IMG Holdings, Inc.; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of IMG Holding, Inc.

50.  Defendants deny the allegations set forth in Paragraph 50 of the FAC, except admit that Snelling Staffing, LLC was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace of business or whether Snelling Staffing, LLC has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or the Effective Date; admit that Snelling Holdings, LLC was a member of Snelling Staffing, LLC; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

51.  Defendants deny the allegations set forth in Paragraph 51 of the FAC, except admit that Scan-Optics, LLC was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal pace

of business or whether Scan-Optics, LLC has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or the Effective Date; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Scan-Optics, LLC recorded in the Zohar Funds' names.

52.     Defendants deny the allegations set forth in Paragraph 52 of the FAC, except admit that Vulcan is an Alabama corporation with its principal place of business in Alabama; admit that Zohar II was a creditor of Vulcan; and admit that commencing as of March 21, 2020, and only after that date, Zohar II was recognized as the beneficial owner of Vulcan Engineering Co. equity recorded in Zohar II's name.

53.     Defendants deny the allegations set forth in Paragraph 53 of the FAC, except admit that Zohar HA, LLC was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business or whether Zohar HA, LLC has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or the Effective Date.

54.     Defendants deny the allegations set forth in Paragraph 54 of the FAC, except admit that Snelling Holdings, LLC was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business or whether Snelling Holdings, LLC has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or

the Effective Date; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

55.     Defendants deny the allegations set forth in the first sentence of Paragraph 55 of the FAC, except admit that Zohar Healthcare, LLC, was a Delaware limited liability company prior to the earlier of the closing of a sale of the company, if applicable, or the Effective Date, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation regarding its principal place of business or whether Zohar Healthcare, LLC has continued to exist as a Delaware limited liability company after the earlier of the closing of a sale of the company, if applicable, or the Effective Date. Defendants admit the allegations set forth in the second and third sentences of Paragraph 55 of the FAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the membership interests in Snelling Holdings, LLC recorded in the Zohar Funds' names.

56.     Defendants deny the allegations set forth in Paragraph 56 of the FAC, except admit that GAS was a Delaware limited liability company with its principal place of business in Michigan; state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of the common membership interests in GAS recorded in the Zohar Funds' names; admit that Ms. Tilton was the original manager of GAS; and admit that Ms. Tilton resigned as manager and CEO of GAS on March 21, 2020 but subsequently rescinded her resignation and was reappointed as GAS's Manager and CEO.

57.     Defendants deny the allegations set forth in Paragraph 57 of the FAC, except admit that Stila is a Delaware limited liability company, formed on April 15, 2009; admit that Stila has a place of business in California; admit that commencing as of March 21, 2020, and only after that

date, Zohar III was recognized as the beneficial owner of the common membership interests in Stila recorded in the Zohar Funds' names; and admit that Ms. Tilton resigned as manager and CEO of Stila on March 21, 2020 but subsequently rescinded her resignation and was reappointed as Stila's Manager and CEO.

58.     Defendants deny the allegations set forth in Paragraph 58 of the FAC, except admit the allegations set forth in the first, second and third sentences of Paragraph 58 of the FAC; admit that the Status Quo Order prohibited Kevin Carey from acting or purporting to act on behalf of Stila in any way; and refer the Court to the pleadings in the suit and the Status Quo Order for their complete and accurate contents.

59.     Paragraph 59 of the FAC purports to characterize the Post-Trial Memorandum Opinion and no response is required. Defendants refer the Court to that opinion for its complete and accurate contents.

60.     Paragraph 60 of the FAC defines the term Corporation Portfolio Company Litigants, to which no response to required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 60 of the FAC.

61.     Paragraph 61 of the FAC defines the terms LLC Portfolio Company Litigants and Portfolio Company Litigants, to which no response to required. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 61 of the FAC.

62.     Defendants deny the allegations set forth in Paragraph 62 of the FAC.

63.     Paragraph 63 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 63 of the FAC.

57772/0002-46365041v1

64.     Defendants admit that Ms. Tilton is the sole manager of GAS and was the sole manager of Stila until August 9, 2022.

65.     Defendants deny the allegations set forth in Paragraph 65 of the FAC.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 66 of the FAC.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 67 of the FAC.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 68 of the FAC.

## JURISDICTION AND VENUE

69.     Paragraph 69 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 69 of the FAC.

70.     Paragraph 70 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70 of the FAC.

71.     The allegations set forth in the first and second sentences of Paragraph 71 of the FAC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in the first and second sentences of Paragraph 71 of the FAC. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the third sentence of Paragraph 71 of the FAC. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), Defendants further state that they do not consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

72.     Defendants admit the allegations set forth in Paragraph 72 of the FAC.

73.     Defendants admit the allegations set forth in Paragraph 73 of the FAC.

74.     Defendants deny the allegations set forth in Paragraph 74 of the FAC, except admit that successful rehabilitation of a Portfolio Company would provide value to the Zohar Funds.

75.     Defendants admit the allegations set forth in Paragraph 75 of the FAC.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in the first sentence in Paragraph 76 of the FAC. Defendants admit the allegations set forth in the second sentence of Paragraph 76 of the FAC.

77.     Defendants admit the allegations set forth in Paragraph 77 of the FAC.

78.     Paragraph 78 of the FAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

79.     Paragraph 79 of the FAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

80.     Paragraph 80 of the FAC purports to characterize the Indentures and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

81.     Paragraph 81 of the FAC purports to characterize the CMAs and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

82.     Defendants admit the allegations set forth in Paragraph 82 of the FAC.

57772/0002-46365041v1

83.     Defendants deny the allegations set forth in Paragraph 83 of the FAC.

84.     Defendants deny the allegations set forth in the first two sentences of Paragraph 84 of the FAC, except admit that the Patriarch Managers caused the Zohar Funds to make loans to the Portfolio Companies using funds raised from investors, and state that the allegation of "control" set forth in the first sentence of Paragraph 84 of the FAC states a legal conclusion to which no response is required. Defendants admit the allegations set forth in the third sentence of Paragraph 84 of the FAC.

85.     Paragraph 85 of the FAC purports to characterize the Credit Agreements and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

86.     Defendants deny the allegations set forth in Paragraph 86 of the FAC, except admit that Ms. Tilton's investment strategy for the Zohar Funds included obtaining control over the Portfolio Companies through investments and improving the operations of the Portfolio Companies to increase their value.

87.     Defendants deny the allegations set forth in Paragraph 87 of the FAC, except admit that Ms. Tilton, as manager or director of the Portfolio Companies, actively managed the Portfolio Companies and provided input on major operating decisions; admit that she hired and fired senior employees; admit that she served as CEO of some Portfolio Companies; and admit that she was the sole manager of Portfolio Companies that are LLCs.

88.     Defendants deny the allegations set forth in Paragraph 88 of the FAC, except state that the allegation of "control" states a legal conclusion to which no response is required.

89.     Defendants deny the allegations set forth in the first and second sentences of Paragraph 89 of the FAC, except admit that Ms. Tilton is the ultimate indirect owner of PPAS;

admit that PPAS provides agency services to lenders; and admit that PPAS was the administrative agent under the loan agreements between the Zohar Funds and the Portfolio Companies; and state that the allegation of "control" set forth in the first sentence of Paragraph 89 of the FAC states a legal conclusion to which no response is required. Defendants admit the allegations set forth in the third sentence of Paragraph 89 of the FAC.

90.     Defendants deny the allegations set forth in Paragraph 90 of the FAC, except admit that Ms. Tilton indirectly owns 99% of PPMG; admit that PPMG provided services to the Portfolio Companies pursuant to the PPMG Agreements; and state that the allegation of "control" set forth in the first sentence of Paragraph 90 of the FAC states a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 90 of the FAC purport to characterize the PPMG Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

91.     Defendants admit the allegations set forth in Paragraph 91 of the FAC.

92.     Paragraph 92 of the FAC purports to characterize the "applicable insurance agreements" between MBIA and certain Zohar Funds and no response is required. Defendants refer the Court to those documents for their complete and accurate contents.

93.     Paragraph 93 of the FAC purports to characterize the Zohar III Indenture and no response is required. Defendants refer the Court to that document for its complete and accurate contents.

94.     Defendants admit the allegations set forth in Paragraph 94 of the FAC, and refer the Court to the Indentures, CMAs, and CAAs for their complete and accurate contents. Defendants further state that the allegations set forth in the footnotes to Paragraph 94 of the FAC consist of definitions or legal conclusions to which no response is required.

95.     The allegations set forth in Paragraph 95 of the FAC, including the footnote, purport to characterize the Indentures and CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

96.     The allegations set forth in Paragraph 96 of the FAC, including the footnote, purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

97.     The allegations set forth in Paragraph 97 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

98.     Defendants deny the allegations set forth in Paragraph 98 of the FAC, except admit that Ms. Tilton was the ultimate decisionmaker on all investment decisions for the Zohar Funds; and state that the allegation of "control" set forth in Paragraph 98 of the FAC states a legal conclusion to which no response is required.

99.     The allegations set forth in the first sentence of Paragraph 99 of the FAC state legal conclusions to which no response is required. To the extent a response is required to the first sentence of Paragraph 99 of the FAC, Defendants admit those allegations. The remaining allegations set forth in Paragraph 99 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

100.    The allegations set forth in Paragraph 100 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

101.    The allegations set forth in Paragraph 101 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

102.    The allegations set forth in Paragraph 102 of the FAC state legal conclusions to which no response is required or purport to characterize the CMAs. Defendants refer the Court to

those documents for their complete and accurate contents. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 102 of the FAC.

103. The allegations set forth in Paragraph 103 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

104. The allegations set forth in Paragraph 104 of the FAC purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents.

105. The allegations set forth in the first sentence of Paragraph 105 of the FAC, including the footnote, purport to characterize the CMAs. Defendants refer the Court to those documents for their complete and accurate contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 105 of the FAC.

106. Defendants admit the allegations set forth in Paragraph 106 of the FAC, except deny that the Zohar Funds received equity interests in the obligors.

107. Defendants admit the allegations set forth in Paragraph 107 of the FAC.

108. Defendants deny the allegations set forth in the first sentence of Paragraph 108 of the FAC, except admit that MD Helicopters is a Portfolio Company. Defendants admit the allegations set forth in the second sentence of Paragraph 108 of the FAC. Defendants deny the allegations set forth in the third sentence of Paragraph 108 of the FAC, except admit that the Zohar Funds' initial investments in MD Helicopters were made in July 2005; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity in MD Helicopters recorded in the Zohar Funds' names. Defendants deny the allegations set forth in the fourth sentence of Paragraph 108 of the FAC, except admit that the Ark Entities made loans to and received equity interests in MD Helicopters.

109.    Defendants admit the allegations set forth in Paragraph 109 of the FAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity in MD Helicopters recorded in the Zohar Funds' names.

110.    Defendants admit the allegations set forth in the first sentence of Paragraph 110 of the FAC. Defendants deny the allegations set forth in the second and third sentences of Paragraph 110 of the FAC, except refer the Court to the MD Stockholders Agreement and any amendments thereto for their complete and accurate contents.

111.    Defendants admit the allegations set forth in Paragraph 111 of the FAC.

112.    Defendants admit the allegations set forth in Paragraph 112 of the FAC, except state that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain membership interests in Rand Acquisition and refer the Court to the Rand Acquisition operating agreement for its complete and accurate contents.

113.    Defendants admit the allegations set forth in Paragraph 113 of the FAC.

114.    Defendants admit the allegations set forth in the first, fourth and sixth sentences of Paragraph 114 of the FAC. Defendants deny the remaining allegations set forth in Paragraph 114 of the FAC, except admit that Stila was formed on April 15, 2009; admit that Ms. Tilton signed the Stila operating agreement and refer the Court to that agreement for its complete and accurate contents; and admit that Zohar III was the sole record member of Stila and holder of Series A Preferred interests in the amount of $3.5 million.

115.    Defendants admit the allegations set forth in the first sentence of Paragraph 115 of the FAC.  To the extent the second and third sentences of Paragraph 115 of the FAC purport to characterize the Delaware Chancery Court's adjudication, no response is required.  The

Defendants admit that Ms. Tilton was replaced as acting manager and CEO of Stila on or about August 9, 2022.

116.    Defendants admit the allegations set forth in Paragraph 116 of the FAC.

117.    Defendants deny the allegations set forth in Paragraph 117 of the FAC, except admit that Ms. Tilton was appointed as manager and/or board member of the Portfolio Companies; admit that Ms. Tilton served as CEO of certain Portfolio Companies, including MD Helicopters, Stila, Dura Automotive and GAS; and admit the allegations set forth in the footnote to Paragraph 117 of the FAC.

118.    Defendants admit the allegations set forth in the first, second and third sentences of Paragraph 118 of the FAC. Defendants deny the remaining allegations set forth in Paragraph 118 of the FAC, except admit that the tax attributes ultimately made their way to Ms. Tilton.

119.    Defendants deny the allegations set forth in Paragraph 119 of the FAC, except admit that the Octaluna Entities were the beneficial owners of the equity in the Portfolio Companies listed in the Zohar Funds' names; admit that the Ark Entities have invested directly in the Portfolio Companies; and admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in the Zohar Funds' names.

120.    Defendants deny the allegations set forth in Paragraph 120 of the FAC.

121.    Defendants deny the allegations set forth in Paragraph 121 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

122.    Defendants deny the allegations set forth in Paragraph 122 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

57772/0002-46365041v1

123.    Defendants deny the allegations set forth in Paragraph 123 of the FAC, except admit that certain Portfolio Companies have entered into bankruptcy and that certain Portfolio Companies were shuttered.

124.    Defendants deny the allegations set forth in Paragraph 124 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

125.    Defendants deny the allegations set forth in Paragraph 125 of the FAC, except refer the Court to the noteholder reports for their complete and accurate contents.

126.    Defendants deny the allegations set forth in Paragraph 126 of the FAC, except refer the Court to the noteholder reports for their complete and accurate contents.

127.    Defendants deny the allegations set forth in Paragraph 127 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

128.    Defendants deny the allegations set forth in Paragraph 128 of the FAC, including in the footnote, except refer the Court to the SEC Decision for its complete and accurate contents.

129.    Defendants deny the allegations set forth in Paragraph 129 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

130.    Defendants deny the allegations set forth in Paragraph 130 of the FAC.

131.    Defendants deny the allegations set forth in Paragraph 131 of the FAC.

132.    Defendants deny the allegations set forth in Paragraph 132 of the FAC.

133.    Defendants deny the allegations set forth in Paragraph 133 of the FAC.

134.    Defendants deny the allegations set forth in Paragraph 134 of the FAC.

135.    Defendants deny the allegations set forth in Paragraph 135 of the FAC.

136.    Defendants deny the allegations set forth in Paragraph 136 of the FAC, except refer the Court to the referenced documents for their complete and accurate contents and state that the

allegation of "control" set forth in the first sentence of Paragraph 136 of the FAC states a legal conclusion to which no response is required.

137.    Defendants deny the allegations set forth in Paragraph 137 of the FAC, except refer the Court to the LLC Agreements for their complete and accurate contents.

138.    The allegations set forth in Paragraph 138 of the FAC purport to describe or summarize the LLC Agreements and the May 2011 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

139.    Defendants deny the allegations set forth in Paragraph 139 of the FAC.

140.    Defendants deny the allegations set forth in Paragraph 140 of the FAC.

141.    Defendants deny the allegations set forth in Paragraph 141 of the FAC, except admit the Zohar Funds executed certain amendments to the LLC Agreements in or around September 2015 and refer the Court to those documents for their complete and accurate contents.

142.    Defendants deny the allegations set forth in Paragraph 142 of the FAC, including the footnote, except refer the Court to the September 2015 Amendments for their complete and accurate contents.

143.    The allegations set forth in Paragraph 143 of the FAC purport to characterize the September 2015 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

144.    The allegations set forth in Paragraph 144 of the FAC purport to characterize the September 2015 Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

145.    Defendants deny the allegations set forth in Paragraph 145 of the FAC, except admit that Ms. Tilton signed the September 2015 Amendments.

57772/0002-46365041v1

146.     Defendants deny the allegations set forth in Paragraph 146 of the FAC, except admit the Zohar Funds granted proxies at certain Portfolio Companies in September 2015 and refer the Court to those documents for their complete and accurate contents.

147.     Defendants deny the allegations set forth in Paragraph 147 of the FAC, except refer the Court to the September 2015 Proxies and September 2015 Amendments for their complete and accurate contents.

148.     The allegations in Paragraph 148 of the FAC purport to characterize the September 2015 Proxies. Defendants refer the Court to those documents for their complete and accurate contents.

149.     Defendants deny the allegations set forth in Paragraph 149 of the FAC, except admit that the Zohar Funds amended Credit Agreements with the Portfolio Companies and refer the Court to those documents for their complete and accurate contents.

150.     The allegations set forth in Paragraph 150 of the FAC purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

151.     The allegations set forth in Paragraph 151 of the FAC purport to characterize the Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

152.     The allegations set forth in Paragraph 152 of the FAC, including the footnotes, purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

153.     Defendants deny the allegations set forth in Paragraph 153 of the FAC, including the footnote, except insofar as the allegations in this Paragraph purport to characterize the Credit

Agreement Amendments, Defendants refer the Court to those documents for their complete and accurate contents.

154.    The allegations set forth in Paragraph 154 of the FAC purport to characterize the Credit Agreements and Credit Agreement Amendments. Defendants refer the Court to those documents for their complete and accurate contents.

155.    Defendants deny the allegations set forth in Paragraph 155 of the FAC.

156.    Defendants deny the allegations set forth in Paragraph 156 of the FAC.

157.    Defendants admit the allegations set forth in the first sentence of Paragraph 157 of the FAC. Defendants deny the remaining allegations set forth in Paragraph 157 of the FAC, except refer the Court to the PPMG Agreements for their complete and accurate contents.

158.    Defendants deny the allegations set forth in Paragraph 158 of the FAC, except admit that certain Portfolio Companies paid monthly fees to PPMG in exchange for services under the PPMG Agreements and refer the Court to those documents for their complete and accurate contents; and state that the allegation of "control" set forth in the third sentence of Paragraph 158 of the FAC states a legal conclusion to which no response is required.

159.    Defendants deny the allegations set forth in Paragraph 159 of the FAC.

160.    Defendants deny the allegations set forth in Paragraph 160 of the FAC, except admit that PPMG and certain Portfolio Companies amended the PPMG Agreements and refer the Court to those agreements for their complete and accurate contents.

161.    Defendants deny the allegations set forth in Paragraph 161 of the FAC.

162.    Defendants deny the allegations set forth in Paragraph 162 of the FAC.

163.    Defendants deny the allegations set forth in Paragraph 163 of the FAC.

164.    Defendants deny the allegations set forth in the first sentence Paragraph 164 of the FAC.  The second sentence of Paragraph 164 is a legal conclusion to which no response is needed. To the extent a response is needed, Defendants deny the allegations set forth in the second sentence of Paragraph 164 of the FAC.

165.    Defendants deny the allegations set forth in Paragraph 165 of the FAC.

166.    Defendants deny the allegations set forth in Paragraph 166 of the FAC.

167.    Defendants admit that prior to tax year 2016, the Zohar Funds were treated as disregarded entities for United States federal income tax purposes. Defendants deny the remaining allegations set forth in Paragraph 167 of the FAC, except refer the Court to the Indentures, Articles of Association, Subscription Agreements, and testimony given by Ms. Tilton for their complete and accurate contents.

168.    Defendants deny the allegations set forth in Paragraph 168 of the FAC, except admit that for tax years 2003 through 2015, Ms. Tilton filed tax returns consistent with the Zohar Funds being treated as disregarded entities.

169.    Defendants deny the allegations set forth in Paragraph 169 of the FAC, except admit that the Zohar Funds' status as disregarded entities was a prerequisite to obtaining credit ratings.

170.    Defendants admit the allegations set forth in the first sentence of Paragraph 170 of the FAC. Defendants deny the remaining allegations set forth in Paragraph 170 of the FAC.

171.    Defendants deny the allegations set forth in Paragraph 171 of the FAC, except admit that certain LLC Portfolio Companies are pass-through entities for tax purposes.

172.    Defendants deny the allegations set forth in Paragraph 172 of the FAC.

173.    Defendants admit the allegations set forth in Paragraph 173 of the FAC, and refer the Court to the Delaware Chancery Court decision for its complete and accurate contents.

174.    Defendants deny the allegations set forth in Paragraph 174 of the FAC, except admit that Ms. Tilton agreed to structure the Zohar Funds as disregarded entities at the time of each Fund's formation.

175.    Defendants deny the allegations set forth in Paragraph 175 of the FAC, except refer the Court to the transcript of Ms. Tilton's  testimony for its complete and accurate contents.

176.    Defendants deny the allegations set forth in Paragraph 176 of the FAC.

177.    Defendants deny the allegations set forth in Paragraph 177 of the FAC, except admit the Octaluna Entities received $118 million in Preference Share Distributions from the Zohar Funds.

178.    Defendants deny the allegations set forth in Paragraph 178 of the FAC.

179.    Defendants deny the allegations set forth in Paragraph 179 of the FAC.

180.    Defendants deny the allegations set forth in Paragraph 180 of the FAC, except insofar as the allegations in this Paragraph, including the footnote, purport to characterize the LLC Agreements, Defendants refer the Court to those documents for their complete and accurate contents.

181.    Defendants deny the allegations set forth in Paragraph 181 of the FAC.

182.    Defendants deny the allegations set forth in Paragraph 182 of the FAC.

183.    Defendants deny the allegations set forth in Paragraph 183 of the FAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

28

184.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 184 of the FAC.

185.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 185 of the FAC.

186.    Defendants deny the allegations set forth in Paragraph 186 of the FAC, except admit that Ms. Tilton caused the Zohar Funds to file the chapter 11 bankruptcy proceedings jointly administered as Case No. 18-10512 (KBO).

187.    Defendants deny the allegations set forth in Paragraph 187 of the TAC, except admit the existence of lawsuits seeking declaratory judgments regarding the beneficial ownership of Dura Buyer, GAS, and Stila, and refer the Court to the referenced filings in those actions for their complete and accurate contents

188.    Defendants deny the allegations set forth in Paragraph 188 of the FAC, except refer the Court to the November 2017 Written Consents for their complete and accurate contents.

189.    Defendants deny the allegations set forth in Paragraph 189 of the FAC, except refer the Court to the referenced subscription agreements for their complete and accurate contents.

190.    Defendants deny the allegations set forth in Paragraph 190 of the FAC, except admit that Octaluna II and Octaluna III made investments in Dura Buyer and refer the Court to the referenced subscription agreements for their complete and accurate contents.

191.    Defendants deny the allegations set forth in Paragraph 191 of the FAC, except admit that Octaluna Entities made investments in GAS and refer the Court to the referenced subscription agreements for their complete and accurate contents.

57772/0002-46365041v1

192.    Defendants deny the allegations set forth in Paragraph 192 of the FAC, except admit that Octaluna Entities made investments in Stila and refer the Court to the referenced subscription agreements for their complete and accurate contents.

193.    Defendants deny the allegations set forth in Paragraph 193 of the FAC, except refer the Court to the September 2015 Amendments and November 2017 Written Consents for their complete and accurate contents; and state that the allegation of "control" set forth in the first sentence of Paragraph 193 of the FAC states a legal conclusion to which no response is required.

194.    Defendants deny the allegations set forth in Paragraph 194 of the FAC.

195.    Defendants deny the allegations set forth in Paragraph 195 of the FAC, except admit that on or about March 10 and 11, 2018, certain "phantom equity" agreements were executed and refer the Court to the referenced documents for their complete and accurate contents.

196.    Defendants deny the allegations set forth in Paragraph 196 of the FAC, except refer the Court to the Phantom Equity Agreements for their complete and accurate contents.

197.    Defendants deny the allegations set forth in Paragraph 197 of the FAC.

198.    Defendants deny the allegations set forth in Paragraph 198 of the FAC.

199.    Defendants deny the allegations set forth in Paragraph 199 of the FAC.

200.    Defendants deny the allegations set forth in Paragraph 200 of the FAC.

201.    Defendants deny the allegations set forth in Paragraph 201 of the FAC, except admit that AMZM was appointed to replace the Patriarch Managers as collateral managers for the Zohar Funds.

202.    Defendants deny the allegations set forth in Paragraph 202 of the FAC, except admit that AMZM brought suit against Patriarch Partners and the Patriarch Managers in the Delaware Court of Chancery concerning the Zohar Funds books and records.

203.     Defendants deny the allegations set forth in Paragraph 203 of the FAC, except admit that the Chancery Court issued a ruling after trial and refer the Court to the referenced decisions and judgments for their complete and accurate contents.

204.     Defendants deny the allegations set forth in Paragraph 204 of the FAC, except admit that the Zohar Funds, acting through AMZM, brought the SDNY Action; admit that the Zohar Funds' claims were wholly dismissed; and refer the Court to the referenced decision in the SDNY Action for its complete and accurate contents.

205.     Defendants deny the allegations set forth in Paragraph 205 of the FAC.

206.     Defendants deny the allegations set forth in Paragraph 206 of the FAC, except admit that the Zohar Funds initiated the Chancery 201 Action and refer the Court to the referenced filing for its complete and accurate contents.

207.     Defendants deny the allegations set forth in Paragraph 207 of the FAC.

208.     Defendants deny the allegations set forth in Paragraph 208 of the FAC, except refer the Court to the cited opinion in the Chancery 225 Action for its complete and accurate contents.

209.     Defendants deny the allegations set forth in Paragraph 209 of the FAC.

210.     Defendants deny the allegations set forth in Paragraph 210 of the FAC, including the footnote, except admit that the Chancery Court ruled on a motion for contempt brought by the Zohar Funds against Ms. Tilton in the Chancery 225 Action and refer the Court to the Chancery Court's order for its complete and accurate contents. Defendants further deny the characterization of the cited communication from Ms. Schiff and refer the Court to the full communication for its complete and accurate contents, and its complete and accurate context.

211.     Defendants deny the allegations set forth in Paragraph 211 of the FAC.

212.    Defendants deny the allegations set forth in Paragraph 212 of the FAC, except admit that Galey & Lord was a textile company and that the Zohar Funds extended more than $100 million in secured loans and refer the Court to Galey & Lord's ABL and term loan credit agreements and the Credit Agreement Amendments for their complete and accurate contents.

213.    Defendants deny the allegations set forth in Paragraph 213 of the FAC, except admit that in 2018 Patriarch told the Zohar Funds that Galey & Lord had been foreclosed upon in 2016, and refer the Court to the referenced documents for their complete and accurate contents.

214.    Defendants deny the allegations set forth in Paragraph 214 of the FAC, except admit that in 2016 the Zohar Funds, Ark II, and API accepted certain assets of Galey & Lord in partial satisfaction of the obligations to the lenders; admit that the assets accepted included any potential ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and refer the Court to the Galey Intercreditor Agreement and any other referenced documents for their complete and accurate contents.

215.    Defendants deny the allegations set forth in Paragraph 215 of the FAC, except refer the Court to the Galey Intercreditor Agreement for its complete and accurate contents.

216.    Defendants deny the allegations set forth in Paragraph 216 of the FAC, except admit that $12.6 million of the proceeds went to Ark II and AIP; admit that $1.9 million went to PPMG to pay accrued management fees; and admit that, to date, $4.2 million was paid to the Zohar Funds.

217.    Defendants deny the allegations set forth in Paragraph 217 of the FAC, except refer the Court to the ▮▮▮▮▮▮▮▮ Credit Agreement Amendments, and the Galey & Lord ABL, Term Loan, and Intercreditor agreements for their complete and accurate contents.

218.    Defendants deny the allegations set forth in Paragraph 218 of the FAC.

219.    Defendants deny the allegations set forth in Paragraph 219 of the FAC, except refer the Court to the Galey Agency Motion and Galey Supplemental Motion for their complete and accurate contents.

220.    Defendants deny the allegations set forth in Paragraph 220 of the FAC, except refer the Court to the Galey Agency Motion and Galey Supplemental Motion for their complete and accurate contents.

221.    Defendants deny the allegations set forth in Paragraph 221 of the FAC, except admit that the Court ordered entry of the Settlement Agreement on May 21, 2018 and refer the Court to that agreement for its complete and accurate contents.

222.    The allegations set forth in the first sentence of Paragraph 222 of the FAC purport to characterize the Settlement Agreement. Defendants refer the Court to that agreement for its complete and accurate contents. The allegation set forth in the second sentence of Paragraph 222 of the FAC states a legal conclusion to which no response is required. To the extent a response is required to the allegation set forth in the second sentence of Paragraph 222 of the FAC, Defendants deny it.

223.    Defendants deny the allegations set forth in Paragraph 223 of the FAC, except admit that certain of Ms. Tilton's affiliates have received payments upon the sales of certain Portfolio Companies and have claimed entitlement to additional amounts upon the monetization of the remaining Portfolio Companies.

224.    Defendants deny the allegations set forth in Paragraph 224 of the FAC.

225.    Defendants deny the allegations set forth in Paragraph 225 of the FAC.

226.    Defendants deny the allegations set forth in Paragraph 226 of the FAC.

227.   Defendants deny the allegations set forth in Paragraph 227 of the FAC, except admit the allegations set forth in the first sentence of Paragraph 227 of the FAC, and refer the Court to the referenced documents for their complete and accurate contents.

228.   Defendants deny the allegations set forth in Paragraph 228 of the FAC, except admit that for the first 18 months of these cases, certain professionals were paid by the Zohar Funds under the Cash Collateral Order.

229.   Defendants deny the allegations set forth in Paragraph 229 of the FAC.

230.   Defendants deny the allegations set forth in Paragraph 230 of the FAC.

231.   Defendants deny the allegations set forth in Paragraph 231 of the FAC.

232.   Defendants deny the allegations set forth in Paragraph 232 of the FAC.

233.   Defendants deny the allegations set forth in Paragraph 233 of the FAC.

234.   Defendants admit the allegations set forth in Paragraph 234 of the FAC, and refer the Court to the Cash Collateral Order for its complete and accurate contents.

235.   The allegations set forth in Paragraph 235 of the FAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

236.   The allegations set forth in Paragraph 236 of the FAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

237.   The allegations set forth in Paragraph 237 of the FAC purport to characterize the Cash Collateral Order. Defendants refer the Court to that order for its complete and accurate contents.

238.   Defendants deny the allegations set forth in Paragraph 238 of the FAC.

239.    Defendants deny the allegations set forth in Paragraph 239 of the FAC.

**CLAIMS FOR RELIEF**

**COUNTS SEEKING INVALIDATION OF TILTON'S ENTRENCHMENT EFFORTS.**

**COUNT I:    DECLARATORY JUDGMENT OF EQUITY OWNERSHIP**
**(By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

240.    The Count I Defendants repeat and reassert the preceding answers in Paragraphs 1-239 as if fully set forth herein.

241.    The Count I Defendants deny the allegations set forth in Paragraph 241 of the FAC, including the footnote, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity and/or membership interests in the Portfolio Companies recorded in the Zohar Funds' names.

242.    The Count I Defendants deny the allegations set forth in Paragraph 242 of the FAC, except refer the Court to the Indentures, LLC agreements, and stock certificates for their complete and accurate contents.

243.    The Count I Defendants deny the allegations set forth in Paragraph 243 of the FAC.

244.    Paragraph 244 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count I Defendants deny the allegations set forth in Paragraph 244 of the FAC, except refer the Court to the stock certificates for their complete and accurate contents.

245.    The Count I Defendants deny the allegations set forth in Paragraph 245 of the FAC, except refer the Court to the LLC Agreements for their complete and accurate contents.

246.    The Count I Defendants deny the allegations set forth in Paragraph 246 of the FAC, except admit that the Debtors filed suit in the Delaware Chancery Court on November 29, 2016.

247.    The Count I Defendants deny the allegations set forth in Paragraph 247 of the FAC, except refer the Court to the referenced filings and decisions in the Delaware Chancery Court and to Ms. Tilton's declaration at D.I. 5 for their complete and accurate contents.

248.    The Count I Defendants deny the allegations set forth in Paragraph 248 of the FAC, except refer the Court to Ms. Tilton's declaration at D.I. 1525 for its complete and accurate contents.

249.    The Count I Defendants deny the allegations set forth in Paragraph 249 of the FAC, and state that D.I. 1524 is the *Motion of Patriarch for Entry of an Order Authorizing Filing of Declaration Under Seal*.

250.    The Count I Defendants deny the allegations set forth in Paragraph 250 of the FAC.

251.    Paragraph 251 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count I Defendants admit the allegations set forth in Paragraph 251 of the FAC.

252.    Paragraph 252 of the FAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count I Defendants deny the allegations set forth in Paragraph 252 of the FAC.

**COUNT II:    DECLARATORY JUDGMENT THAT VOTING/CONTROL ACTIONS WERE INEFFECTIVE**
**(By the Zohar Funds Against Patriarch Managers, Class B Parties, Proxy Grantees, Ark Entities, Octaluna Entities, PPAS, and Tilton)**

253.    The Count II Defendants repeat and reassert the preceding answers in Paragraphs 1-252 as if fully set forth herein.

254.    Paragraph 254 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 254 of the FAC, except admit that commencing as of March 21, 2020, and only after

36

that date, the Zohar Funds were recognized as the beneficial owners of certain equity in the Portfolio Companies recorded in the Zohar Funds' names.

255.    Paragraph 255 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 255 of the FAC.

256.    The Count II Defendants deny the allegations set forth in Paragraph 256 of the FAC.

257.    Paragraph 257 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 257 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

258.    Paragraph 258 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 258 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

259.    Paragraph 259 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 259 of the FAC.

260.    Paragraph 260 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 260 of the FAC.

261.    Paragraph 261 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 261 of the FAC.

262.     The Count II Defendants deny the allegations set forth in Paragraph 262 of the FAC.

263.     Paragraph 263 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 263 of the FAC.

264.     The allegations set forth in Paragraph 264 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count II Defendants deny the allegations set forth in Paragraph 264 of the FAC.

**COUNT III:  DECLARATORY JUDGMENT (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

265.     PPMG repeats and reasserts the preceding answers in Paragraphs 1-264 as if fully set forth herein.

266.     PPMG denies the allegations set forth in Paragraph 266 of the FAC, except refers the Court to the PPMG Agreements for their complete and accurate contents.

267.     PPMG denies the allegations set forth in Paragraph 267 of the FAC, except admits that the Ark Entities own approximately 41% of the equity of MD Helicopters.

268.     PPMG denies the allegations set forth in Paragraph 268 of the FAC.

269.     Paragraph 269 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 269 of the FAC.

270.     The allegations set forth in Paragraph 270 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 270 of the FAC.

## COUNTS SEEKING REMEDIES FOR MISCONDUCT IN COLLATERAL MANAGEMENT

### COUNT IV:   BREACHES OF CMAS AND INDENTURES
#### (By the Zohar Funds Against Patriarch Managers)

271.    The Patriarch Managers repeat and reassert the preceding answers in Paragraphs 1-270 as if fully set forth herein.

272.    The Patriarch Managers admit the allegations set forth in Paragraph 272 of the FAC.

273.    Paragraph 273 of the FAC purports to characterize the CMAs and therefore no response is required. The Patriarch Managers refer the Court to those documents for their complete and accurate contents.

274.    Paragraph 274 of the FAC purports to characterize the CMAs and therefore no response is required. The Patriarch Managers refer the Court to those documents for their complete and accurate contents.

275.    The Patriarch Managers deny the allegations set forth in Paragraph 275 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

276.    Paragraph 276 of the FAC purports to characterize the Indentures and therefore no response is required. The Patriarch Managers refer the Court to the Indentures for their complete and accurate contents.

277.    The Patriarch Managers deny the allegations set forth in Paragraph 277 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

278.    Paragraph 278 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 278 of the FAC, except admit that the CMAs are valid and enforceable contracts.

57772/0002-46365041v1

279.    Paragraph 279 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 279 of the FAC, except admit that the Indentures are valid and enforceable contracts.

280.    The Patriarch Managers deny the allegations set forth in Paragraph 280 of the FAC.

281.    Paragraph 281 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 281 of the FAC.

282.    Paragraph 282 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 282 of the FAC.

283.    The Patriarch Managers deny the allegations set forth in Paragraph 283 of the FAC.

284.    The Patriarch Managers deny the allegations set forth in Paragraph 3284 of the FAC.

285.    Paragraph 285 of the FAC states a hypothetical legal conclusion to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 285 of the FAC.

286.    Paragraph 286 of the FAC states a hypothetical legal conclusion to which no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 286 of the FAC.

287.    Paragraph 287 of the FAC purports to characterize the Indentures and no response is required. The Patriarch Managers refer the Court to the Indentures for their complete and accurate contents.

288.     The Patriarch Managers deny the allegations set forth in Paragraph 288 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

289.     Paragraph 289 of the FAC purports to characterize the Zohar III Indenture. The Patriarch Managers refer the Court to that document for its complete and accurate contents.

290.     The Patriarch Managers deny the allegations set forth in Paragraph 290 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

291.     The Patriarch Managers deny the allegations set forth in Paragraph 291 of the FAC, except refer the Court to the CMAs for their complete and accurate contents

292.     The Patriarch Managers deny the allegations set forth in Paragraph 292 of the FAC.

293.     The Patriarch Managers deny the allegations set forth in Paragraph 293 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

294.     The Patriarch Managers deny the allegations set forth in Paragraph 294 of the FAC, except refer the Court to the CMAs for their complete and accurate contents.

295.     The Patriarch Managers deny the allegations set forth in Paragraph 295 of the FAC.

296.     Paragraph 296 of the FAC purports to characterize the CMAs.   The Patriarch Managers refer the Court to that document for its complete and accurate contents.

297.     The Patriarch Managers deny the allegations set forth in Paragraph 297 of the FAC.

298.     The Patriarch Managers deny the allegations set forth in Paragraph 298 of the FAC.

299.     The allegations set forth in Paragraph 299 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Patriarch Managers deny the allegations set forth in Paragraph 299 of the FAC.

41

## COUNT V:    TORTIOUS INTEREFERENCE WITH CMAS AND INDENTURES
### (By the Zohar Funds Against Lynn Tilton)

300.    Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-299 as if fully set forth herein.

301.    Ms. Tilton denies the allegations set forth in Paragraph 301 of the FAC, except admits that Patriarch Partners VIII entered into a CMA with Zohar I, Patriarch Partners XIV entered into a CMA with Zohar II, and Patriarch Partners XV entered into a CMA with Zohar III, and refers the Court to the CMAs for their complete and accurate contents.

302.    Ms. Tilton denies the allegations set forth in Paragraph 302 of the FAC, except admits that the CMAs were valid and enforceable contracts.

303.    Ms. Tilton denies the allegations set forth in Paragraph 303 of the FAC, except admits that the Indentures are valid and enforceable contracts.

304.    Ms. Tilton denies the allegations set forth in Paragraph 304 of the FAC, except admits that she is the manager and ultimate indirect owner of the Patriarch Managers and has knowledge of the CMAs and Indentures.

305.    Ms. Tilton denies the allegations set forth in Paragraph 305 of the FAC, and states that the allegation of "control" set forth in Paragraph 305 of the FAC states a legal conclusion to which no response is required.

306.    Ms. Tilton denies the allegations set forth in Paragraph 306 of the FAC.

307.    Ms. Tilton denies the allegations set forth in Paragraph 307 of the FAC, and states that the allegation of "control" set forth in the second sentence of Paragraph 307 of the FAC states a legal conclusion to which no response is required.

308.    Ms. Tilton denies the allegations set forth in Paragraph 308 of the FAC.

## COUNT VI:   BREACH OF FIDUCIARY DUTIES OWED IN COLLATERAL MANAGEMENT
### (By the Zohar Funds Against Patriarch Managers and Lynn Tilton)

309.    The Count VI Defendants repeat and reassert the preceding answers in Paragraphs 1-308 as if fully set forth herein.

310.    The Count VI Defendants admit the allegations set forth in Paragraph 310 of the FAC, and refer the Court to the CMAs for their complete and accurate contents.

311.    Paragraph 311 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count VI Defendants admit the allegations set forth in Paragraph 311 of the FAC, and refer the Court to the Indentures and CMAs for their complete and accurate contents.

312.    Paragraph 312 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count VI Defendants deny the allegations set forth in Paragraph 312 of the FAC.

313.    The Count VI Defendants deny the allegations set forth in Paragraph 313 of the FAC.

314.    The Count VI Defendants deny the allegations set forth in Paragraph 314 of the FAC.

315.    The Count VI Defendants admit the allegations set forth in Paragraph 315 of the FAC.

316.    The Count VI Defendants deny the allegations set forth in Paragraph 316 of the FAC.

317.    The Count VI Defendants deny the allegations set forth in Paragraph 317 of the FAC.

318.     The Count VI Defendants deny the allegations set forth in Paragraph 318 of the FAC.

### COUNT VII:     AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (By the Zohar Funds Against Tilton)

319.     Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-318 as if fully set forth herein.

320.     The first sentence of Paragraph 320 of the FAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 320 of the FAC.

321.     Paragraph 321 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton admits the allegations set forth in Paragraph 321 of the FAC.

322.     Ms. Tilton denies the allegations set forth in Paragraph 322 of the FAC.

323.     Ms. Tilton denies the allegations set forth in Paragraph 323 of the FAC.

324.     Ms. Tilton denies the allegations set forth in Paragraph 324 of the FAC.

### COUNT VIII:        CONVERSION OF ZOHAR FUNDS' PROPERTY
### (By the Zohar Funds Against the Patriarch Managers, Class B Parties, Proxy Grantees, Octaluna Entities, Ark Entities, PPAS, and Tilton)

325.     The Count VIII Defendants repeat and reassert the preceding answers in Paragraphs 1-324 as if fully set forth herein.

326.     The Count VIII Defendants deny the allegations set forth in Paragraph 326 of the FAC, except admit that commencing as of March 21, 2020, and only after that date, the Zohar Funds were recognized as the beneficial owners of certain equity and/or membership interests in the Portfolio Companies recorded in the Zohar Funds' names.

327.    The Count VIII Defendants deny the allegations set forth in Paragraph 327 of the FAC.

328.    The Count VIII Defendants deny the allegations set forth in Paragraph 328 of the FAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

329.    The Count VIII Defendants deny the allegations set forth in Paragraph 329 of the FAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

330.    The Count VIII Defendants deny the allegations set forth in Paragraph 330 of the FAC.

## COUNT IX:   ACTUAL FRAUDULENT TRANSFER
### (By the Zohar Funds Against Patriarch Managers, Class B Parties, Octaluna Entities, PPAS, Ark I, AIP, and Ark II)

331.    The Count IX Defendants repeat and reassert the preceding answers in Paragraphs 1-330 as if fully set forth herein.

332.    The Count IX Defendants deny the allegations set forth in Paragraph 332 of the FAC.

333.    The Count IX Defendants deny the allegations set forth in Paragraph 333 of the FAC, except refer the Court to the September 2015 Amendments and the September 2015 Proxies for their complete and accurate contents.

334.    The Count IX Defendants deny the allegations set forth in Paragraph 334 of the FAC, except refer the Court to the Credit Agreement Amendments for their complete and accurate contents.

335.     The Count IX Defendants deny the allegations set forth in Paragraph 335 of the FAC, except refer the Court to the November 2017 Written Consents for their complete and accurate contents.

336.     The Count IX Defendants deny the allegations set forth in Paragraph 336 of the FAC.

337.     The Count IX Defendants deny the allegations set forth in Paragraph 337 of the FAC.

338.     The Count IX Defendants deny the allegations set forth in Paragraph 338 of the FAC.

339.     The Count IX Defendants deny the allegations set forth in Paragraph 339 of the FAC.

340.     Paragraph 340 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count IX Defendants deny the allegations set forth in Paragraph 340 of the FAC.

341.     The Count IX Defendants deny the allegations set forth in Paragraph 341 of the FAC.

342.     The Count IX Defendants deny the allegations set forth in Paragraph 342 of the FAC.

### COUNT X:    CONSTRUCTIVE FRAUDULENT TRANSFER
**(By the Zohar Funds Against Patriarch Managers, Class B Parties, Octaluna Entities, PPAS, and Ark II)**

343.     The Count X Defendants repeat and reassert the preceding answers in Paragraphs 1-342 as if fully set forth herein.

46

344.    The Count X Defendants deny the allegations set forth in Paragraph 344 of the FAC.

345.    The Count X Defendants deny the allegations set forth in Paragraph 345 of the FAC.

346.    The Count X Defendants deny the allegations set forth in Paragraph 346 of the FAC.

347.    Paragraph 347 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count X Defendants deny the allegations set forth in Paragraph 347 of the FAC.

348.    The first sentence of Paragraph 348 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count X Defendants deny the allegations set forth in the first sentence of Paragraph 348 of the FAC. The Count X Defendants deny the allegations set forth in the second sentence of Paragraph 348 of the FAC.

349.    The Count X Defendants deny the allegations set forth in Paragraph 349 of the FAC.

350.    The Count X Defendants deny the allegations set forth in Paragraph 350 of the FAC.

### COUNT XI:   ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(A)
### (By the Zohar Funds Against the Octaluna Entities)

351.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-350 as if fully set forth herein.

352.    The Octaluna Entities deny the allegations set forth in Paragraph 352 of the FAC.

353.    The Octaluna Entities deny the allegations set forth in Paragraph 353 of the FAC.

354.    The Octaluna Entities deny the allegations set forth in Paragraph 354 of the FAC.

355.     The Octaluna Entities deny the allegations set forth in Paragraph 355 of the FAC.

356.     The Octaluna Entities deny the allegations set forth in Paragraph 356 of the FAC.

**COUNT XII:  CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(B)**
**(By the Zohar Funds Against the Octaluna Entities)**

357.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-356 as if fully set forth herein.

358.     The Octaluna Entities deny the allegations set forth in Paragraph 358 of the FAC.

359.     The Octaluna Entities deny the allegations set forth in Paragraph 359 of the FAC.

360.     Paragraph 360 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 360 of the FAC.

361.     The Octaluna Entities deny the allegations set forth in Paragraph 361 of the FAC.

362.     The Octaluna Entities deny the allegations set forth in Paragraph 362 of the FAC.

**COUNT XIII:         UNJUST ENRICHMENT (DEBT AND EQUITY ACTIONS)**
**(By the Zohar Funds Against Ark Entities, Octaluna Entities, PPAS, PPMG, and Tilton)**

363.     The Count XIII Defendants repeat and reassert the preceding answers in Paragraphs 1-362 as if fully set forth herein.

364.     The Count XIII Defendants deny the allegations set forth in Paragraph 364 of the FAC.

365.     The Count XIII Defendants deny the allegations set forth in Paragraph 365 of the FAC.

366.     The Count XIII Defendants deny the allegations set forth in Paragraph 366 of the FAC, including the footnote.

367.    The Count XIII Defendants deny the allegations set forth in Paragraph 367 of the FAC.

368.    The Count XIII Defendants deny the allegations set forth in Paragraph 368 of the FAC.

369.    The Count XIII Defendants deny the allegations set forth in Paragraph 369 of the FAC.

**COUNT XIV:        UNJUST ENRICHMENT (OC TEST MANIPULATION)**
**(By the Zohar Funds Against the Octaluna Entities and Tilton)**

370.    The Count XIV Defendants repeat and reassert the preceding answers in Paragraphs 1-369 as if fully set forth herein.

371.    The Count XIV Defendants deny the allegations set forth in Paragraph 371 of the FAC.

372.    The Count XIV Defendants deny the allegations set forth in Paragraph 372 of the FAC.

373.    The Count XIV Defendants deny the allegations set forth in Paragraph 373 of the FAC.

374.    The Count XIV Defendants deny the allegations set forth in Paragraph 374 of the FAC.

375.    The Count XIV Defendants deny the allegations set forth in Paragraph 375 of the FAC.

376.    The Count XIV Defendants deny the allegations set forth in Paragraph 376 of the FAC.

57772/0002-46365041v1

## COUNTS SEEKING REMEDIES FOR TAX ELECTION ISSUES

### COUNT XV:  BREACH OF SUBSCRIPTION AGREEMENTS (CHECK-THE-BOX ELECTION)
### (By the Zohar Funds Against the Octaluna Entities)

377.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-376 as if fully set forth herein.

378.    The Octaluna Entities admit the allegations set forth in Paragraph 378 of the FAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

379.    The Octaluna Entities admit the allegations set forth in Paragraph 379 of the FAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

380.    The Octaluna Entities admit the allegations set forth in Paragraph 380 of the FAC, and refer the Court to the Subscription Agreement for its complete and accurate contents.

381.    The Octaluna Entities deny the allegations set forth in Paragraph 381 of the FAC, except admit that the Subscription Agreements are valid and enforceable contracts.

382.    The Octaluna Entities admit the allegations set forth in Paragraph 382 of the FAC, and refer the Court to the Subscription Agreements and Investor Questionnaires for their complete and accurate contents.

383.    The Octaluna Entities deny the allegations set forth in Paragraph 383 of the FAC, except refer the Court to the Investor Questionnaires for their complete and accurate contents.

384.    The Octaluna Entities deny the allegations set forth in Paragraph 384 of the FAC, except refer the Court to the Subscription Agreements and Investor Questionnaires for their complete and accurate contents.

385.     The Octaluna Entities deny the allegations set forth in Paragraph 385 of the FAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

386.     The Octaluna Entities deny the allegations set forth in Paragraph 386 of the FAC.

387.     The Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 387 of the FAC. The allegations set forth in the second sentence of Paragraph 387 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 387 of the FAC.

388.     Paragraph 388 of the FAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 388 of the FAC.

389.     The Octaluna Entities deny the allegations set forth in Paragraph 389 of the FAC.

**COUNT XVI:        TORTIOUS INTERFERENCE WITH SUBSCRIPTION
AGREEMENTS (CHECK-THE-BOX ELECTION)
(By the Zohar Funds Against Lynn Tilton)**

390.     Ms. Tilton repeats and reasserts the preceding answers set forth in Paragraphs 1-389 as if fully set forth herein.

391.     Ms. Tilton denies the allegations set forth in Paragraph 391 of the FAC, except admits that the Subscription Agreements are valid and enforceable contracts.

392.     Ms. Tilton denies the allegations set forth in Paragraph 392 of the FAC, except admits that she had and has knowledge of the Subscription Agreements.

393.     Paragraph 393 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 393

of the FAC, except refers the Court to the Subscription Agreements for their complete and accurate contents.

394.    Ms. Tilton denies the allegations set forth in Paragraph 394 of the FAC.

395.    Ms. Tilton denies the allegations set forth in Paragraph 395 of the FAC.

**COUNT XVII:        TORTIOUS INTERFERENCE WITH INDENTURE (CHECK-THE-BOX ELECTION)**
**(By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

396.    The Count XVII Defendants repeat and reassert the preceding answers in Paragraphs 1-395 as if fully set forth herein.

397.    The Count XVII Defendants deny the allegations set forth in Paragraph 397 of the FAC, except admit that the Indentures are valid and enforceable contracts.

398.    The Count XVII Defendants deny the allegations set forth in Paragraph 398 of the FAC, except admit that Ms. Tilton had and has knowledge of the Indentures.

399.    The Count XVII Defendants deny the allegations set forth in Paragraph 399 of the FAC, except refer the Court to the Indentures for their complete and accurate contents.

400.    The Count XVII Defendants deny the allegations set forth in Paragraph 400 of the FAC, except admit that in June 2016, the Octaluna Entities filed IRS Forms 8832 ("Entity Classification Election") electing to classify each of the Zohar Funds as "an association taxable as a corporation."

401.    The Count XVII Defendants deny the allegations set forth in Paragraph 401 of the FAC.

**COUNT XVIII:        CONVERSION OF TAX DIVIDENDS**
**(By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

402.    The Count XVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-401 as if fully set forth herein.

57772/0002-46365041v1

403.     The Count XVIII Defendants deny the allegations set forth in Paragraph 403 of the FAC.

404.     The Count XVIII Defendants deny the allegations set forth in Paragraph 404 of the FAC, except refer the Court to the audited 2018 financial statements for Stila for their complete and accurate contents.

405.     The Count XVIII Defendants deny the allegations set forth in Paragraph 405 of the FAC.

406.     The Count XVIII Defendants deny the allegations set forth in Paragraph 406 of the FAC.

**COUNT XIX:        ACTUAL FRAUDULENT TRANSFER (CHECK-THE-BOX ELETION)**
**(By the Zohar Funds Against the Octaluna Entities)**

407.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-407 as if fully set forth herein.

408.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 408 of the FAC.

409.     The Octaluna Entities deny the allegations set forth in Paragraph 409 of the FAC.

410.     The Octaluna Entities deny the allegations set forth in Paragraph 410 of the FAC.

411.     The Octaluna Entities deny the allegations set forth in Paragraph 411 of the FAC.

412.     The first sentence of Paragraph 412 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 412 of the FAC. The Octaluna Entities deny the allegations set forth in the second sentence of Paragraph 412 of the FAC.

413.     The Octaluna Entities deny the allegations set forth in Paragraph 413 of the FAC.

414.     The Octaluna Entities deny the allegations set forth in Paragraph 414 of the FAC.

## COUNT XX:  CONSTRUCTIVE FRAUDULENT TRANSFER (CHECK-THE-BOX ELECTION)
### (By the Zohar Funds Against the Octaluna Entities)

415.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-414 as if fully set forth herein.

416.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 416 of the FAC.

417.     The Octaluna Entities deny the allegations set forth in Paragraph 417 of the FAC.

418.     The Octaluna Entities deny the allegations set forth in Paragraph 418 of the FAC.

419.     Paragraph 419 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 419 of the FAC.

420.     The first sentence of Paragraph 420 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in the first sentence of Paragraph 420 of the FAC. The Octaluna Entities deny the allegations set forth in the second sentence of Paragraph 420 of the FAC.

421.     The Octaluna Entities deny the allegations set forth in Paragraph 421 of the FAC.

422.     The Octaluna Entities deny the allegations set forth in Paragraph 422 of the FAC.

## COUNT XXI:       ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(A) (CHECK-THE-BOX ELECTION)
### (By the Zohar Funds Against the Octaluna Entities)

423.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-422 as if fully set forth herein.

424.     The Octaluna Entities deny the allegations set forth in Paragraph 424 of the FAC.

425.     The Octaluna Entities deny the allegations set forth in Paragraph 425 of the FAC.

426.     The Octaluna Entities deny the allegations set forth in Paragraph 426 of the FAC.

427.     The Octaluna Entities deny the allegations set forth in Paragraph 427 of the FAC.

428.     The Octaluna Entities deny the allegations set forth in Paragraph 428 of the FAC.

429.     The Octaluna Entities deny the allegations set forth in Paragraph 429 of the FAC.

**COUNT XXII:        CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(A)(1)(B) (CHECK-THE-BOX ELECTION)**
**(By the Zohar Funds Against the Octaluna Entities)**

430.     The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-429 as if fully set forth herein.

431.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 431 of the FAC.

432.     The Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 432 of the FAC.

433.     The Octaluna Entities deny the allegations set forth in Paragraph 433 of the FAC.

434.     Paragraph 434 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 434 of the FAC.

435.     The Octaluna Entities deny the allegations set forth in Paragraph 435 of the FAC.

436.     The Octaluna Entities deny the allegations set forth in Paragraph 436 of the FAC.

**COUNT XXIII:        [RESERVED]**

437.     No response required.

438.     No response required.

439.     No response required.

**COUNT XXIV:        UNJUST ENRICHMENT (TAX DIVIDENDS)**
**(By the Zohar Funds Against the Octaluna Entities and Lynn Tilton)**

440.    The Count XXIV Defendants repeat and reassert the preceding answers in Paragraphs 1-439 as if fully set forth herein.

441.    The Count XXIV Defendants deny the allegations set forth in Paragraph 441 of the FAC.

442.    The Count XXIV Defendants deny the allegations set forth in Paragraph 442 of the FAC, except refer the Court to the audited 2018 financial statements for Stila for their complete and accurate contents.

443.    The Count XXIV Defendants deny the allegations set forth in Paragraph 443 of the FAC.

444.    The Count XXIV Defendants deny the allegations set forth in Paragraph 444 of the FAC.

445.    The Count XXIV Defendants deny the allegations set forth in Paragraph 445 of the FAC.

**COUNTS SEEKING REMEDIES FOR MISCONDUCT IN PORTFOLIO COMPANY MANAGEMENT**

**COUNT XXV:        BREACHES OF LLC AGREEMENTS**
**(By Zohar II 2005-1, Corp. individually and the Zohar Funds on behalf of the LLC Portfolio Company Litigants Against Lynn Tilton)**

446.    Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-445 as if fully set forth herein.

447.    Paragraph 447 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 447 of the FAC.

448.    Paragraph 448 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 448 of the FAC, and refers the Court to the order authorizing the Zohar Funds' sale of interests in RM Acquisition and the Plan for their complete and accurate contents.

449.    Paragraph 449 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 449 of the FAC, and refers the Court to the order authorizing the Zohar Funds' sale of interests in RM Acquisition and the Plan for their complete and accurate contents.

450.    Paragraph 450 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 450 of the FAC.

451.    Paragraph 451 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 451 of the FAC.

452.    Ms. Tilton admits the allegations set forth in Paragraph 452 of the FAC.

453.    Ms. Tilton denies the allegations set forth in Paragraph 453 of the FAC, except admits that she was the sole manager of many of the LLC Portfolio Companies, or the manager or director of another legal entity that served as the manager under the relevant LLC agreement.

454.    Ms. Tilton states that the term "LLC Agreement" as used in Paragraph 454 of the FAC is vague, and on that basis denies the allegations set forth in Paragraph 454 of the FAC.

455.    Ms. Tilton denies the allegations set forth in Paragraph 455 of the FAC.

456.    Ms. Tilton denies the allegations set forth in Paragraph 456 of the FAC.

457.    Paragraph 457 of the FAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 457 of the FAC.

458.    Ms. Tilton denies the allegations set forth in Paragraph 458 of the FAC.

459.    Ms. Tilton denies the allegations set forth in Paragraph 459 of the FAC.

460.    The allegations set forth in Paragraph 460 of the FAC purport to characterize the Dura Buyer, GAS, and Stila LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

461.    Paragraph 461 of the FAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 461 of the FAC.

462.    Ms. Tilton denies the allegations set forth in Paragraph 462 of the FAC, except admits that, in her capacity as Manager for Dura Buyer, GAS, and Stila, she executed the November 2017 Written consents and refers the Court to those documents for their complete and accurate contents.

463.    Paragraph 463 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 463 of the FAC.

464.    The allegations set forth in Paragraph 464 of the FAC purport to characterize the Dura Buyer, GAS, and Stila LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

465. Paragraph 465 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations in Paragraph 465 of the FAC.

466. Ms. Tilton denies the allegations set forth in Paragraph 466 of the FAC, except refers the Court to the November 2017 Written Consents for their complete and accurate contents.

467. Ms. Tilton denies the allegations set forth in Paragraph 467 of the FAC, except refers the Court to the November 2017 Written Consents for their complete and accurate contents.

468. Ms. Tilton denies the allegations set forth in Paragraph 468 of the FAC.

469. Ms. Tilton denies the allegations set forth in Paragraph 469 of the FAC.

470. Ms. Tilton denies the allegations set forth in Paragraph 470 of the FAC.

471. Ms. Tilton denies the allegations set forth in Paragraph 471 of the FAC, except refers the Court to the Phantom Equity Agreements for their complete and accurate contents.

472. Ms. Tilton denies the allegations set forth in Paragraph 472 of the FAC, except refers the Court to the Phantom Equity Agreements for their complete and accurate contents.

473. Ms. Tilton denies the allegations set forth in Paragraph 473 of the FAC.

474. The allegations set forth in Paragraph 474 of the FAC purport to characterize the LLC Agreements and no response is required. Ms. Tilton refers the Court to those agreements for their complete and accurate contents.

475. Paragraph 475 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 475 of the FAC, except admits that she is the indirect owner of 99% of PPMG.

476.    Ms. Tilton denies the allegations set forth in Paragraph 476 of the FAC, except states that the allegation of "control" set forth in the second sentence of Paragraph 476 of the FAC is a legal conclusion to which no response is required.

477.    Ms. Tilton denies the allegations set forth in Paragraph 477 of the FAC, except states that the allegation of "control" set forth in Paragraph 477 of the FAC is a legal conclusion to which no response is required.

478.    Ms. Tilton denies the allegations set forth in Paragraph 478 of the FAC.

479.    Ms. Tilton denies the allegations set forth in Paragraph 479 of the FAC, except admits certain amendments to the PPMG Agreements were dated either August 25, 2015 or September 25, 2015.

480.    Ms. Tilton denies the allegations set forth in Paragraph 480 of the FAC, except refers the Court to the PPMG Agreements for their complete and accurate contents.

481.    Ms. Tilton denies the allegations set forth in Paragraph 481 of the FAC.

482.    Paragraph 482 of the FAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 482 of the FAC.

483.    Paragraph 483 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 483 of the FAC.

484.    Ms. Tilton denies the allegations set forth in Paragraph 484 of the FAC, except refers the Court to the LLC Agreements for their complete and accurate contents.

485.    Ms. Tilton denies the allegations set forth in Paragraph 485 of the FAC, except refers the Court to the LLC Agreements for their complete and accurate contents.

57772/0002-46365041v1

486.    Ms. Tilton denies the allegations set forth in Paragraph 486 of the FAC.

487.    Ms. Tilton denies the allegations set forth in Paragraph 487 of the FAC.

488.    Ms. Tilton denies the allegations set forth in Paragraph 488 of the FAC.

489.    Ms. Tilton denies the allegations set forth in Paragraph 489 of the FAC.

490.    Ms. Tilton denies the allegations set forth in Paragraph 490 of the FAC.

491.    Ms. Tilton denies the allegations set forth in Paragraph 491 of the FAC.

492.    Paragraph 492 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 492 of the FAC.

493.    Paragraph 493 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 493 of the FAC.

494.    Ms. Tilton denies the allegations set forth in Paragraph 494 of the FAC.

495.    Ms. Tilton denies the allegations set forth in Paragraph 495 of the FAC.

496.    Ms. Tilton denies the allegations set forth in Paragraph 496 of the FAC.

497.    Ms. Tilton denies the allegations set forth in Paragraph 497 of the FAC.

498.    Ms. Tilton denies the allegations set forth in Paragraph 498 of the FAC.

499.    Ms. Tilton denies the allegations set forth in Paragraph 499 of the FAC.

500.    Paragraph 500 of the FAC purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 500 of the FAC.

**COUNT XXVI:    TORTIOUS INTERFERENCE WITH THE LLC AGREEMENTS**
**(By Zohar II 2005-1, Corp. individually and the Zohar Funds individually and on behalf of the Tax Dividend Payors Against the Octaluna Entities)**

501.    The Octaluna Entities repeat and reassert the preceding answers in Paragraphs 1-500 as if fully set forth herein.

502.    Paragraph 502 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 502 of the FAC.

503.    Paragraph 503 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 503 of the FAC, except refer the Court to the referenced order and Plan for their complete and accurate contents.

504.    Paragraph 504 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 504 of the FAC, except refer the Court to the referenced order and Plan for their complete and accurate contents.

505.    Paragraph 505 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 505 of the FAC.

506.    Paragraph 506 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 506 of the FAC.

507.    The Octaluna Entities admit the allegations set forth in Paragraph 507 of the FAC.

57772/0002-46365041v1

508.    The Octaluna Entities state that the term "LLC Agreement" as used in Paragraph 508 of the FAC is vague, and on that basis deny the allegations set forth in Paragraph 508 of the FAC.

509.    The Octaluna Entities deny the allegations set forth in Paragraph 509 of the FAC.

510.    The Octaluna Entities deny the allegations set forth in Paragraph 510 of the FAC.

511.    Paragraph 511 of the FAC purports to characterize the LLC Agreements and no response is required. The Octaluna Entities refer the Court to those documents for their complete and accurate contents.

512.    The Octaluna Entities deny the allegations set forth in Paragraph 512 of the FAC.

513.    Paragraph 513 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 513 of the FAC.

514.    Paragraph 514 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 514 of the FAC.

515.    Paragraph 515 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 515 of the FAC.

516.    Paragraph 516 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 516 of the FAC, except refer the Court to the referenced order and Plan for their complete and accurate contents.

517.     Paragraph 517 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 517 of the FAC, except refer the Court to the referenced order and Plan for their complete and accurate contents.

518.     Paragraph 518 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 518 of the FAC.

519.     Paragraph 519 of the FAC purports to characterize the LLC Agreements and no response is required. The Octaluna Entities refer the Court to those documents for their complete and accurate contents.

520.     Paragraph 520 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 520 of the FAC.

521.     Paragraph 521 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 521 of the FAC.

522.     Paragraph 522 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations in Paragraph 522 of the FAC.

523.     Paragraph 523 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Octaluna Entities deny the allegations set forth in Paragraph 523 of the FAC.

57772/0002-46365041v1

**COUNT XXVII:    TORTIOUS INTERFERENCE WITH THE LLC AGREEMENTS**
**(By Zohar II 2005-1, Corp. individually and the Zohar Funds on behalf of the LLC**
**Portfolio Company Litigants Against PPMG)**

524.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-523 as if fully set forth herein.

525.    Paragraph 525 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 525 of the FAC.

526.    Paragraph 526 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 526 of the FAC.

527.    Paragraph 527 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 527 of the FAC.

528.    PPMG admits the allegations set forth in Paragraph 528 of the FAC.

529.    PPMG states that the term "LLC Agreement" as used in Paragraph 529 of the FAC is vague, and on that basis denies the allegations set forth in Paragraph 529 of the FAC.

530.    PPMG denies the allegations set forth in Paragraph 530 of the FAC.

531.    PPMG denies the allegations set forth in Paragraph 531 of the FAC.

532.    Paragraph 532 of the FAC purports to characterize the LLC Agreements and no response is required. PPMG refers the Court to those documents for their complete and accurate contents.

533.    PPMG denies the allegations set forth in Paragraph 533 of the FAC.

534.    PPMG denies the allegations set forth in Paragraph 534 of the FAC.

535.    Paragraph 535 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 535 of the FAC.

536.    Paragraph 536 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 536 of the FAC.

**COUNT XXVIII:    TORTIOUS INTERFERENCE WITH THE MD HELICOPTERS, INC. STOCKHOLDERS AGREEMENTS**
**(By the Zohar Funds Against Lynn Tilton and PPMG)**

537.    The Count XXVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-536 as if fully set forth herein.

538.    The Count XXVIII Defendants admit the allegations set forth in Paragraph 538 of the FAC.

539.    The Count XXVIII Defendants admit the allegations set forth in Paragraph 539 of the FAC.

540.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 540 of the FAC.

541.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 541 of the FAC.

542.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 542 of the FAC, except admit that Ms. Tilton was the CEO of MD Helicopters at the time of MD Helicopters' entry into the Phantom Equity Agreement.

543.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 543 of the FAC, except refer the Court to the MD Stockholders Agreement and the Phantom Equity Agreement for their complete and accurate contents.

544.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 544 of the FAC.

545.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 545 of the FAC, except admit that Ms. Tilton served as a Director of MD Helicopters from 2005 until 2020.

546.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 546 of the FAC.

547.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 547 of the FAC.

548.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 548 of the FAC.

549.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 549 of the FAC.

550.    The Count XXVIII Defendants deny the allegations set forth in Paragraph 550 of the FAC.

551.    The allegations set forth in Paragraph 551 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXVIII Defendants deny the allegations set forth in Paragraph 551 of the FAC.

57772/0002-46365041v1

552.     Paragraph 552 of the FAC purports to summarize the law, and therefore, no response is required. To the extent a response is required, the Count XXVIII Defendants deny the allegations set forth in Paragraph 552 of the FAC.

553.     The Count XXVIII Defendants deny the allegations set forth in Paragraph 553 of the FAC.

**COUNT XXIX:     BREACH OF FIDUCIARY DUTIES OWED TO THE CORPORATION PORTFOLIO COMPANY LITIGANTS, HERITAGE AVIATION. PDP, AND UI ACQUISITION**
**(By Zohar II individually and the Zohar Funds on behalf of the Corporation Portfolio Company Litigants Against Lynn Tilton)**

554.     Ms. Tilton repeats and reasserts the preceding answers in Paragraphs 1-553 as if fully set forth herein.

555.     Paragraph 555 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 555 of the FAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in FSAR Holdings, Inc. and the Plan for their complete and accurate contents.

556.     Paragraph 556 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 556 of the FAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in UI Acquisition and the Plan for their complete and accurate contents.

557.     Paragraph 557 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 557 of the FAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in Heritage Aviation and the Plan for their complete and accurate contents.

558.    Paragraph 558 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 558 of the FAC.

559.    Ms. Tilton denies the allegations set forth in Paragraph 559 of the FAC, except admits that she served on the boards of directors of certain Corporation Portfolio Companies.

560.    Ms. Tilton denies the allegations set forth in Paragraph 560 of the FAC, except admits that she served on the boards of directors of the Corporation Portfolio Companies.

561.    Paragraph 561 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 561 of the FAC.

562.    Paragraph 562 of the FAC purports to summarize the law and no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 562 of the FAC.

563.    Paragraph 563 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 563 of the FAC.

564.    Paragraph 564 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 564 of the FAC.

565.    Paragraph 565 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 565 of the FAC, except admits that she is the indirect owner of 99% of, and manager of, PPMG.

566.    Ms. Tilton denies the allegations set forth in Paragraph 566 of the FAC.

567. Ms. Tilton denies the allegations set forth in Paragraph 567 of the FAC.

568. Ms. Tilton denies the allegations set forth in Paragraph 568 of the FAC, except admits she was a manager of Performance Designed Products, LLC at the time it entered into its PPMG Agreement.

569. Ms. Tilton denies the allegations set forth in Paragraph 569 of the FAC, except admits that she was the manager of Zohar HA, LLC and sole person with authority with respect to Zohar HA, LLC; and states that the allegation of "control" states a legal conclusion to which no response is required.

570. Ms. Tilton denies the allegations set forth in Paragraph 570 of the FAC.

571. Ms. Tilton denies the allegations set forth in Paragraph 571 of the FAC.

572. Ms. Tilton denies the allegations set forth in Paragraph 572 of the FAC.

573. Ms. Tilton denies the allegations set forth in Paragraph 573 of the FAC, except refers the Court to the PPMG Agreements and amendments for their complete and accurate contents.

574. Ms. Tilton denies the allegations set forth in Paragraph 574 of the FAC, except refers the Court to the PPMG Agreements and amendments for their complete and accurate contents.

575. Ms. Tilton denies the allegations set forth in Paragraph 575 of the FAC.

576. Ms. Tilton denies the allegations set forth in Paragraph 576 of the FAC.

577. Ms. Tilton denies the allegations set forth in Paragraph 577 of the FAC.

**COUNT XXX:        AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**(By Zohar II individually and the Zohar Funds on behalf of the Corporation Portfolio**
**Company Litigants Against PPMG)**

578.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-577 as if fully set forth herein.

579.    Paragraph 579 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 579 of the FAC.

580.    Paragraph 580 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 580 of the FAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in UI Acquisition and the Plan for their complete and accurate contents.

581.    Paragraph 581 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Ms. Tilton denies the allegations set forth in Paragraph 581 of the FAC, except refers the Court to the order authorizing the Zohar Funds' sale of equity interests in Heritage Aviation and the Plan for their complete and accurate contents.

582.    Paragraph 582 of the FAC states legal conclusions to which no response is required. To the extent a response is required, PPMG denies the allegations set forth in Paragraph 582 of the FAC.

583.    PPMG denies the allegations in Paragraph 583 of the FAC, except admits that Ms. Tilton is the manager of PPMG; further admits that she served as a director of the Corporation Portfolio Companies; and states that the allegation of "control" set forth in the first sentence of Paragraph 583 of the FAC is a legal conclusion to which no response is required.

71

584.    PPMG denies the allegations set forth in Paragraph 584 of the FAC, except states that the allegation of "control" set forth in Paragraph 584 of the FAC is a legal conclusion to which no response is required.

585.    PPMG denies the allegations set forth in Paragraph 585 of the FAC.

586.    PPMG denies the allegations set forth in Paragraph 586 of the FAC.

**COUNT XXXI:        ACTUAL FRAUDULENT TRANSFER (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

587.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-586 as if fully set forth herein.

588.    PPMG denies the allegations set forth in Paragraph 588 of the FAC, except admits that the Zohar Funds were lenders to Dura Automotive, GAS, Heritage Aviation, Ltd., Intrepid U.S.A., Inc., Libertas Copper, LLC, LVD Acquisition, LLC, MD Helicopters, Rand Acquisition, Snelling Staffing, LLC, and Vulcan.

589.    PPMG denies the allegations set forth in Paragraph 589 of the FAC.

590.    PPMG denies the allegations set forth in Paragraph 590 of the FAC.

591.    PPMG denies the allegations set forth in Paragraph 591 of the FAC.

592.    PPMG denies the allegations set forth in Paragraph 592 of the FAC.

593.    PPMG denies the allegations set forth in Paragraph 593 of the FAC.

594.    PPMG denies the allegations set forth in Paragraph 594 of the FAC.

595.    PPMG denies the allegations set forth in Paragraph 595 of the FAC.

596.    PPMG denies the allegations set forth in Paragraph 596 of the FAC.

**COUNT XXXII:      CONSTRUCTIVE FRAUDULENT TRANSFER (PPMG AGREEMENTS)**
**(By the Zohar Funds Against PPMG)**

597.    PPMG repeats and reasserts the preceding answers in Paragraphs 1-596 as if fully set forth herein.

598.    PPMG denies the allegations set forth in Paragraph 598 of the FAC, except admits that the Zohar Funds were lenders to Dura Automotive, GAS, Heritage Aviation, Ltd., Intrepid U.S.A., Inc., Libertas Copper, LLC, LVD Acquisition, LLC, MD Helicopters, Rand Acquisition, Snelling Staffing, LLC, and Vulcan.

599.    PPMG denies the allegations in Paragraph 599 of the FAC.

600.    PPMG denies the allegations in Paragraph 600 of the FAC.

601.    PPMG denies the allegations in Paragraph 601 of the FAC.

602.    PPMG denies the allegations in Paragraph 602 of the FAC.

603.    PPMG denies the allegations in Paragraph 603 of the FAC.

604.    PPMG denies the allegations in Paragraph 604 of the FAC.

**COUNT XXXIII:     UNJUST ENRICHMENT**
**(By the Zohar Funds Against the Octaluna Entities and PPMG)**

605.    The Count XXXIII Defendants repeat and reassert the preceding answers in Paragraphs 1-604 as if fully set forth herein.

606.    The Count XXXIII Defendants deny the allegations in Paragraph 606 of the FAC.

607.    The Count XXXIII Defendants deny the allegations in Paragraph 607 of the FAC.

608.    The Count XXXIII Defendants deny the allegations in Paragraph 608 of the FAC.

609.    The Count XXXIII Defendants deny the allegations in Paragraph 609 of the FAC.

610.    The Count XXXIII Defendants deny the allegations in Paragraph 610 of the FAC.

611.    The Count XXXIII Defendants deny the allegations in Paragraph 611 of the FAC.

### COUNT XXXIV:    FAITHLESS SERVANT
### (By the Zohar Funds Against the Patriarch Managers)

612.    The Patriarch Managers repeat and reassert the preceding answers in Paragraphs 1-611 as if fully set forth herein.

613.    The Patriarch Managers admit the allegations set forth in Paragraph 613 of the FAC.

614.    The Patriarch Managers deny the allegations in Paragraph 614 of the FAC.

615.    The Patriarch Managers deny the allegations in Paragraph 615 of the FAC.

616.    The Patriarch Managers deny the allegations in Paragraph 616 of the FAC.

617.    The Patriarch Managers deny the allegations in Paragraph 617 of the FAC.

618.    The Patriarch Managers deny the allegations in Paragraph 618 of the FAC.

619.    The Patriarch Managers deny the allegations in Paragraph 619 of the FAC.

620.    The Patriarch Managers deny the allegations in Paragraph 620 of the FAC.

621.    The Patriarch Managers deny the allegations in Paragraph 621 of the FAC.

### COUNT XXXV:    CONVERSION OF ZOHAR FUNDS' PROPERTY
### (By the Zohar Funds Against Tilton, PPAS, PPMG, Ark II, and AIP)

622.    The Count XXXV Defendants repeat and reassert the preceding answers in Paragraphs 1-621 as if fully set forth herein.

623.    The Count XXXV Defendants admit the allegations set forth in the first sentence of Paragraph 623 of the FAC. The allegations in the second sentence of Paragraph 623 of the FAC state legal conclusions to which no response is required. The Count XXXV Defendants refer the court to the referenced documents for their complete and accurate contents.

624.    The Count XXXV Defendants admit the allegations set forth in Paragraph 624 of the FAC.

625.    The Count XXXV Defendants deny the allegations set forth in Paragraph 625 of the FAC.

626.    The Count XXXV Defendants admit the allegations set forth in Paragraph 626 of the FAC.

627.    The Count XXXV Defendants deny the allegations set forth in Paragraph 627 of the FAC.

628.    The Count XXXV Defendants deny the allegations in Paragraph 628 of the FAC.

629.    The Count XXXV Defendants deny the allegations in Paragraph 629 of the FAC.

**COUNT XXXVI:    AVOIDANCE OF POSTPETITION TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 549 (By the Zohar Funds Against Tilton, PPAs, PPMG, Ark, and AIP)**

630.    The Count XXXVI Defendants repeat and reassert the preceding answers in Paragraphs 1-629 as if fully set forth herein.

631.    Paragraph 631 of the FAC states legal conclusions to which no response is required. The Count XXXVI Defendants refer the Court to the referenced documents for their complete and accurate contents.

632.    The Count XXXVI Defendants admit the allegations set forth in Paragraph 632 of the FAC.

633.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 633 of the FAC.

634.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 634 of the FAC, except admit that PPAS received approximately $5.5 million from the Boland Plant Sale and approximately $2 million from the Darlington Plant Demolition.

635.    Paragraph 635 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, the Count XXXVI Defendants deny the allegations set forth in Paragraph 635 of the FAC.

636.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 636 of the FAC. The allegations set forth in the footnote to Paragraph 636 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVI Defendants deny the allegations set forth in Paragraph 636 of the FAC.

637.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 637 of the FAC.

638.    The Count XXXVI Defendants deny the allegations set forth in Paragraph 638 of the FAC.

### COUNT XXXVII:    CONSTRUCTIVE FRAUDULENT TRANSFER
### (By the Zohar Funds Against Tilton, PPAS, PPMG, and the Ark Entities)

639.    The Count XXXVII Defendants repeat and reassert the preceding answers in Paragraphs 1-638 as if fully set forth herein.

640.    The allegations set forth in the first sentence of Paragraph 640 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVII Defendants deny the allegations set forth in the first sentence of Paragraph 640 of the FAC. The Count XXXVII Defendants deny the remaining allegations set forth in Paragraph 640 of the FAC.

641.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 641 of the FAC.

642.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 642 of the FAC.

643.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 643 of the FAC, and refer the Court to the foreclosure notice and the October 26, 2018 letter from counsel to PPAS for their complete and accurate contents.

644.    The Count XXXVII Defendants admit the allegations set forth in Paragraph 644 of the FAC, except state that the ███████████████ were received by a subsidiary of Galey & Lord.

645.    The Count XXXVII Defendants deny the allegations set forth in Paragraph 645 of the FAC.

646.    The Count XXXVII Defendants deny the allegations set forth in Paragraph 646 of the FAC, and state that the allegations related to "insolvency" set forth in Paragraph 646 of the FAC state legal conclusions to which no response is required.

647.    The Count XXXVII Defendants deny the allegations set forth in Paragraph 647 of the FAC.

648.    Paragraph 648 states legal conclusions to which no response is required. To the extent a response is required, the Count XXXVII Defendants deny the allegations set forth in Paragraph 648 of the FAC.

### COUNT XXXVIII:   ACTUAL FRAUDULENT TRANSFER
### (By the Zohar Funds Against PPAS & PPMG)

649.    The Count XXXVIII Defendants repeat and reassert the preceding answers in Paragraphs 1-648 as if fully set forth herein.

650.    The allegations set forth in the first sentence of Paragraph 650 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is

required, the Count XXXVIII Defendants deny the allegations set forth in the first sentence of Paragraph 650 of the FAC. The Count XXXVIII Defendants deny the remaining allegations set forth in Paragraph 650 of the FAC.

651.    The Count XXXVIII Defendants admit the allegations in Paragraph 651 of the FAC.

652.    The Count XXXVIII Defendants admit the allegations set forth in Paragraph 652 of the FAC, and state that the ███████████████ were received by a subsidiary of Galey & Lord.

653.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 653 of the FAC.

654.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 654 of the FAC.

655.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 655 of the FAC.

656.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 656 of the FAC.

657.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 657 of the FAC. The allegations set forth in the footnote to Paragraph 657 of the FAC purport to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XXXVIII Defendants deny the allegations set forth in the footnote to Paragraph 657 of the FAC.

658.    The Count XXXVIII Defendants deny the allegations set forth in Paragraph 658 of the FAC.

659.     The Count XXXVIII Defendants deny the allegations set forth in Paragraph 659 of the FAC.

### COUNT XXXIX:     DISGORGEMENT OF FEES AND EXPENSES
### (By the Zohar Funds Against Tilton and the Patriarch Secured Parties)

660.     The Count XXXIX Defendants repeat and reassert the preceding answers in Paragraphs 1-659 as if fully set forth herein.

661.     The allegations set forth in Paragraph 661 of the FAC purport to characterize the Cash Collateral Order and no response is required. The Count XXXIX Defendants refer the Court to the Cash Collateral Order for its complete and accurate contents.

662.     The allegations set forth in Paragraph 662 of the FAC purport to characterize the Cash Collateral Order and no response is required. The Count XXXIX Defendants refer the Court to the Cash Collateral Order for its complete and accurate contents.

663.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 663 of the FAC.

664.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 664 of the FAC.

665.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 665 of the FAC.

666.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 666 of the FAC.

667.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 667 of the FAC.

668.     The Count XXXIX Defendants deny the allegations set forth in Paragraph 668 of the FAC.

**COUNT XL:      BREACH OF THE GALEY & LORD CREDIT AGREEMENT, ABL**
**CREDIT AGREEMENT, AND INTERCREDITOR AGREEMENT**
**(By the Zohar Funds Against PPAS, Ark II, and AIP)**

669.    The Count XL Defendants repeat and reassert the preceding answers in Paragraphs 1-668 as if fully set forth herein.

670.    The allegations set forth in the first sentence of Paragraph 670 of the FAC purport to characterize the Zohar Funds' claims and therefore no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in the first sentence of Paragraph 670 of the FAC. The Count XL Defendants deny the remaining allegations set forth in Paragraph 670 of the FAC.

671.    The Count XL Defendants deny the allegations set forth in Paragraph 671 of the FAC, except refer the Court to the Galey & Lord Intercreditor Agreement for its complete and accurate contents.

672.    The Count XL Defendants deny the allegations set forth in Paragraph 672 of the FAC, except refer the Court to the Galey & Lord Intercreditor Agreement and the Galey & Lord Term Loan Credit Agreement for their complete and accurate contents.

673.    The Count XL Defendants deny the allegations set forth in Paragraph 673 of the FAC.

674.    The Count XL Defendants deny the allegations set forth in Paragraph 674 of the FAC.

675.    The Count XL Defendants admit the allegations set forth in Paragraph 675 of the FAC.

676.    Paragraph 676 of the FAC states legal conclusions to which no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in

Paragraph 676 of the FAC, except refer the Court to the Galey & Lord ABL Credit Agreement and the Term Loan Credit Agreement for their complete and accurate contents.

677.    The Count XL Defendants deny the allegations set forth in Paragraph 677 of the FAC.

678.    Paragraph 678 of the FAC, including the footnote, purports to characterize the Zohar Funds' claims and no response is required. To the extent a response is required, the Count XL Defendants deny the allegations set forth in Paragraph 678 of the FAC.

## COUNT XLI: UNJUST ENRICHMENT (INVALID PARAGRAPH 18 CLAIMS)
### (By the Zohar Funds Against the Octaluna Entities, Tilton, PPMG. PPAS, and Patriarch Partners)

679.    The Count XLI Defendants repeat and reassert the preceding answers in Paragraphs 1-678 as if fully set forth herein.

680.    Paragraph 680 of the FAC purports to characterize the Settlement Agreement and no response is required. The Count XLI Defendants refer the Court to that agreement for its complete and accurate contents.

681.    Paragraph 681 of the FAC purports to characterize the Settlement Agreement and no response is required. The Count XLI Defendants refer the Court to that agreement for its complete and accurate contents.

682.    The Count XLI Defendants deny the allegations set forth in Paragraph 682 of the FAC.

683.    The Count XLI Defendants deny the allegations set forth in Paragraph 683 of the FAC.

684.    The Count XLI Defendants deny the allegations set forth in Paragraph 684 of the FAC.

57772/0002-46365041v1

685.    The Count XLI Defendants deny the allegations set forth in Paragraph 685 of the FAC.

686.    The Count XLI Defendants deny the allegations set forth in Paragraph 686 of the FAC.

687.    The Count XLI Defendants deny the allegations set forth in Paragraph 687 of the FAC.

688.    The Count XLI Defendants deny the allegations set forth in Paragraph 688 of the FAC.

689.    The Count XLI Defendants deny the allegations set forth in Paragraph 689 of the FAC.

690.    The Count XLI Defendants deny the allegations set forth in Paragraph 690 of the FAC.

**COUNT XLII:        BREACH OF SETTLEMENT AGREEMENT (TAX DIVIDENDS)**
**(By the Zohar Funds Against Tilton, the Ark Entities and the Octaluna Entities)**

691.    The Count XLII Defendants repeat and reassert the preceding answers set forth in Paragraphs 1-690 as if fully set forth herein.

692.    Paragraph 692 of the FAC purports to characterize the Settlement Agreement and no response is required. The Count XLII Defendants refer the Court to that document for its complete and accurate contents.

693.    The Count XLII Defendants deny the allegations set forth in Paragraph 693 of the FAC.

694.    Paragraph 694 of the FAC purports to characterize the Settlement Agreement and no response is required. The Count XLII Defendants refer the Court to that agreement for its complete and accurate contents.

82

695.    The Count XLII Defendants deny the allegations set forth in Paragraph 695 of the FAC.

696.    The Count XLII Defendants deny the allegations set forth in Paragraph 696 of the FAC.

### COUNT XLIII:        BREACH OF THE CREDIT AGREEMENTS
### (By the Zohar Funds Against PPAS)

697.    PPAS repeats and reasserts the preceding answers set forth in Paragraphs 1-696 as if fully set forth herein.

698.    PPAS admits the allegations set forth in Paragraph 698 of the FAC.

699.    PPAS denies the allegations set forth in Paragraph 699 of the FAC, but admits that the Credit Agreements are valid and enforceable.

700.    Paragraph 700 of the FAC purports to characterize the Credit Agreements and no response is required.  To the extent a response is required, PPAS denies the allegations in Paragraph 700 of the FAC and refers the Court to the Credit Agreements for their complete and accurate contents.

701.    Paragraph 701 of the FAC purports to characterize the Credit Agreements and no response is required.  To the extent a response is required, PPAS denies the allegations in Paragraph 701 of the FAC and refers the Court to the Credit Agreements for their complete and accurate contents.

702.    Paragraph 702 of the FAC purports to characterize the Credit Agreements and no response is required.  To the extent a response is required, PPAS denies the allegations in Paragraph 702 of the FAC and refers the Court to the Credit Agreements for their complete and accurate contents.

703.    Paragraph 703 of the FAC purports to characterize the Credit Agreements and no response is required.  To the extent a response is required, PPAS denies the allegations in Paragraph 700 of the FAC and refers the Court to the Credit Agreements for their complete and accurate contents.

704.    PPAS denies the allegations set forth in Paragraph 704 of the FAC.

705.    PPAS denies the allegations set forth in Paragraph 705 of the FAC.

706.    PPAS denies the allegations set forth in Paragraph 706 of the FAC.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in the WHEREFORE clause and its subparts and deny that Plaintiffs are entitled to any of the relief sought therein.

## AFFIRMATIVE DEFENSES

1.    As and for a first affirmative defense, Plaintiff fails to state any claim upon which relief can be granted.

2.    As and for a second affirmative defense, Plaintiff's claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or the law of the case doctrine.

3.    As and for a third affirmative defense, Plaintiff's claims are barred because Plaintiff suffered no damages as a result of any claims asserted.

4.    As and for a fourth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because some or all of the damages sustained by Plaintiff, if any, were not caused by Defendants, but instead were caused by the actions or omissions of other persons or entities over which Defendants had no control, including without limitation the wrongful actions

or material omissions caused by Plaintiff, which were intervening or superseding causes of damages allegedly sustained by Plaintiff.

5.      As and for a fifth affirmative defense, Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands and bad faith.

6.      As and for a sixth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate its alleged injury or damages that would have prevented all or part of any such alleged injury or damages.

7.      As and for a seventh affirmative defense, Plaintiff's claims are barred, in whole or in part, because any alleged injury or damages could have been offset, prevented, or reduced, yet Plaintiff deliberately and repeatedly failed to take such steps.

8.      As and for an eighth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff breached its own contractual obligations, including but not limited to those in the Indentures, Collateral Management Agreements, and Settlement Agreement.

9.      As and for a ninth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

10.     As and for a tenth affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because they are duplicative of other claims against Defendants in other adversary proceedings in this bankruptcy. Under no circumstances is Plaintiff entitled to a double recovery.

11.     As and for an eleventh affirmative defense, Plaintiff's claims are time-barred, in whole or in part, including by applicable statutes of limitation.

57772/0002-46365041v1

12.     As and for a twelfth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants had an economic interest in the contracts at issue.

13.     As and for a thirteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because they are moot.

14.     As and for a fourteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks a remedy (or remedies) that is (are) not available to it.

15.     As and for a fifteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was expressly permitted or authorized under the relevant agreements.

16.     As and for a sixteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, based on the doctrine of *in pari delicto*.

17.     As and for a seventeenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because the Debtors and/or Plaintiff as successor-in-interest to the Debtors lacks standing to assert the claims.

18.     As and for an eighteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff is not party or third-party beneficiary to the agreements at issue.

19.     As and for a nineteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants took any alleged transfers for value, in good faith, and without knowledge of the potential voidability of the transfers.

20.     As and for a twentieth affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendants took all actions in good faith.

57772/0002-46365041v1

21.      As and for a twenty-first affirmative defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, payment, and/or recoupment, including, without limitation, the Defendants' right of setoff pursuant to 11 U.S.C. § 553 or pursuant to applicable law.

22.      Defendants reserve the right to raise additional and other affirmative defenses as may be or as may become applicable to the claims.

## JURY TRIAL REQUESTED

Defendants respectfully request a trial by jury.

## SECOND AMENDED COUNTERCLAIMS

Counterclaimants Patriarch Partners Agency Services, LLC ("PPAS") and Patriarch Partners, LLC (together, "Counterclaimants"), by and through their counsel, hereby allege as follows:[6]

## INTRODUCTION[7]

1.      For almost two decades, Lynn Tilton worked tirelessly, alongside hundreds of talented professionals at the Patriarch Managers[8] and affiliated entities such as Patriarch Partners Management Group, LLC ("PPMG"), to transform a portfolio of distressed companies, many of them iconic American brands, into profitable ventures. She dedicated herself to this effort in good faith, to preserve jobs for tens of thousands of employees, to repay the Zohar Funds' noteholders, with interest, and to realize returns on her own significant personal investments.

2.      Ms. Tilton created and is the ultimate owner of the Zohar Funds. Since the inception of the Zohar Funds, Ms. Tilton, through her affiliates, personally invested **_more than $1.1 billion_** in the Zohar Funds and the Portfolio Companies, including through preference shares and other Zohar Funds notes, and loans to and equity in the Portfolio Companies.

3.      The Zohar Funds are suing Ms. Tilton and her affiliates because the Zohar Funds and/or their controlling parties made a series of financially irrational and irresponsible decisions which served only to hurt the value of the Portfolio Companies and, thus, the ability of the Zohar

---

[6] Capitalized terms not defined within the Second Amended Counterclaims and Third-Party Claims have the meanings ascribed to them in the Fourth Amended Complaint. D.I. 462 ("FAC").

[7] These _Second Amended Counterclaims and Third-Party Claims_ are filed pursuant to in conformity with the Court's _Memorandum Order Granting In Part and Denying In Part The Zohar Litigation Trust-As Motion to Dismiss Defendants Counterclaims and Third-Party Claims_ (D.I. 343) ("Counterclaim MTD Opinion"). In addition to eliminating Counts 1, 2, 5 and 6 entirely, the Counterclaim also consolidates Counts 7 and 8 (recoupment and setoff, respectively) into prior Counts 3 and 4, which are now Counts 1 and 2.

[8] As used herein, "Patriarch Managers" means collectively Patriarch Partners VIII, LLC ("Patriarch VIII"); Patriarch Partners XIV, LLC ("Patriarch XIV"); and Patriarch Partners XV, LLC ("Patriarch XV").

Funds to repay their noteholders in full. They seek to transfer blame to Ms. Tilton by taking issue with virtually every action she or her affiliates took with respect to the Portfolio Companies (even when those actions contributed to the success of the Portfolio Companies) or in connection with the management of the Zohar Funds. The Zohar Funds are doing so in order to recoup their self-caused losses by clawing back monies that Ms. Tilton and her affiliates fully and rightfully earned. In so doing, they even seek to relitigate matters that the SEC fully investigated, tried, and for which Ms. Tilton and her affiliates were fully exonerated. Indeed, the Administrative Law Judge presiding over the lengthy SEC evidentiary hearing found that the actions complained of by the SEC were entirely allowed under the Fund Indentures. Nevertheless, the Debtors – notwithstanding the fact that some of their controlling parties and other noteholders participated in the SEC proceeding – have resurrected and seek to revisit these very same claims in an effort to extract more money for themselves.

4.      Included in the amounts the Zohar Funds seek to claw back are payments the Funds and Portfolio Companies made to the Patriarch Managers, PPMG, and PPAS for highly valuable services actually rendered by the hundreds of hardworking professionals employed by those affiliates over the years. Contrary to the story woven by the Zohar Funds, these fees were neither unnecessary nor unwarranted. Rather, the Patriarch Managers earned these fees by providing valuable collateral manager services, including selecting and monitoring the Funds' investments, working with the Funds' trustee to prepare regular trustee reports, and preparing financial statements. The Patriarch Managers' fees were specifically authorized by and required under the Zohar Funds' governing documents and the Collateral Management Agreements ("CMAs"). PPMG likewise earned fees for providing operational, legal, design, financial support, and other valuable services, pursuant to written agreements with the Portfolio Companies. And PPAS earned

fees in connection with its position as administrative agent, by collecting interest, distributing loan proceeds, and, where necessary and appropriate, foreclosing on assets to provide a recovery to the secured lenders, also pursuant to written Credit Agreements.

5.      As set forth in the Answer, the Zohar Funds have no legitimate claim against Ms. Tilton or any of her affiliates, and the entire premise underlying the Zohar Funds' lawsuit – that Ms. Tilton put her own interests above the Funds and the Portfolio Companies – is flawed to the core.

6.      At the same time that the Zohar Funds are asserting their meritless claims, they (along with the Zohar I, II, and III Obligors, together, the "Zohar Obligors") owe Ms. Tilton's affiliates millions in unpaid fees and unpaid expenses, as well as unpaid principal on Class B Notes issued by the Zohar Funds to the Octaluna Entities[9] under the Indentures. They further owe the Patriarch Managers for millions in earned but unpaid collateral management fees and indemnification for legal fees and costs. In addition, the Zohar Funds owe PPAS millions of dollars in indemnifiable losses and expenses, and Patriarch Partners, LLC for hundreds of thousands in legal fees and expenses incurred in connection with its defense of certain legal actions.

## PARTIES

7.      Counterclaimant Patriarch Partners Agency Services, LLC ("PPAS") is a Delaware limited liability company with its principal place of business in New York, New York. PPAS served as the administrative agent under the Portfolio Company Credit Agreements. In April 2019, PPAS was replaced as administrative agent for the Zohar loans under certain Credit Agreements with certain Portfolio Companies by Ankura Trust Company. PPAS has at all times remained

---

[9] As used herein, "Octaluna Entities" means collectively Octaluna LLC ("Octaluna I"), Octaluna II LLC ("Octaluna II"); Octaluna III LLC ("Octaluna III").

administrative agent for Ms. Tilton's personal investment vehicles, Ark I CLO 2001-1, Limited ("Ark I") and Ark Investment Partners II, LP ("AIP") under those same Credit Agreements.

8.    Counterclaimant Patriarch Partners, LLC is a Delaware limited liability company with a principal place of business in New York, New York.

9.    Counterclaim Defendant Zohar CDO 2003-1, Limited ("Zohar I") is a company organized under the laws of the Cayman Islands.

10.    Counterclaim Defendant Zohar II 2005-1, Limited ("Zohar II") is a company organized under the laws of the Cayman Islands.

11.    Counterclaim Defendant Zohar III, Limited ("Zohar III" and, together with Zohar I and Zohar II, the "Zohar Funds") is a company organized under the laws of the Cayman Islands.

## JURISDICTION AND VENUE

12.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in cases commenced under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code").

14.    This action is not a core proceeding pursuant to 28 U.S.C. § 157(b). Accordingly, the Court may not enter a final order or judgment consistent with Article III of the United States Constitution. Counterclaimants do not consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

57772/0002-46365041v1

## COMMON ALLEGATIONS

15.     The Zohar Funds – Zohar I, Zohar II, and Zohar III – are innovative distressed debt CLOs, modeled off an investment strategy Ms. Tilton developed in the early 2000s. Ms. Tilton's first two investment funds, known as Ark I and Ark II, were widely considered among the most successful of their kind and repaid their noteholders well before maturity.

16.     The Zohar Funds raised capital by issuing notes to highly sophisticated institutional investors. Under the governing Indentures, these investors were, in exchange, entitled to interest payments over time, plus return of their principal at the Funds' respective maturity dates: Zohar I was to mature in November 2015; Zohar II in January 2020; and Zohar III in 2019.

17.     The Zohar Funds' assets principally consisted of loans to deeply distressed companies, mostly undervalued businesses in need of capital and sound management strategy. Prior to the Zohar Funds' investment, these companies typically had no positive cash-flow, as they were often purchased out of bankruptcy through Section 363 sales, and in out-of-court asset sales or restructurings. The Zohar Funds also hold certain equity interests in these Portfolio Companies.

18.     The Zohar Funds' strategy was for the Portfolio Companies to be revived and sold, or their debt refinanced, in order to repay the Zohar Fund noteholders at maturity. While not all Portfolio Companies were expected to experience a successful turnaround, those that did were expected to "carry the day" and generate sufficient value to repay the noteholders at maturity.

19.     Underpinning this investment strategy was that Ms. Tilton would play an active role in the management, strategic direction, and rebuilding of each of the Portfolio Companies. She served as a board member or manager of all the Companies (in most cases, the sole board member or manager). And for some Portfolio Companies, Ms. Tilton served as CEO and was deeply involved in their day-to-day operations.

*The Credit Agreements*

20.    PPAS was appointed to serve as Administrative Agent under Credit Agreements between the Portfolio Companies and their secured lenders, including the Zohar Funds. Pursuant to the Credit Agreements, including various amendments thereto, the Portfolio Company borrowers agreed to pay PPAS an annual "Agent Fee" for providing the administrative services set forth in the Credit Agreements.

21.    Under the Credit Agreements, the Zohar Funds, as lenders, also agreed to indemnify PPAS and its affiliates for various fees, expenses, and losses arising out of PPAS's duties under the Credit Agreements. Although the Credit Agreements vary among Portfolio Companies in certain respects, the indemnification provisions in each agreement are substantively similar (and in many cases identical) and broad. For example, the Credit Agreement for eMag Solutions, LLC provides:

> Each Lender, in proportion to its Pro Rata Share . . . agrees to indemnify the Agent . . . to the extent that the Agent shall not have been reimbursed by any Credit Party, *for and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses* (including attorneys' fees and disbursements) or disbursements *of any kind or nature whatsoever* which may be imposed on, incurred by or asserted against such Indemnified Agent Person in exercising its powers, rights and remedies or performing its duties hereunder or under the other Loan Documents or otherwise in its capacity as the Agent *in any way relating to or arising out hereof or in connection with* the Loan Documents.

*See*, *e.g.*, eMag Solutions, LLC Amended and Restated Credit Agreement § 9.6 (emphasis added).

22.    For many years, PPAS duly provided agency services under the Credit Agreements to the benefit of the Portfolio Company borrowers and the secured lenders, expending substantial resources in its capacity as Administrative Agent under the Credit Agreements. PPAS regularly submitted invoices to the Portfolio Company borrowers for the services provided under the Credit Agreements. Certain Portfolio Companies, however, failed to pay agency fees to PPAS as required

under the Credit Agreements, causing PPAS to incur losses in its capacity as Administrative Agent, including the affirmative but unrecompensed expenditure of resources.

23.     In addition, in its role as loan Administrative Agent, PPAS incurred various out-of-pocket expenses related to, among other things, property preservation, auction fees, document storage, moving expenses, legal fees, and security services. In many instances, PPAS has not been reimbursed by the Portfolio Company borrowers for these expenses.

24.     Under the broad indemnification provisions in the Credit Agreements, the Zohar Funds are obligated to reimburse PPAS for all unreimbursed losses and expenses PPAS incurred. Further, the Credit Agreements provide that "[n]o failure or delay by any party in exercising any right, power or privilege under this Agreement or any other Credit Document will operate as a waiver of the right, power or privilege." As of March 1, 2022, PPAS's unreimbursed losses total at least $4,596,326.45 and PPAS's unreimbursed expenses total at least $2,732,099.91.

25.     PPAS also expects to incur additional future expenses related to the Credit Agreements. Accordingly, PPAS seeks to preserve its right to indemnification for all future out-of-pocket expenses it might incur which are recoverable under the Credit Agreements.

26.     The Credit Agreements also grant certain indemnity rights to Patriarch Partners, LLC. In that regard, Section 16.7 of the Third Amended and Restated Credit Agreement for Portfolio Company borrowers Inter-Marketing Group, Inc., Dana Classic Fragrance, Inc., and Dana, S.A.U. (together, "IMG") provides, in relevant part, "the Lenders shall indemnify upon demand the Agent-Related Persons (to the extent not reimbursed by or on behalf of Borrowers and without limiting the obligation of Borrowers to do so), according to their Pro Rata Shares, from and against any and all Indemnified Liabilities . . . ."

27.     Each of Zohar I, Zohar II, and Zohar III are lenders under the IMG Credit Agreement. And Patriarch Partners, LLC is an "Agent-Related Person[]" as defined in the Credit Agreement. *Id.* at Schedule 1.1.

28.     The term "Indemnified Liabilities" includes liability and expenses (including legal expenses) "in connection with or arising out of any . . . Environmental Actions . . . ." *Id.* at § 11.3. "Environmental Actions," in turn, are defined to include any litigation involving "releases of Hazardous Materials from [] any assets . . . of any Loan Party." Finally, "Hazardous Materials" is defined to include "asbestos in any form." *Id.* at Schedule 1.1.

29.     Patriarch Partners, LLC has been named as a defendant in a number of asbestos suits in which IMG has also been named as a defendant: *Rohe v. Chanel Inc., et al.* (Supreme Court, New York County, Index No. 190202/19); *Levine, et al. v. Kolmar Laboratories, Inc., et al.* (Supreme Court, New York County, Index No. 190251/2020); *Gref v. Am. Int'l Indus., et al.* (S.D.N.Y., No. 1:20-cv-05589-GBD); *Peltz v. Avon Products et al.* (Supreme Court, New York County, Index. No. 193142/2021); *Schaeffer v. Barretts Minerals, Inc. et al.* (N.J. Superior Ct., Middlesex County, Docket No. MID-L-007018-21); and *Valega v. Albertson's Companies, Inc. et al*, No. 21STCV46564, Superior Ct. of Cal., LA Cty) (collectively, the "Asbestos Actions"). In each Asbestos Action, Patriarch Partners, LLC was named as a defendant solely due to its prior or continuing relationship with IMG.

30.     Patriarch Partners, LLC incurred substantial attorneys' fees and expenses in defending the Asbestos Actions. In numerous written letters, Patriarch Partners, LLC has notified IMG of these fees and expense and sought reimbursement. IMG has not reimbursed Patriarch Partners, LLC.

31.     The unreimbursed legal fees and expenses incurred by Patriarch Partners, LLC, for which Patriarch Partners, LLC is entitled to indemnification by Zohar I, Zohar II, and Zohar III under IMG's Credit Agreement, total at least $338,836.87.

## CLAIMS FOR RELIEF

### FIRST COUNTERCLAIM:
### PPAS CLAIM FOR INDEMNIFICATION UNDER THE CREDIT AGREEMENTS SOLELY FOR PURPOSES OF SETOFF AND RECOUPMENT
### (Against the Zohar Funds)

32.     PPAS re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 31 of these Counterclaims.

33.     The Credit Agreements require the Zohar Funds, as lenders, to broadly indemnify PPAS and its affiliates for all losses and expenses arising from PPAS's activities as Administrative Agent under the Credit Agreements.

34.     PPAS incurred substantial losses in its capacity as Administrative Agent, including affirmative but unreimbursed expenditures of resources. PPAS also incurred various out-of-pocket expenses arising from its duties and obligations under the Credit Agreements. The out-of-pocket expenses are covered by the indemnification provisions of the Credit Agreements.

35.     The Zohar Funds materially breached the Credit Agreements by failing to indemnify PPAS for these unreimbursed losses and expenses.

36.     As a direct and proximate result of the Zohar Funds' material breaches of the Credit Agreements, PPAS suffered injuries in the amount of unpaid expenses and other damages to which it is entitled. As of March 1, 2022, PPAS's unreimbursed losses total at least $4,596,326.45 and PPAS's unreimbursed expenses total at least $2,732,099.91, for a total of at least $7,328,426.36 in unreimbursed losses and expenses.

37.     Further, under the Credit Agreements, PPAS is entitled to indemnification for any losses or expenses PPAS may incur in the future.

38.     As a result of their actions, the Zohar Funds owe PPAS debts arising from the Credit Agreements.

39.     In the Fourth Amended Complaint, the Litigation Trustee allege that PPAS owes the Zohar Funds debts arising from the Credit Agreements.

40.     Thus, the Zohar Funds owe PPAS damages arising out of the same transactions as the debts PPAS purportedly owe the Zohar Funds.

41.     PPAS is entitled to recoup the damages caused to it by the Zohar Funds out of any amounts awarded to the Litigation Trustee pursuant to the claims alleged in the Fourth Amended Complaint.

42.     Further, section 553(a) of the Bankruptcy Code preserves a creditor's claim of setoff in situations in which: (i) the debt owed to the debtor arose prior to the commencement of the bankruptcy case; (ii) the debt owed to the creditor arose prior to the commencement of the bankruptcy case; (iii) the debts are mutual obligations; and (iv) each claim is valid and enforceable. *Id.* (citing *Pardo v. Pacificare (In re APF Co.)*, 264 B.R. 344, 354 (Bankr. D. Del. 2001)).

43.     The debts allegedly owed by PPAS under the claims asserted in the Fourth Amended Complaint arose prior to the commencement of the bankruptcy action.

44.     The debts owed by the Zohar Funds to PPAS as a result of the Zohar Funds' actions as described herein also arose prior to the commencement of the bankruptcy action.

45.     To the extent that PPAS is found to owe a debt to the Litigation Trustee, the debts between the parties are mutual, valid, and enforceable.

46.     Thus, any damages awarded to the Litigation Trustee on the claims asserted in the Fourth Amended Complaint must be offset against the debt owed to PPAS as a result of the conduct described herein.

**SECOND COUNTERCLAIM:**
**PATRIARCH PARTNERS, LLC CLAIM FOR INDEMNIFICATION UNDER THE**
**CREDIT AGREEMENTS SOLELY FOR PURPOSES OF SETOFF AND**
**RECOUPMENT**
**(Against the Zohar Funds)**

47.     Patriarch Partners, LLC re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 of these Counterclaims.

48.     IMG's Credit Agreement requires the Zohar Funds, as lenders, to indemnify Patriarch Partners, LLC, as an Agent-Related Person, for losses, including legal expenses, resulting from Indemnified Liabilities.

49.     Patriarch Partners, LLC incurred legal fees and expenses in connection with its defense of the Asbestos Actions.

50.     The Zohar Funds materially breached IMG's Credit Agreement by failing to indemnify Patriarch Partners, LLC for these unreimbursed legal fees and expenses.

51.     As a direct and proximate result of the Zohar Funds' material breaches of IMG's Credit Agreement, Patriarch Partners, LLC suffered injuries in the amount of unreimbursed legal fees and expenses to which it is entitled. Patriarch Partners, LLC's unreimbursed legal fees and expenses total at least $338,836.87.

52.     Further, under the Credit Agreements, Patriarch Partners, LLC is entitled to indemnification for any losses or expenses Patriarch Partners, LLC may incur in the future.

53.     As a result of their actions, the Zohar Funds owe Patriarch Partners, LLC debts arising from the Credit Agreements.

54.     In the Fourth Amended Complaint, the Litigation Trustee allege that Patriarch Partners, LLC owes the Zohar Funds debts arising from the Credit Agreements.

55.     Thus, the Zohar Funds owe Patriarch Partners, LLC damages arising out of the same transactions as the debts Patriarch Partners, LLC purportedly owe the Zohar Funds.

56.     Patriarch Partners, LLC is entitled to recoup the damages caused to it by the Zohar Funds out of any amounts awarded to the Litigation Trustee pursuant to the claims alleged in the Fourth Amended Complaint.

57.     Further, the debts allegedly owed by Patriarch Partners, LLC under the claims asserted in the Fourth Amended Complaint arose prior to the commencement of the bankruptcy action.

58.     The debts owed by the Zohar Funds to Patriarch Partners, LLC as a result of the Zohar Funds' actions as described herein also arose prior to the commencement of the bankruptcy action.

59.     To the extent that Patriarch Partners, LLC is found to owe a debt to the Litigation Trustee, the debts between the parties are mutual, valid, and enforceable.

60.     Thus, any damages awarded to the Litigation Trustee on the claims asserted in the Fourth Amended Complaint must be offset against the debt owed to Patriarch Partners, LLC as a result of the conduct described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Counterclaimants respectfully request that this Court enter judgment in their favor against the Counterclaim Defendants, and grant the following relief solely for setoff and recoupment, consistent with the Court's Counterclaim MTD Opinion:

1.      A determination that the Counterclaim Defendants breached the Credit Agreements;

2.      A determination that PPAS is entitled to indemnification under the Credit Agreements;

3.      A determination that Patriarch Partners, LLC is entitled to indemnification under IMG's Credit Agreement;

4.      A determination that Counterclaimants are entitled to a recoupment of any damages awarded to the Counterclaim Defendants under the Fourth Amended Complaint;

5.      A determination that Counterclaimants are entitled to a setoff of any damages awarded to the Counterclaim Defendants under the Fourth Amended Complaint;

6.      Relief from the automatic stay to the extent necessary to permit Counterclaimants to enforce setoff rights;

7.      An award of costs, expenses, and attorneys' fees that Counterclaimants have incurred in this action, with interest thereon at the maximum rate allowed by law; and

8.      An award of such other and further relief as the Court may deem just or proper.

57772/0002-46365041v1

Dated: October 27, 2023

**COLE SCHOTZ P.C.**

By: _/s/ G. David Dean_
  Norman L. Pernick (No. 2290)
  G. David Dean (No. 6403)
  Andrew J. Roth-Moore (No. 5988)
  500 Delaware Avenue, Suite 1410
  Wilmington, DE 19801
  Telephone: (302) 652-3131
  Facsimile: (302) 652-3117
  npernick@coleschotz.com
  ddean@coleschotz.com
  aroth-moore@coleschotz.com

  – and –

**GIBSON, DUNN & CRUTCHER LLP**
Monica K. Loseman
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

Akiva Shapiro
Mary Beth Maloney
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
ashapiro@gibsondunn.com
mmaloney@gibsondunn.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Phoenix VIII, LLC, Octaluna LLC, Octaluna II LLC, Octaluna III LLC, Ark II CLO 2001-1, Limited, Ark Investment Partners II, LP, Ark Angels VIII, LLC, Patriarch Partners Management Group, LLC, and Patriarch Partners Agency Services, LLC*