# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO) |
| DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A;<br><br>                Plaintiff,<br><br>-against-<br><br>PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LIMITED; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VIII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON,<br><br>                Defendants, and<br><br>180S, INC.; GLOBAL AUTOMOTIVE SYSTEMS, LLC; INTREPID U.S.A., INC.; IMG HOLDINGS, INC.; SCAN-OPTICS, LLC; STILA STYLES, LLC; SNELLING STAFFING, LLC; and VULCAN ENGINEERING, CO., | Adv. Pro. No. 20-50534 (KBO) |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

29790433.5

| | |
|---|---|
| Nominal Defendants. | |
| PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and PATRIARCH PARTNERS, LLC, <br><br>    Counterclaim and <br>    Third-Party <br>    Claimants, <br><br> -against- <br><br> ZOHAR CDO 2003-1, LIMITED; ZOHAR CDO 2003-1, CORP.; ZOHAR II 2005-1, LIMITED; ZOHAR II 2005-1, CORP.; ZOHAR III, LIMITED; ZOHAR III, CORP., <br><br>    Counterclaim and <br>    Third-Party <br>    Defendants. | |
| DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A, <br><br>    Plaintiff, <br><br> -against- <br><br> LYNN TILTON, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, OCTALUNA, LLC, OCTALUNA II, LLC, ARK II CLO 2001-1, LLC, ARK INVESTMENT PARTNERS II, L.P., LD INVESTMENTS, LLC, ZOHAR HOLDING, LLC, AND ZOHAR HOLDINGS, LLC, | Adv. Pro. No. 20-50776 (KBO) |

2

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable by Federal Rule of Bankruptcy Procedure 7015, Plaintiff David Dunn, as Litigation Trustee for the Zohar Litigation Trust-A ("Plaintiff"),[2] hereby respectfully moves (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting Plaintiff leave to file a further amended complaint in Adv. Proc. No. 20-50534 (the "Third Amended Complaint"), a copy of which is attached hereto as Exhibit B.[3] In support of this Motion, Plaintiff respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Pursuant to the June 21, 2022 confirmation order entered in Case No. 18-10512 (KBO), the Litigation Trust and Litigation Trustee were substituted for the "Zohar Funds" for all pending matters. Zohar CDO 2003 1, Ltd. and Zohar CDO 2003-1, Corp.; Zohar II 2005-1, Ltd. and Zohar II 2005- 1, Corp.; and Zohar III, Ltd. and Zohar III, Corp. collectively comprise the Zohar Funds. Pursuant to the *Unopposed Motion to Substitute Plaintiff* granted on September 12, 2022 in Adv. Pro. No. 20-50776 (KBO), the Litigation Trust and Litigation Trustee were also substituted for MBIA Insurance Corporation in that action.

[3] For the convenience of the Court and other interested parties, a blackline comparing the Corrected Second Amended Complaint (as defined below) against the proposed Third Amended Complaint is attached hereto as Exhibit C.

3

**BACKGROUND**

A.     **Procedural Background to the Third Amended Complaint.**

3.     On March 9, 2020, Plaintiff filed the *Complaint* [Adv. D.I. 1 & 2 (sealed); 110 (redacted)] (the "Complaint"), alleging causes of action against the Patriarch Stakeholder defendants (collectively, the "Defendants").[4]

4.     Defendants moved to dismiss the Complaint in its entirety and with prejudice on September 21, 2020. *See* Adv. D.I. 43 & 44 (sealed); 114 (redacted).

5.     Following briefing and the Court's *Memorandum Opinion* [Adv. D.I. 121] and *Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Complaint*, dated June 18, 2021 [Adv. D.I. 122], Plaintiff filed its *First Amended Complaint* [Adv. D.I. 125 (sealed); 129 (redacted)] (the "First Amended Complaint") on September 1, 2021. The First Amended Complaint reflected those claims that survived Defendants' motion to dismiss, which were substantially all of the claims asserted in the Complaint, as well as additional claims that were not included in the Complaint.

6.     On October 15, 2021, Defendants moved to dismiss and strike certain material from the First Amended Complaint. *See* Adv. D.I. 131 (sealed). The parties briefed the Defendants' motion. *See* Adv. D.I. 137 (sealed), 140 (redacted) & 144 (sealed).

7.     At a February 25, 2022 hearing, the Court denied the substantive aspects of the motion to dismiss the First Amended Complaint but sustained Defendants' motion with respect to striking certain matters. The Court then directed Plaintiff to file a further amended complaint. *See* Adv. D.I. 164.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

8. On March 10, 2022, Plaintiff filed the *Second Amended Complaint* [Adv. D.I. 168 (sealed); 176 (redacted)], and on March 18, 2022, Plaintiff filed a corrected *Second Amended Complaint* (the "Second Amended Complaint") [Adv. D.I. 171 (sealed); 177 (redacted)], consistent with the Court's February 25, 2022 ruling. Defendants did not move to dismiss the Second Amended Complaint. Instead, they filed an answer on April 1, 2022 [*see* Adv. D.I. 174 (sealed)], an amended answer on April 11, 2022 [*see* Adv. D.I. 175 (sealed)], and a second amended answer on June 18, 2022 [*see* Adv. D.I. 188 (sealed); 191 (redacted)].

**B.     Since the Filing of the Second Amended Complaint, Certain Events Occurred Warranting Further Amendments.**

9. Since the filing of the Second Amended Complaint, certain events occurred warranting further amendments to the complaint. Specially, the Debtors confirmed a chapter 11 plan (the "Plan") which has become effective; the UI (as defined below) sale closed and, as a result, Plaintiff is now vested with control of the Retained Claims (as defined below); and the Control Dispute concerning Stila (each as defined below) was litigated through final judgment in the Delaware Court of Chancery. Each of these events are addressed in turn below.

   a. *Plan Confirmation*

10. On June 21, 2022, the Court entered an order [D.I. 3400] (the "Confirmation Order") confirming the Plan, and on August 1, 2022, the Court entered an order approving certain modifications to the Plan. *See* D.I. 3467. On August 2, 2022, the Plan went effective.

11. Under the Plan, the Zohar Indentures and related ancillary documents were cancelled on the Plan's effective date. *See* Confirmation Order ¶ 24; Plan § 6.3. The Plan also provided for the substitution of the Litigation Trust and the Litigation Trustee for the Debtors as Plaintiff in this Action. *See* Confirmation Order ¶¶ 23 & 25; Plan §§ 6.1 & 6.8.

5

   b. *The Transfer of Control and Ownership of the Retained Claims at Closing of the UI Sale*

12. On January 10, 2022, the Court entered an order (the "Sale Order") [D.I. 2988], authorizing the sale of the Debtors' equity interests in UI Acquisition Holding Co. ("UI"). Pursuant to the Sale Order, Zohar II-2005-1, Corp., in its capacity as the "Seller Representative" for the benefit of the Participating Sellers (as defined in the UI sale transaction documents) was assigned specified "Retained Claims" from UI and its subsidiaries effective as of the closing of that sale. *Id.* at ¶ 21(d). The Sale Order required the Seller Representative to "commence any Retained Claim Action on or before the date that is nine (9) months after entry of the Bankruptcy Approval Order by the Bankruptcy Court (the "Retained Claim Deadline")[.]" *Id.* The UI sale closed on July 18, 2022; the Retained Claim Deadline is October 10, 2022. The Seller Representative has identified certain Retained Claims that it proposes to include in the attached Third Amended Complaint.

   c. *The Control Dispute*

13. On May 1, 2021, Zohar III, Limited[5] commenced an action in the Delaware Court of Chancery (the "Chancery Court") against Lynn Tilton ("Tilton") and Stila Styles, LLC ("Stila"), pursuant to 6 *Del. C.* § 18-110, seeking a declaration that Zohar III, Limited had validly appointed Kevin Carey as Stila's manager (the "Control Dispute"). The Chancery Court entered an order providing that Tilton would act as Stila's manager during the pendency of the action and, in effect, held Carey's appointment in abeyance. *Stipulation and Order to Maintain Status Quo*, No. 2021-0384-KSJM, D.I. 73 (Del. Ch. Aug. 20, 2021).

---

[5] On August 29, 2022, Zohar Litigation Trust-B was substituted for Zohar III, Limited as the plaintiff/appellee in the Control Dispute. *Granted [Proposed] Order*, No. 242, 2022 D.I. 23 (Del. August 29, 2022).

14. The Control Dispute had not been resolved by the Delaware Chancery Court at the time that the Amended Complaint and Second Amended Complaint were filed.

15. On May 31, 2022, the Chancery Court entered a final judgment and order, subsequently clarified by a letter decision issued on July 11, 2022, confirming that Kevin Carey was validly appointed as Stila's manager. *Memorandum Opinion*, No. 2021-0384-JRS, D.I. 170 (Del. Ch. May 31, 2022); *Letter Decision*, No. 2021-0384-KSJM, D.I. 192 (Del. Ch. July 11, 2022). The Chancery Court's order became final on August 8, 2022, after the expiration of a brief stay put in place by the Delaware Supreme Court. *Order*, No. 242, 2022, D.I. 7 (Del. July 22, 2022).[6]

## C. The Proposed Third Amended Complaint

16. The proposed Third Amended Complaint does not add any new counts. Rather, the proposed Third Amended Complaint (i) updates the allegations to take into account confirmation of the Plan, the outcome of the Control Dispute, and updates resulting from the closing of various sale processes, (ii) adds UI to certain existing counts based on the Seller Representative (and now the Litigation Trust) obtaining standing to bring those claims as assignee of UI, (iii) includes the Litigation Trustee as Plaintiff, (iv) provides additional factual allegations, including (a) updates related to Count XLI (the so-called "Paragraph 18 Claims") since Portfolio Company sales have closed and other asserted amounts were identified in connection with the Plan confirmation proceeding (*see* D.I. 3233 & 3363) and (b) the removal of derivative claims for abandoned Group B Portfolio Companies, and (v) updates or clarifies various other allegations to make them accurate as of present.

---

[6] Tilton subsequently appealed the order. Briefing on the appeal is complete, and oral argument will take place on October 12, 2022 at 10:00 a.m. *See Order*, No. 242-2022, D.I. 19 (Del. Aug. 12, 2022).

**BASIS FOR RELIEF REQUESTED**

17. Federal Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "leave sought should, as the rules require, be 'freely given'").

18. Courts have liberally granted amendments and have only denied leave to amend on certain grounds. Specifically, in *In re Charys Holding Co., Inc.*, the court stated leave to amend a complaint "should be freely given absent a showing by the nonmoving party of one of the following grounds: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment." 443 B.R. 638, 642 (Bankr. D. Del. 2011); *see also Foman,* 371 U.S. at 182 ("The policy of the [F]ederal [R]ules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). To prevent amendment of a complaint, "the non-moving party . . . must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

19. Here, there has been no undue delay, bad faith, or dilatory motive in filing this Motion or in seeking the amendments. With respect to UI, the Court previously ordered a deadline of October 10, 2022 to assert the Retained Claims. *See* Sale Order, at ¶ 21(d). In compliance with that order, Plaintiff brings this timely Third Amended Complaint. Beyond the Retained Claims, Plaintiff has achieved Plan confirmation and prosecuted the Control Dispute, both of which

warrant amendments to the Second Amended Complaint, and only received finality in August of 2022 when the Plan's effective date occurred and the Chancery Court's order became final. The Third Amended Complaint takes into account these developments. And, Defendants have been involved, either as adversaries or parties in interest, in each of them.

20. The Third Amended Complaint does not change the substantive causes of action alleged in the Second Amended Complaint.[7] As noted above, the proposed amendments either clarify, supplement, or update the existing allegations which have been largely pending since the inception of the action so there is no surprise to any of these amendments. Given the foregoing, the Defendants will not be prejudiced or be unfairly deprived of the opportunity to present evidence by virtue of the amendments. *Bechtel,* 886 F.2d at 652. Lastly, discovery is only getting underway with initial disclosures and discovery requests having been issued in recent days.

21. In the absence of bad faith or dilatory motive (of which there is none), and in the interest of advancing the policy permitting liberal amendment of pleadings so that cases, such as this one, may be resolved on the merits, Plaintiff respectfully requests that this Motion be granted.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Order authorizing Plaintiff to file the Third Amended Complaint, substantially in the form attached hereto as Exhibit B, and granting Plaintiff such other and further relief as the Court may deem just and appropriate.

[*Signature Page Follows*]

---

[7] As noted above, Defendants did not move to dismiss the Second Amended Complaint.

| | |
|---|---|
| Dated: October 10, 2022<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Ryan M. Bartley*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Michael S. Neiburg (No. 5275)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>      rbrady@ycst.com<br>      mnestor@ycst.com<br>      jbarry@ycst.com<br>      rbartley@ycst.com<br>      mneiburg@ycst.com<br><br>-and-<br><br>Jonathan E. Pickhardt, Esq. (admitted *pro hac vice*)<br>Ellison Ward Merkel, Esq. (admitted *pro hac vice*)<br>Blair A. Adams, Esq. (admitted *pro hac vice*)<br>Brian R. Campbell, Esq. (admitted *pro hac vice*)<br>Brenna D. Nelinson, Esq. (admitted *pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>Email: jonpickhardt@quinnemanuel.com<br>      ellisonmerkel@quinnemanuel.com<br>      blairadams@quinnemanuel.com<br>      briancampbell@quinnemanuel.com<br>      brennanelinson@quinnemanuel.com<br><br>*Counsel to David Dunn as Trustee for*<br>*the Zohar Litigation Trust-A* |