# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp.,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| DAVID DUNN, AS LITIGATION TRUSTEE FOR ZOHAR LITIGATION TRUST-A, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 20-50534 (KBO) |
| | ) | |
| PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LIMITED; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VIII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Related to Docket No. 711** |
| | ) | |
| Defendants, and | ) | |
| | ) | |
| 180S, INC.; BLACK MOUNTAIN DOORS, LLC; CROSCILL HOME, LLC; | ) ) | |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp. (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

| | |
|---|---|
| DURO TEXTILES, LLC; GLOBAL AUTOMOTIVE SYSTEMS, LLC; HERITAGE AVIATION, LTD.; INTREPID U.S.A., INC.; IMG HOLDINGS, INC.; JEWEL OF JANE, LLC; MOBILE ARMORED VEHICLES, LLC; SCAN-OPTICS, LLC; SILVERACK, LLC; STILA STYLES, LLC; SNELLING STAFFING, LLC; VULCAN ENGINEERING, INC; and XPIENT SOLUTIONS, LLC,<br><br>      Nominal Defendants.<br><br>PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNER XV, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and PATRIARCH PARTNERS, LLC,<br><br>      Counterclaim and Third-Party Claimants,<br><br>v.<br><br>ZOHAR CDO 2003-1, LIMITED; ZOHAR CDO 2003-1, CORP.; ZOHAR II 2005-1, LIMITED; ZOHAR II 2005-1, CORP.; ZOHAR III, LIMITED; ZOHAR III, CORP.,<br><br>      Counterclaim and Third-Party Defendants.<br><br>DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A,<br><br>      Plaintiff,<br><br>v.<br><br>LYNN TILTON, PATRIARCH PARTNERS, LLC, PATRIARCH | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Pro. No. 20-50776 (KBO)<br>)<br>)<br>)<br>) |

2

| | |
|---|---|
| PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, OCTALUNA LLC, OCTALUNA II LLC, ARK II CLO-2001-1 LIMITED, ARK INVESTMENT PARTNERS II, L.P., LD INVESTMENTS, LLC, ZOHAR HOLDING LLC, AND ZOHAR HOLDINGS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER GRANTING PATRIARCH'S MOTION TO COMPEL DISCOVERY FROM FTI CONSULTING, INC.**

Upon consideration of *Patriarch's Motion to Compel Discovery from FTI Consulting, Inc.* (the "Motion")[2] and all briefing and submissions filed in support of and in opposition to the Motion;[3] **IT IS HEREBY FOUND AND ORDERED THAT:**[4]

1. By the Motion, Patriarch[5] seeks an order, pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure, compelling FTI Consulting, Inc. ("FTI") to search for and produce documents responsive to Patriarch's *Subpoena to Produce Documents* ("Subpoena") at its own expense. FTI contests entry of this order. After meeting and conferring, the parties agree that the relevant document population consists of approximate 110,000 documents. FTI asserts in its briefing that it has provided to the Plaintiff many of these documents in a prior production of 74,000 documents. It also states that its cost of compliance will amount to $160,000 in expenses and fees. There are no affidavits to support these statements.

---

[2] Adv. D.I. 711.

[3] Adv. D.I. 712, 713, 723, 725, 726, 727, 729, 732.

[4] The Court need not hear oral argument on the Motion. The parties have adequately presented the relevant facts and legal arguments in their briefs, and further argument will not aid the Court's decision-making process.

[5] Collectively, Defendants Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Phoenix VIII, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Zohar Holdings, LLC, Octaluna, LLC, Octaluna II, LLC, Octaluna III, LLC, Ark II CLO 2001-1, Ltd., Ark Investment Partners II, L.P., LD Investments, LLC, and Ark Angels VIII, LLC.

2. Federal Rule 45 protects subpoena recipients from "undue burden or expense."[6] The party objecting to discovery must "specifically" demonstrate why the discovery requests are unduly burdensome.[7] A statement alone is not enough.[8] In evaluating whether a subpoena is unduly burdensome, courts consider several factors including "relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance."[9]

3. FTI spends a significant part of its briefing in opposition to the Motion arguing that Patriarch's Subpoena is unduly burdensome.[10] This issue is irrelevant because FTI does not request an order quashing the subpoena, but instead represents that it "has no objection to complying . . . but asks that the costs associated with the review and production be shifted to Patriarch as the requesting party."[11] Even if its undue burden arguments were not moot, FTI never adequately explains, let alone produces evidence of, its burden and why it is undue.[12] It provides in its briefing only an estimated cost to respond to the Subpoena but gives nothing more to the Court for it to contextualize this burden and find it undue.

4. FTI's cost-shifting arguments also fail. Federal Rule 45 requires courts to protect non-parties from "significant expense resulting from compliance" with an order compelling production or inspection.[13] Courts generally balance three factors to determine whether expenses are significant: "whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance."[14]

---

[6] Fed. R. Civ. P. 45, as made applicable to this adversary proceeding by Fed. R. Bankr. P. 9016.

[7] *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (evaluating undue burden in discovery dispute regarding Federal Rule 26); *see also Ameritas Life Ins. Corp. v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-cv-00236, 2024 WL 4452481, at *1 (D. Del. Oct. 9, 2024) (scope of Rule 45 discovery is the same as Rule 26(b) discovery); *Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*, No. 15-cv-3800, 2017 WL 5476801, at *4 (D.N.J. Feb. 10, 2017) (request to non-party was not unduly burdensome despite the size because the non-party was a "former party uniquely positioned to provide relevant discovery and [had] a financial stake in [the] litigation").

[8] *Josephs*, 677 F.2d at 992.

[9] *Rardon v. Falcon Safety Prods., Inc.*, Nos. 23-1594, 23-1596, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023); *see also In re Novo Nordisk Sec. Litig.*, 530 F.Supp.3d 495, 501 (D.N.J. 2021).

[10] Adv. D.I. 723 at 4–6.

[11] *Id.* at 4.

[12] *See Josephs*, 677 F.2d at 992 (conclusory statements of burden are insufficient).

[13] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[14] *E.g.*, *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882–83 (3d Cir. 2002) (courts should consider the "existence and magnitude" of the non-party's expenses); *Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*, No. 15-cv-3800, 2017 WL 5476801, at *4 (D.N.J. Feb. 10, 2017); *see also Mesabi Metallics Co. v. Cleveland-Cliffs, Inc. (In re ESML Holdings Inc.)*, No. 16-11626, Adv. No. 17-51210, 2022 Bankr. LEXIS 1450, at *8 (Bankr. D. Del. May 23, 2022) (the factors are a "tool" for evaluating significance).

5. The Court has considered these factors in light of the facts and circumstances of these proceedings and finds cost-shifting unwarranted. While this litigation is important to the parties and their stakeholders, the Court does not believe it is a matter of public importance. This consideration weighs in favor of cost-shifting. However, FTI was actively involved in managing the Debtors when this litigation was commenced. It possesses unique documents relevant to this litigation and gathered and transferred to the Plaintiff certain of these in advance of anticipated discovery. Critically, it has failed to address whether Patriarch can more readily bear FTI's discovery costs, despite having the burden to do so, and nothing in the record suggest that to be true. The subject document population is close to assembled and any further costs FTI expends in responding to the Subpoena will be offset by the $42 million it earned from the Debtors' estates on the engagement giving rise to its current discovery obligations.

6. Therefore, the Motion is **GRANTED** as set forth herein.

7. FTI is directed to review the approximately 110,000-document review population at issue in the Motion and produce to Patriarch responsive, non-privileged documents.

8. To the extent that certain documents from the 74,000-document hard drive previously delivered by FTI to the Plaintiff have been or are produced to Patriarch, FTI need not re-produce those documents as part of its production from the 110,000-document review population.

9. Nothing in this Order shall be deemed to limit or restrict Patriarch's rights to seek further discovery from FTI, including but not limited to additional documents requested in the Subpoena.

Dated: November 22, 2024
Wilmington, Delaware

Karen B. Owens
United States Bankruptcy Judge